# 14-4323

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, Jason Mack,
William Burrell, and Timothy M. Pratt, on behalf of themselves
and all others similarly situated,

*Plaintiffs-Appellees,*

v.

Cellular Sales of New York, LLC and
Cellular Sales of Knoxville, Inc.,

*Defendants-Appellants.*

_____

*Appeal from the Memorandum-Decision and Order of the
United States District Court for the Northern District of New York
Entered October 21, 2014 in Civil Action No. 13-cv-0738*

_____

## JOINT APPENDIX

_____

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY
C. Larry Carbo, III
Julie R. Offerman
1200 Smith Street, Suite 1400
Houston, TX 77002
(713) 356-1712

HINMAN STRAUB, P.C.
Joseph M. Dougherty
121 State Street
Albany, NY 12207
(518) 436-0751

GLEASON, DUNN, WALSH & O'SHEA
Daniel A. Jacobs, Esq.
Ronald G. Dunn, Esq.
40 Beaver Street
Albany, NY 12207
(518) 432-7511

# TABLE OF CONTENTS

Page No.

U.S. District Court Northern District of New York Civil Docket
Case No. 12-cv-00584 (NAM/RFT)…………………………………...JA-001

U.S. District Court Northern District of New York Civil Docket
Case No. 13-cv-00738 (NAM/RFT)……………………………………...JA-013

Memorandum-Decision and Order of Hon. Norman A. Mordue
Entered 10/21/14……………………………………………………………JA-036

Notice of Appeal dated 11/19/14………………………………………………JA-046

Collective and Class Action Complaint dated 6/24/13…………………….. JA-081

Notice of Motion to Compel Individual Arbitrations of and to
Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims
dated 8/27/13 (*Exhibits omitted)……………………….………....…………..JA-140

Amended Collective and Class Action Complaint dated 9/9/13…………… JA-143

Plaintiffs' Letter Motion dated 9/10/13 (*Exhibit A is omitted)…..……….. JA-203

Defendants' Amended Motion to Compel Arbitrations of and to
Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims
dated 9/23/13……………………………………………………...……………JA-206

    Exhibit A:  Declaration of Luke Fletcher dated 8/26/13…………… JA-209

       Exhibit A-1:  Compensation Schedule for Timothy Pratt…..………JA-211

       Exhibit A-2:  Compensation Schedule for William Burrell………JA-218

       Exhibit A-3:  Non-Exclusive Independent Sales Agreement
              for Timothy Pratt…………………………………...JA-225

       Exhibit A-4:  Non-Exclusive Independent Sales Agreement
              for William Burrell…..…………………………………JA-230

Declaration of Timothy M. Pratt dated 11/29/13..…………………………. JA-239

    Exhibit A:  Timothy Pratt Resume…………………………………….. JA-248

    Exhibit B:  Email entitled "FAQ's for Employee Transition"
                 dated 12/21/11…………………………………………….. JA-250

    Exhibit C:  Email entitled "Big Email concerning Tax Question
                 for 2012! (Please Read)" dated 12/21/11……………… JA-252

    Exhibit D:  Email entitled "Important***" dated 12/24/11………… JA-254

    Exhibit E:  Email entitled "OnBoarding Employee
                 Application Form" dated 12/28/11………………………JA-256

    Exhibit F:  Email entitled "Big Answer!" dated 12/30/11………….. JA-258

    Exhibit G:  Email entitled "Tax Question: 2012" dated 12/30/11….. JA-260

Order of Consolidation of Hon. Norman A. Mordue in Civil Case
No. 12-cv-00738 (NAM/RFT) entered 10/21/14……………………………JA-262

Order of Consolidation of Hon. Norman A. Mordue in Civil Case
No. 12-cv-00584 (NAM/RFT) entered 10/21/14……………………………JA-266

4839-7651-6129, v. 1

APPEAL,LEAD

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [LIVE - Version 6.1]
# (Albany)
# CIVIL DOCKET FOR CASE #: 1:12-cv-00584-NAM-RFT

Holick et al v. Cellular Sales of New York, LLC et al
Assigned to: Senior Judge Norman A. Mordue
Referred to: Magistrate Judge Randolph F. Treece
related Case: 1:12-cv-01754-NAM-RFT
Case in other court: 2nd Circuit, 13-01294
Cause: 29:201 Fair Labor Standards Act

Date Filed: 04/04/2012
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

### Plaintiff

**Jan P. Holick, Jr.**
*on behalf of themselves and all others
similarly situated*

represented by **Daniel A. Jacobs**
Gleason, Dunn Law Firm
40 Beaver Street
Albany, NY 12207
518-432-7511
Fax: 518-432-5221
Email: djacobs@gdwo.net
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
Gleason, Dunn Law Firm
40 Beaver Street
Albany, NY 12207
518-432-7511
Fax: 518-432-5221
Email: rdunn@gdwo.net
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

### Plaintiff

**Steven Moffitt**
*on behalf of themselves and all others
similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

### Plaintiff

**JA-001**

**Justin Moffitt**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gurwinder Singh**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jason Mack**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy M. Pratt**

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Burrell**

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cellular Sales of New York, LLC**

represented by

**JA-002**

**Charles L. Carbo , III**
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email:
Larry.carbo@chamberlainlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph M. Dougherty**
Hinman, Straub Law Firm - Albany
Office
121 State Street
Albany, NY 12207
518-436-0751
Fax: 518-436-4751
Email: jdougherty@hinmanstraub.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan O. Cantrell**
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-2536
Fax: 713-658-2253
Email:
ryan.cantrell@chamberlainlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cellular Sales of Knoxville, Inc.**          represented by **Charles L. Carbo , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph M. Dougherty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan O. Cantrell**

**JA-003**

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2014 | 63 | STIPULATION & ORDER ON PARTIAL STAY OF PROCEEDINGS PENDING APPEAL. Signed by Senior Judge Norman A. Mordue on 12/9/2014. (see) (Entered: 12/10/2014) |
| 12/09/2014 | 62 | Corrected CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 61 Response in Support of Motion (Carbo, Charles) (Entered: 12/09/2014) |
| 12/09/2014 | 61 | REPLY in further Support re 55 Emergency MOTION for Preliminary Injunction *Order to Show Cause For Partial Stay Pending Appeal* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 12/09/2014) |
| 12/09/2014 | 60 | STIPULATION *ON PARTIAL STAY OF PROCEEDINGS PENDING APPEAL* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Offerman, Julie) (Entered: 12/09/2014) |
| 12/05/2014 | 59 | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 58 Response to Motion, (Jacobs, Daniel) (Entered: 12/05/2014) |
| 12/05/2014 | 58 | RESPONSE to Motion re 55 Emergency MOTION for Preliminary Injunction *Order to Show Cause For Partial Stay Pending Appeal* filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Affirmation of Daniel A. Jacobs, Esq.) (Jacobs, Daniel) (Entered: 12/05/2014) |
| 12/01/2014 | 57 | ORDER TO SHOW CAUSE FOR A PARTIAL STAY PENDING APPEAL:Pltfs' Response to Motion, if any, due on or before Friday 12/5/2014. Deft shall file and serve a Reply to Response to Motion, if any, on or before Tuesday 12/8/2014 by 2:00 PM. No oral argument is required; the Court will take this matter on submission. Signed by Senior Judge Norman A. Mordue on 12/1/2014. (see) (Entered: 12/01/2014) |
| 12/01/2014 |  | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 12/1/2014. Appearances: Ronald Dunn, Esq. for Plaintiffs and Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. for Defendants. The Court held a telephone conference to discuss the progression of this matter pending Defendants' request for a Stay. At this time, the Court is not prepared to issue a revised Scheduling Order until Judge Mordue has made a decision regarding Defendants' request for a Stay. The parties are urged to meet and confer with regard to a master Amended Complaint and a possible conditional certification of an additional or expanded |

**JA-004**

| | | |
|---|---|---|
| | | collective action. Plaintiffs shall file a Status Report due by 1/30/2015. (TIME: 10:00AM-10:32AM). (mab) (Entered: 12/01/2014) |
| 12/01/2014 | 56 | TEXT ORDER granting in part and denying in part 52 , the parties' Letter Request, seeking, among other things, an order setting a consolidated scheduling order. Under the current circumstances, setting a revised scheduling order is premature. However, the Court directs the parties to meet and confer regarding a consolidated master amended complaint. If the parties agree on the consolidated master amended complaint, the parties shall file a stipulation to that effect along with the consolidated master amended complaint. Upon the filing of the consolidated master amended complaint, the Defendants shall file their response thereto within twenty-one (21) days thereafter. In the event the parties do not enter into an agreement, the Plaintiffs may file a motion to amend without seeking further court intervention. The Court directs the parties to meet and confer with regard to a possible conditional certification of an additional or expanded collective action. If the parties agree as to the expanded collective action and the corresponding notice to the class, a stipulation to that effect should be filed with the Court. At this juncture, the Court is not prepared to issue a scheduling order while the Defendants' application for a stay of Judge Mordue's arbitration order is pending. Nonetheless, to stay abreast the developments in this action, the Plaintiffs shall file a status report on or about January 30, 2015. Should Judge Mordue deny the Defendants' application for a stay and the Defendants make a subsequent application to the Second Circuit, Defendants shall file a status report with this Court. While applications for a stay are being considered, the Court urges the parties to refrain from further discovery. After receipt of the status reports, the court will convene another telephone conference to consider whether a revised and consolidated scheduling order should be issued. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 12/1/2014. (Treece, Randolph) (Entered: 12/01/2014) |
| 11/26/2014 | 55 | Emergency MOTION for Preliminary Injunction *Order to Show Cause For Partial Stay Pending Appeal* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Affidavit, # 2 Memorandum of Law) (Dougherty, Joseph) (Entered: 11/26/2014) |
| 11/22/2014 | 54 | ORDER: If the Defendants intend to seek a stay while they pursue an appeal, the Court directs that they file such request with Judge Mordue forthwith. A decision regarding the stay impacts all of the other requests made by the parties. See Dkt. No. 52 . SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 11/22/2014. (Treece, Randolph) (Entered: 11/22/2014) |
| 11/21/2014 | 53 | TEXT ORDER: The parties filed a joint Letter Request seeking the issuance of a scheduling order for the consolidated actions. Dkt. No. 52 . The Court takes this request under advisement and sets a Telephone Conference for 12/1/2014 at 10:00 AM before the undersigned. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 12584 to be conneted to the conference call. SO ORDERED. Authorized by Magistrate Judge Randolph F. Treece on 11/21/2014. (mab) (Entered: 11/21/2014) |
| 11/20/2014 | 52 | Letter Motion from Counsel for all parties for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh |

**JA-005**

| | | requesting the issuance of a scheduling order for the consolidated action or in the alternative, a court conference submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 11/20/2014) |
|---|---|---|
| 11/20/2014 | 51 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals, re: 50 Notice of Appeal. (Attachments: # 1 Civil Appeals Packet)(see) (Entered: 11/20/2014) |
| 11/19/2014 | 50 | NOTICE OF APPEAL *of Dkt. No. 131 in Case No. 1:13-cv-00738 (Member Case) Ordered to be Filed in Case No. 1:12-cv-00584 (Lead Case) Pursuant to Dkt. No. 49* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Filing fee $ 505, receipt number 0206-3112569. (Dougherty, Joseph) (Entered: 11/19/2014) |
| 10/21/2014 | 49 | ORDER that this case reopened in accordance with the Second Circuits Mandate vacating the Judgment entered on March 29, 2013 (Dkt. No. 39); in the interest of economy and avoidance of unnecessary duplication of effort and litigation expense, this action 1:12-CV-0584 (NAM/CFH) is hereby consolidated with 1:13-CV-0738 (NAM/RFT). This action, 1:12-CV-0584 (NAM/CFH), is now designated as the lead case and the action subsequently commenced by the pltfs, 1:13-CV-0738 (NAM/RFT), is designated as the member case, pursuant to Rule 42(a) of the Fed. R. Civ. P., solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to later apply to the assigned trial judge for an order consolidated cases for trial. ALL FUTURE FILINGS MUST BE FILED ONLY IN THE LEAD CASE, 1:12-CV-0584 (NAM/CFH). NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE, 1:13-CV-0738 (NAM/RFT); and that in view of the substantial involvement of U.S. Magistrate Judge Randolph Treece in handling discovery matters in the member case, 1:13-CV-0738 the Clerk of the Court is directed to assign lead case, 1:12-CV-0584 (NAM/CFH) to U. S. Magistrate Judge Treece. Signed by Senior Judge Norman A. Mordue on 10/21/2014. (see) (Entered: 10/21/2014) |
| 05/28/2014 | 48 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 47 Memorandum of Law (Carbo, Charles) (Entered: 05/28/2014) |
| 05/28/2014 | 47 | MEMORANDUM OF LAW *REPLY IN FURTHER SUPPORT OF DEFENDANTS' BRIEF ADDRESSING THE IMPACT OF THE SECOND CIRCUIT'S MANDATE* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 05/28/2014) |
| 05/21/2014 | 46 | LETTER BRIEF *addressing the impact of the Second Circuit's mandate [Dkt 43]* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 05/21/2014) |
| 04/30/2014 | 45 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC (Dougherty, Joseph) (Entered: 04/30/2014) |
| 04/30/2014 | 44 | MEMORANDUM OF LAW re 43 Order,,,, *directing the Defendants' to submit a brief addressing the impact of the Second Circuit's mandate (Dkt. 42, Apr. 8,* |

**JA-006**

| | | |
|---|---|---|
| | | *2014)* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Dougherty, Joseph) (Entered: 04/30/2014) |
| 04/17/2014 | 43 | TEXT ORDER - The Court directs the parties to submit briefs addressing the impact of the Second Circuit's mandate (Dkt. No. 42, Apr. 8, 2014), see Holick v. Cellular Sales of New York, LLC, 2014 WL 961083 (2d Cir. Mar. 13, 2014), on defendants' "Motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or, in the alternative, to compel mediation and stay the proceedings pending mediation" (Dkt. No. 8). The briefing schedule is as follows: Defendants' Memorandum of Law shall be filed on or before April 30, 2014; Plaintiffs' Memorandum of Law shall be filed on or before May 21, 2014; and any reply by Defendants shall be filed on or before May 28. 2014. The parties may also, if they so desire, briefly address their positions on the impact of the Second Circuit's mandate on the motions (Dkt. Nos. 10, 18, 27, and 37) dismissed as moot in the Courts Memorandum-Decision and Order (Dkt. No. 38). Endorsed by Senior Judge Norman A. Mordue on 4/17/14. (jlr) (Entered: 04/17/2014) |
| 04/08/2014 | 42 | MANDATE of USCA, issued 4/7/14, as to plaintiffs' 40 Appeal: the appeal is dismissed in part as moot, and to the extent not dismissed, the judgment is VACATED and the case REMANDED.(cbm ) (Entered: 04/08/2014) |
| 04/29/2013 | | USCA Case Number is 13-1294 for pltfs' 40 Appeal. (cbm,\ ) (Entered: 04/29/2013) |
| 04/08/2013 | 41 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals, re: 40 Notice of Appeal. (Attachments: # 1 Civil Appeals Packet) (see) (Entered: 04/08/2013) |
| 04/08/2013 | 40 | NOTICE OF APPEAL as to 38 Order and 39 Judgment by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. Filing fee $ 455, receipt number 0206-2512804. (Dunn, Ronald) (Entered: 04/08/2013) |
| 03/29/2013 | 39 | JUDGMENT granting defts' motion to compel arbitration and dismissing the complaint without prejudice, pursuant to the 38 Memorandum-Decision & Order of the Honorable Norman A. Mordue. (see) (Entered: 03/29/2013) |
| 03/29/2013 | 38 | MEMORANDUM-DECISION & ORDER that defendants motion to dismiss (Dkt. #8) pursuant to Fed. R. Civ. P. 12 (b) (1) for lack of subject matter jurisdiction is DENIED; that defendants alternative motion (Dkt. # 8) to compel arbitration is GRANTED; that the complaint is dismissed without prejudice; that in light of the Courts determination to grant defendants motion to compel arbitration and dismiss the complaint, it is further ORDERED that defendant CSOKIs motion to dismiss for lack of personal jurisdiction (Dkt. #10) is DENIED as moot; that plaintiffs motion for conditional certification of a collective action under the FLSA (Dkt. #27) is DENIED as moot; and that the parties remaining pending motions, Dkts # 18 and #37 are DENIED as moot. Signed by Judge Norman A. Mordue on 3/28/2013. (see) (Entered: 03/29/2013) |
| 12/03/2012 | 37 | Letter Motion from Daniel A. Jacobs for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh |

**JA-007**

| | | |
|---|---|---|
| | | requesting That this Court consider the Consent Order in Bolletino, et al. v. Cellular Sales of Knoxville submitted to Judge Mordue . (Attachments: # 1 Stipulation and Order in Bolletino v. Cellular Sales of Knoxville)(Jacobs, Daniel) (Entered: 12/03/2012) |
| 11/02/2012 | 36 | Letter Motion from Plaintiffs Counsel for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting Seeking consideration of new legal authority submitted to Judge Mordue . (Attachments: # 1 Newbanks and Walton v. Cellular Sales of Knoxville, et al. (3:12-1420-CMC) Order Granting Plaintiffs' Request for Jurisdictional Discovery)(Jacobs, Daniel) (Entered: 11/02/2012) |
| 11/02/2012 | 35 | Letter Motion from Plaintiffs for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting Seeking Consideration of new legal authority in pending motion to dismiss submitted to Judge Mordue . (Attachments: # 1 Newbanks and Walton v. Cellular Sales of Knoxville, et al.; Order Granting Motion to Amend Complaint and Denying Motion to Compel Arbitration)(Jacobs, Daniel) (Entered: 11/02/2012) |
| 10/10/2012 | 34 | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 33 Reply to Response to Motion, (Jacobs, Daniel) (Entered: 10/10/2012) |
| 10/09/2012 | 33 | REPLY to Response to Motion re 27 MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Appendix A to Reply Brief, # 2 Affirmation with Exhibit AA)(Jacobs, Daniel) (Entered: 10/09/2012) |
| 10/09/2012 | | TEXT ORDER granting the 32 Letter Motion from Daniel A. Jacobs, Esq. for plaintiffs requesting Leave purusant to Local Rule 7.1(b)(2) to submit a Reply in Response to Defendants' Opposition to previously filed Motion. The reply shall be filed 10/9/12 and shall be no longer than 10 pages in length. Signed by Judge Norman A. Mordue on 10/9/12. (jlr) (Entered: 10/09/2012) |
| 10/02/2012 | 32 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting Leave purusant to Local Rule 7.1(b)(2) to submit a Reply in Response to Defendants' Opposition to previously filed Motion submitted to Judge Mordue . (Jacobs, Daniel) (Entered: 10/02/2012) |
| 10/01/2012 | 31 | MEMORANDUM OF LAW re 27 Motion for Miscellaneous/Other Relief,,,, filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Unpublished Case, # 10 Unpublished Case, # 11 Unpublished Case, # 12 Unpublished Case, # 13 Unpublished Case, # 14 Unpublished Case, # 15 Unpublished Case, # 16 Unpublished Case, # 17 Unpublished Case)(Carbo, Charles) (Entered: 10/01/2012) |
| 09/07/2012 | | |

| | | |
|---|---|---|
| | | Reset Response to motion Deadline as to Pltf's <u>27</u> MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling . Deft's Response to Motion is now due by 10/1/2012. (sfp, ) (Entered: 09/07/2012) |
| 09/07/2012 · | <u>30</u> | REQUEST AND ORDER granting <u>28</u> Letter Request for extension of time to 10/1/12 for deft's to file their reponse to pltf's <u>27</u> Motion. Signed by Judge Norman A. Mordue on 9/7/12. (sfp, ) (Entered: 09/07/2012) |
| 09/04/2012 | <u>29</u> | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Christian F. Hummel for all further proceedings. Magistrate Judge David R. Homer no longer assigned to case. Signed by Chief Judge Gary L. Sharpe on 9/4/2012. (dpk) (Entered: 09/05/2012) |
| 08/27/2012 | | CLERK'S CORRECTION OF DOCKET ENTRY: Document <u>28</u> was modified to correctly reflect it is a Letter Request/Motion for an Extension of Time. Document was incorrectly filed as a formal motion. (amt) (Entered: 08/27/2012) |
| 08/27/2012 | <u>28</u> | LETTER REQUEST/MOTION for Extension of Time to File Response/Reply as to <u>27</u> MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to David R. Homer. (Dougherty, Joseph) Modified on 8/27/2012 (amt). (Entered: 08/27/2012) |
| 08/24/2012 | <u>27</u> | MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling Motion Hearing set for 10/3/2012 10:00 AM in Syracuse before Judge Norman A. Mordue Response to Motion due by 9/17/2012 filed by Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh. (Attachments: # <u>1</u> Affirmation of Daniel A. Jacobs, Esq. in Support of Motion, # <u>2</u> Exhibit(s) AA to Jacobs Affirmation, # <u>3</u> Exhibit(s) BB to Jacobs Affirmation, # <u>4</u> Exhibit(s) CC to Jacobs Affirmation, # <u>5</u> Exhibit(s) DD to Jacobs Affirmation, # <u>6</u> Declaration of Jan P. Holick, Jr. in Support of Motion, # <u>7</u> Exhibit(s) A-D to Holick Declaration, # <u>8</u> Exhibit(s) E-H to Holick Declaration, # <u>9</u> Declaration of Steven Moffitt in Support of Motion, # <u>10</u> Declaration of Justin Moffitt in Support of Motion, # <u>11</u> Declaration of Gurwinder Singh in Support of Motion, # <u>12</u> Declaration of Timothy M. Pratt in Support of Motion, # <u>13</u> Declaration of William Burrell in Support of Motion, # <u>14</u> Memorandum of Law in Support of Motion, # <u>15</u> Appendix to Memorandum of Law, # <u>16</u> Certificate of Service) Motions referred to David R. Homer. (Jacobs, Daniel) (Entered: 08/24/2012) |
| 08/23/2012 | <u>26</u> | NOTICE by William Burrell *Consent to Sue under FLSA* (Jacobs, Daniel) (Entered: 08/23/2012) |
| 08/21/2012 | <u>25</u> | NOTICE by Timothy M. Pratt *Consent to Sue under FLSA* (Jacobs, Daniel) (Entered: 08/21/2012) |
| 08/01/2012 | <u>24</u> | ORDER re Telephone Conference. ORDERED that plaintiffs' various requests for relief are DENIED except that it is noted that plaintiffs may move for provisional class certification whenever they deem it appropriate and such motion shall proceed before the assigned district court judge according to the normal motion practice in this District. (Motions terminated: <u>21</u> Letter Motion) |

**JA-009**

| | | |
|---|---|---|
| | | Signed by Magistrate Judge David R. Homer on 7/31/2012. (dpk) (Entered: 08/01/2012) |
| 07/30/2012 | | Minute Entry for proceedings held re 21 and 22 with Magistrate Judge David R. Homer. A telephone conference was held on-the-record on 7/30/2012. Appearances: Daniel Jacobs, Joseph Doherty, Charles Carbo. Arguments were heard. Plaintiffs' various requests were denied except plaintiffs were granted leave to file motion for provisionsl class certification. A written order will enter. (Court Reporter Theresa Casal) (CRD Lynda Hennessy) (lah, ) (Entered: 08/01/2012) |
| 07/26/2012 | 23 | ORDER granting 19 Motion for Limited Admission Pro Hac Vice. Signed by Magistrate Judge David R. Homer on 7/20/2012. (dpk) (Entered: 07/26/2012) |
| 07/23/2012 | | TEXT NOTICE re 21 and 22 . A Telephone Conference is set for 7/30/2012 at 11:00 AM with Magistrate Judge David R. Homer. Please use the Court's DIAL-IN # 1-888-684-8852 ACCESS CODE 4750370 SECURITY CODE 1234. (lah, ) (Entered: 07/23/2012) |
| 07/20/2012 | 22 | RESPONSE TO LETTER BRIEF filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC as to 21 Letter Request/Motion, filed by Jan P. Holick, Jr., Jason Mack, Gurwinder Singh, Justin Moffitt, Steven Moffitt . (Carbo, Charles) (Entered: 07/20/2012) |
| 07/20/2012 | 21 | Letter Motion from Daniel A. Jacobs, Esq. for Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh requesting Reconsideration of Adjournment of Rule 16 Conference submitted to Judge Homer . (Jacobs, Daniel) (Entered: 07/20/2012) |
| 07/20/2012 | | TEXT ORDER re 20 Letter Request. The Rule 16 Conference previously set for 8/15/2012 at 10:00 a.m. is ADJOURNED WITHOUT DATE pending decision on the dispositive motion before the District Court. Authorized by Magistrate Judge David R. Homer on 7/20/12. (lah, ) (Entered: 07/20/2012) |
| 07/19/2012 | 20 | Letter Motion from C. Larry Carbo III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting that the Rule 16 conference, Rule 26 conference, and filing of Case Management Plan be adjourned unil the pending motions are decided . (Carbo, Charles) (Entered: 07/19/2012) |
| 07/19/2012 | 19 | MOTION for Limited Admission Pro Hac Vice of Ryan Oliver Cantrell Filing fee $100, receipt number 0206-2257140. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to David R. Homer. (Dougherty, Joseph) (Entered: 07/19/2012) |
| 07/16/2012 | 18 | Letter Motion for Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh requesting review of objections to Defendant's additional Reply Brief submitted to Judge Mordue . (Dunn, Ronald) (Entered: 07/16/2012) |
| 07/16/2012 | | TEXT NOTICE - The 10 MOTION to Dismiss for Lack of Personal Jurisdiction is returnable on 7/18/2012 before Judge Norman A. Mordue. The motion is fully briefed. The motion is on submit. NO appearances. (jlr) (Entered: 07/16/2012) |
| 07/12/2012 | 17 | REPLY to Response to Motion re 10 MOTION to Dismiss for Lack of Personal Jurisdiction *Defendant's Objections to Evidence Submitted by Plaintiffs in* |

**JA-010**

| | | |
|---|---|---|
| | | *Support of Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss* filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Proposed Order/Judgment)(Carbo, Charles) (Entered: 07/12/2012) |
| 07/12/2012 | 16 | REPLY to Response to Motion re 8 MOTION to Dismiss for Lack of Subject Matter Jurisdiction *Pursuant to Rule 12(b)(1), or, in the Alternative, to Compel Mediation and Stay the Proceedings Pending Mediation* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit (s) Unpublished Cases)(Carbo, Charles) (Entered: 07/12/2012) |
| 07/12/2012 | 15 | REPLY to Response to Motion re 10 MOTION to Dismiss for Lack of Personal Jurisdiction filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Exhibit (s) A, # 2 Exhibit(s) Unpublished Cases)(Carbo, Charles) (Entered: 07/12/2012) |
| 07/05/2012 | 14 | ORDER granting 13 Letter Request: extending time to 7/12/12 for defts to file Reply to Response to 8 and 10 motions to dismiss. Signed by Judge Norman A. Mordue on 7/5/12. (cbm ) (Entered: 07/05/2012) |
| 07/03/2012 | 13 | *Unopposed* Letter Motion from C. Larry Carbo III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Extension for Defendants' Reply to Motion to Dismiss submitted to Judge Norman A. Mordue . (Carbo, Charles) (Entered: 07/03/2012) |
| 06/29/2012 | 12 | MEMORANDUM OF LAW re 8 Motion to Dismiss/Lack of Subject Matter Jurisdiction,, 10 Motion to Dismiss/Lack of Personal Jurisdiction, *In Opposition to Motions to Dismiss* filed by Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh. (Attachments: # 1 Affidavit Holick, # 2 Affirmation Dunn, # 3 Exhibit(s) Exhibit EE to Dunn Affirmation)(Dunn, Ronald) (Entered: 06/29/2012) |
| 06/12/2012 | 11 | Exhibits (Case Law) to 8 Motion to Dismiss for Lack of Subject Matter Jurisdiction *Pursuant to Rule 12(b)(1), or, in the Alternative, to Compel Mediation and Stay the Proceedings Pending Mediation* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *Unpublished Case Law 1 of 3* (Attachments: # 1 Exhibit(s) Case Law 2 of 2, # 2 Exhibit(s) Case Law 2 of 3) (Carbo, Charles) Modified on 6/13/2012 to correctly identify document. (mnm). (Entered: 06/12/2012) |
| 06/08/2012 | 10 | MOTION to Dismiss for Lack of Personal Jurisdiction Motion Hearing set for 7/16/2012 01:00 PM in Albany before Judge Norman A. Mordue Response to Motion due by 6/29/2012 Reply to Response to Motion due by 7/5/2012. filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit (s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) Case Law) (Carbo, Charles) (Entered: 06/08/2012) |
| 06/08/2012 | 9 | NOTICE by Cellular Sales of Knoxville, Inc. *of Motion* (Carbo, Charles) (Entered: 06/08/2012) |
| 06/08/2012 | 8 | MOTION to Dismiss for Lack of Subject Matter Jurisdiction *Pursuant to Rule 12(b)(1), or, in the Alternative, to Compel Mediation and Stay the Proceedings Pending Mediation* Motion Hearing set for 7/16/2012 01:00 PM in Albany before Judge Norman A. Mordue Response to Motion due by 6/29/2012 Reply |

**JA-011**

| | | |
|---|---|---|
| | | to Response to Motion due by 7/5/2012. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F) (Carbo, Charles) (Entered: 06/08/2012) |
| 06/08/2012 | 7 | NOTICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *of Motion* (Carbo, Charles) (Entered: 06/08/2012) |
| 05/29/2012 | 6 | ORDER granting 5 Motion for Limited Admission Pro Hac Vice for Cahrles Larry Carbo, III. Signed by Magistrate Judge David R. Homer on 5/25/12. (tab) (Entered: 05/29/2012) |
| 05/25/2012 | 5 | MOTION for Limited Admission Pro Hac Vice of Charles Larry Carbo, III Filing fee $100, receipt number 0206-2203095. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to David R. Homer. (Dougherty, Joseph) (Entered: 05/25/2012) |
| 04/19/2012 | 4 | WAIVER OF SERVICE Returned Executed by Steven Moffitt, Jan P. Holick, Jr, Justin Moffitt, Gurwinder Singh, Jason Mack. All Defendants. (Jacobs, Daniel) (Entered: 04/19/2012) |
| 04/05/2012 | 3 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 8/15/2012 10:00 AM in Albany before Magistrate Judge David R. Homer. Civil Case Management Plan due by 8/1/2012. (see) (Entered: 04/05/2012) |
| 04/05/2012 | 2 | Summonses Issued as to Cellular Sales of Knoxville, Inc. and Cellular Sales of New York, LLC. (Attachments: # 1 Summons for Cellular Sales of New York, LLC)(see) (Entered: 04/05/2012) |
| 04/04/2012 | 1 | COLLECTIVE AND CLASS ACTION COMPLAINT with Jury Demand against Cellular Sales of Knoxville, Inc., and Cellular Sales of New York, LLC (Filing fee $350 receipt number 0206-2153632) filed by Steven Moffitt, Jan P. Holick, Jr, Justin Moffitt, Gurwinder Singh, and Jason Mack. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Civil Cover Sheet)(see) (Entered: 04/05/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/22/2015 13:19:50 | | | |
| **PACER Login:** | hspc12207:2563201:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-00584-NAM-RFT |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

MEMBER

# U.S. District Court
## Northern District of New York - Main Office (Syracuse) [LIVE - Version 6.1]
## (Albany)
## CIVIL DOCKET FOR CASE #: 1:13-cv-00738-NAM-RFT

Holick et al v. Cellular Sales of New York, LLC et al
Assigned to: Senior Judge Norman A. Mordue
Referred to: Magistrate Judge Randolph F. Treece
Lead case: 1:12-cv-00584-NAM-RFT
Member case: (View Member Case)
Cause: 29:201 Denial of Overtime Compensation

Date Filed: 06/24/2013
Jury Demand: None
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**

**Jan P. Holick, Jr.**  represented by  **Daniel A. Jacobs**
Gleason, Dunn Law Firm
40 Beaver Street
Albany, NY 12207
518-432-7511
Fax: 518-432-5221
Email: djacobs@gdwo.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
Gleason, Dunn Law Firm
40 Beaver Street
Albany, NY 12207
518-432-7511
Fax: 518-432-5221
Email: rdunn@gdwo.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steven Moffitt**  represented by  **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JA-013**

**Justin Moffitt**                    represented by  **Daniel A. Jacobs**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Ronald G. Dunn**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gurwinder Singh**                   represented by  **Daniel A. Jacobs**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Ronald G. Dunn**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jason Mack**                        represented by  **Daniel A. Jacobs**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Ronald G. Dunn**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Burrell**                   represented by  **Daniel A. Jacobs**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Ronald G. Dunn**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy M. Pratt**                  represented by  **Daniel A. Jacobs**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**JA-014**

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cellular Sales of New York, LLC**                    represented by   **Charles L. Carbo , III**
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email:
Larry.carbo@chamberlainlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie R. Offerman**
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email:
julie.offerman@chamberlainlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph M. Dougherty**
Hinman, Straub Law Firm - Albany
Office
121 State Street
Albany, NY 12207
518-436-0751
Fax: 518-436-4751
Email: jdougherty@hinmanstraub.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cellular Sales of Knoxville, Inc.**                   represented by   **Charles L. Carbo , III**
(See above for address)
*LEAD ATTORNEY*

**JA-015**

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie R. Offerman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph M. Dougherty**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2014 | 132 | ORDER. It is ORDERED that in the interests of economy and avoidance of unnecessary duplication of effort and litigation expense, this action is hereby consolidated with 1:12-cv-584. This action is now designated as the member case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to later apply to the assigned trial judge for an order consolidating the cases for trial. All future filings must be filed ONLY in the LEAD case, 1:12-cv-584. NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE. Signed by Senior Judge Norman A. Mordue on 10/21/2014. (dpk) (Entered: 10/22/2014) |
| 10/21/2014 | 131 | ORDER denying the 27 Motion to Compel arbitration. Signed by Senior Judge Norman A. Mordue on 10/21/14. (jlr) (Entered: 10/21/2014) |
| 09/30/2014 | 130 | ORDER denying the 65 Appeal of Magistrate Judge Decision to District Court. The order (Dkt. No. 62) of United States Magistrate Judge Randolph F.Treece is affirmed. Signed by Senior Judge Norman A. Mordue on 9/30/14. (jlr) (Entered: 09/30/2014) |
| 09/24/2014 | 129 | DISCOVERY ORDER. Signed by Magistrate Judge Randolph F. Treece on 9/24/2014. (dpk) (Entered: 09/24/2014) |
| 09/02/2014 | 128 | LETTER BRIEF by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 09/02/2014) |
| 08/29/2014 | | TEXT NOTICE: In light of the fact that 9/1/2014 is a holiday and the Court is closed, the deadline for Defendants to file a Response to Plaintiffs' Letter Brief with regard to the reclassification issue is reset to 9/2/2014. (mab) (Entered: 08/29/2014) |
| 07/31/2014 | 127 | LETTER BRIEF *pursuant to the Court's July 18, 2014 Order [Dkt. 125 at p. 2]* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 07/31/2014) |
| 07/22/2014 | | |

**JA-016**

| | | |
|---|---|---|
| | | TEXT NOTICE: On July 18, 2014, the Court held a conference with the parties regarding various discovery issues. The Court directed further briefing with regard to the reclassification issue. Plaintiff shall file a Letter Brief by 7/31/2014. Defendants shall file a Response to Letter Brief by 9/1/2014. (mab) (Entered: 07/22/2014) |
| 07/22/2014 | 126 | UNIFORM PRETRIAL SCHEDULING ORDER: Discovery due by 4/30/2015. Motions to be filed by 7/30/2015. This matter has been OPTED OUT of the Court's Mandatory Mediation Program. Trial Ready Deadline is 9/14/2015. Bench Trial set for 10/19/2015 at 9:30 AM in Syracuse, NY before Senior Judge Norman A. Mordue. Status Reports due by 11/20/2014 and 2/27/2015. Signed by Magistrate Judge Randolph F. Treece on 7/22/2014. (mab) (Entered: 07/22/2014) |
| 07/18/2014 | 125 | ORDER re Telephone Conference. Discovery due by 4/30/2015. Motions to be filed by 7/30/2015. Signed by Magistrate Judge Randolph F. Treece on 7/18/2014. (dpk) (Entered: 07/18/2014) |
| 07/17/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 7/17/2014. Appearances: Daniel Jacobs, Esq. for Plaintiffs and Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. for Defendants. The Court lifts the STAY on discovery that was previously issued in this matter. Deadlines are set for discovery and for the filing of dispositive motions. The parties discuss several discovery issues that have been raised. After hearing from all counsel, the Court makes various rulings as to those issues on the record. The Court will issue an Order setting forth those rulings and a Uniform Pretrial Scheduling Order. (Court Reporter: Lisa Tennyson) (TIME: 2:30PM - 3:10PM). (mab) (Entered: 07/17/2014) |
| 07/11/2014 | | TEXT NOTICE: A Telephone Conference in this matter is set for 7/17/2014 at 2:30 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 13738 to be connected to the conference call. (mab) (Entered: 07/11/2014) |
| 07/10/2014 | 124 | LETTER BRIEF *providing requested times for conference* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 07/10/2014) |
| 07/10/2014 | 123 | LETTER BRIEF *pursuant to text order [Dkt. 122]* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 07/10/2014) |
| 07/09/2014 | 122 | ORDER granting 119 , Defendants' Letter Request, to the extent it seeks a telephone conference. The parties shall file the dates and times that they may be available for a telephone conference during the week ending July 18, 2014. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 7/9/2014. (Treece, Randolph) (Entered: 07/09/2014) |
| 07/09/2014 | 121 | RESPONSE TO LETTER BRIEF filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh as to 119 Letter Request/Motion filed by Cellular Sales of New York, LLC, Cellular Sales of Knoxville, Inc. . (Jacobs, Daniel) (Entered: 07/09/2014) |
| | | |

| 07/07/2014 | 120 | TEXT ORDER: On July 7, 2014, Defendants filed a Letter Request seeking clarification from the Court as to whether discovery continues to be stayed in this matter. Dkt. No. 119 . The Court is taking this request under advisement. Plaintiffs are directed to file a response to Defendants' submission by July 9, 2014. SO ORDERED. Authorized by Magistrate Judge Randolph F. Treece on 7/7/2014. (mab) (Entered: 07/07/2014) |
| --- | --- | --- |
| 07/07/2014 | 119 | Letter Motion from Defendants for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Clarification submitted to Judge Randolph F. Treece . (Carbo, Charles) (Entered: 07/07/2014) |
| 05/23/2014 | 118 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 76 Order,, *joint proposed litigation plan* (Jacobs, Daniel) (Entered: 05/23/2014) |
| 05/23/2014 | 117 | ORDER granting 114 , Plaintiffs' Letter Request, seeking permission for Mr. Holar to interpose his FLSA claim in this action. Mr. Holar's is filing his Consent Form after the return date. Because Defendants do not oppose the filing of Holar's belated Consent Form, said application is granted. However, the Court is not prepared, at this time, to grant blanket permission to all other prospective opt-in plaintiff who are filing their Consent Forms after the return date. Each will have to be considered on their own merit. IT IS SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 5/23/2014. (Treece, Randolph) (Entered: 05/23/2014) |
| 05/21/2014 | 116 | RESPONSE to Motion re 114 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting approval of the late filing of the Consent Form of Richard Hollar, II filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Dougherty, Joseph) (Entered: 05/21/2014) |
| 05/19/2014 | 115 | TEXT ORDER re 114 Plaintiffs' Letter Motion requesting approval of the late filing of the Consent Form of Richard Hollar. The Court is taking this request under advisement. Defendants are directed to respond to Plaintiffs' Letter Motion by 5/21/2014. SO ORDERED. Authorized by Magistrate Judge Randolph F. Treece on 5/19/2014. (mab) (Entered: 05/19/2014) |
| 05/16/2014 | 114 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting approval of the late filing of the Consent Form of Richard Hollar, II submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 05/16/2014) |
| 05/15/2014 | 113 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Richard Hollar II* (Jacobs, Daniel) (Entered: 05/15/2014) |
| 05/12/2014 | 112 | TEXT ORDER re the parties' 111 Letter Request for an extension of time to submit a joint proposed litigation plan for the next phase of this litigation as directed by the Stipulation so-ordered by the Court on February 18, 2014. (Dkts. 74 and 76). The request is GRANTED. The parties have until May 23, 2014 to submit the joint proposed litigation plan to the Court. SO ORDERED. |

**JA-018**

| | | Authorized by Magistrate Judge Randolph F. Treece on 5/12/2014. (mab) (Entered: 05/12/2014) |
|---|---|---|
| 05/12/2014 | 111 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the date for the parties to submit to the court a joint proposed litigation plan for the next phase of litigation submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 05/12/2014) |
| 05/05/2014 | 110 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by John E. Jones* (Jacobs, Daniel) (Entered: 05/05/2014) |
| 04/23/2014 | 109 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Kayla Persaud* (Jacobs, Daniel) (Entered: 04/23/2014) |
| 04/17/2014 | 108 | ORDER deferring ruling on 102 , Plaintiffs' Letter Request, seeking a conference to address consolidating this action with Case No. 12-cv-584. Plaintiffs seek to consolidate these two cases on the proposition that they are related and arise out of the same facts and circumstances. Defendants oppose the consolidation on several grounds, including that making such a determination now while the Second Circuit Mandate is being reviewed by Judge Mordue, is premature. Recently, the Second Circuit issued a Mandate dismissing in part Plaintiffs' appeal of Judge Mordue's decision and, "to the extent not dismissed, the judgment is VACATED and the case is REMANDED." The parties disagree as to what the Mandate and the Remand actually means. This Court, as well as Judge Mordue, concur with Defendants' view that Judge Mordue's decision was not reversed but remanded for further proceedings. On April 16, 2014, Judge Mordue issued a Text Order directing the parties to submit briefs addressing the impact of the Second Circuit's Mandate, especially with regard to the Defendants' Motion to Dismiss for lack of subject matter jurisdiction. See Case No. 12-CV-584, Dkt. No. 46. Because Defendants' Motion to Dismiss remains outstanding, any conference regarding consolidation of these actions is premature. Accordingly, the Court reserves addressing this issue until Defendants' Motion is ultimately decided by Judge Mordue. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 4/17/2014. (Treece, Randolph) (Entered: 04/17/2014) |
| 04/14/2014 | 107 | RESPONSE to Motion re 105 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of new case authority in support of Plaintiffs' Opp filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Dougherty, Joseph) (Entered: 04/14/2014) |
| 04/11/2014 | 106 | RESPONSE to Motion re 102 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a Court conference pursuant to Local Rule 7.1(b)(2) submitted to Judg filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) A) (Offerman, Julie) (Entered: 04/11/2014) |

**JA-019**

| | | |
|---|---|---|
| 04/11/2014 | <u>105</u> | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of new case authority in support of Plaintiffs' Opposition [Dkt 40] to Defendants' Motions [Dkt 25] and [Dkt 27] submitted to Judge Norman A. Mordue . (Jacobs, Daniel) (Entered: 04/11/2014) |
| 04/07/2014 | 104 | TEXT ORDER re <u>102</u> Plaintiffs' Letter Motion requesting a Court conference pursuant to Local Rule 7.1(b)(2). The Court is taking this request under advisement. Defendants are directed to file a response to Plaintiffs' Letter Motion by 4/11/2014. SO ORDERED. Authorized by Magistrate Judge Randolph F. Treece on 4/7/2014. (mab) (Entered: 04/07/2014) |
| 04/07/2014 | <u>103</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Britney Ross* (Jacobs, Daniel) (Entered: 04/07/2014) |
| 04/07/2014 | <u>102</u> | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a Court conference pursuant to Local Rule 7.1(b)(2) submitted to Judge Randolph F. Treece, U.S. Magistrate Judge . (Attachments: # <u>1</u> Exhibit(s) A, # <u>2</u> Exhibit(s) B, # <u>3</u> Exhibit(s) C)(Jacobs, Daniel) (Entered: 04/07/2014) |
| 04/07/2014 | <u>101</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Christopher Westfall* (Jacobs, Daniel) (Entered: 04/07/2014) |
| 04/02/2014 | <u>100</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Adam Miller* (Jacobs, Daniel) (Entered: 04/02/2014) |
| 03/25/2014 | <u>99</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Drake Hewitt* (Jacobs, Daniel) (Entered: 03/25/2014) |
| 03/24/2014 | <u>98</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Jaquennette Harris* (Jacobs, Daniel) (Entered: 03/24/2014) |
| 03/24/2014 | <u>97</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Kyle Degon* (Jacobs, Daniel) (Entered: 03/24/2014) |
| 03/24/2014 | 96 | CLARIFICATION ORDER: After a telephone conference held on February 26, 2014, the Court issued a Text Order summarizing the rulings made during the conference. Dkt. No. 83 . Regarding avoiding unregulated solicitation of potential opt-in plaintiffs, and should a notice of the collective action be returned undelivered, the Court wrote that Plaintiffs shall contact Defendants to secure better contact information. If Defendants are unable to provide better and suitable contact information, Plaintiffs may employ their independent investigative measures to secure better and suitable contact information. Should the latter occur, Plaintiffs may mail the Notice to the last known and suitable address. Id. Apparently, an issue has ensued as to what may be the |

**JA-020**

| | | probable parameters of independent investigative measures. Plaintiffs submit that their investigative measures could include a telephone call for the sole purpose of getting an updated address. Dkt. No. <u>93</u> . Conversely, Defendants take the view that any telephone calls in order to obtain updated addresses is improper. Dkt. No. <u>94</u> . In order to put this issue to rest, if the Plaintiffs independent investigative measures only produces a telephone number, Plaintiffs may call the potential opt-in plaintiff in order to obtain only an updated address to forward the Notice. Plaintiffs shall not discuss the substance of the court-supervised collective notice and will affirmatively state, if necessary, that they cannot speak with the potential plaintiff regarding the lawsuit until the potential plaintiff has received the Notice, and then may contract Plaintiffs with any inquiries relative to the lawsuit. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 3/24/2014. (Treece, Randolph) (Entered: 03/24/2014) |
|---|---|---|
| 03/21/2014 | <u>95</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Marisa A. Morabito* (Jacobs, Daniel) (Entered: 03/21/2014) |
| 03/20/2014 | <u>94</u> | RESPONSE to Motion re <u>93</u> Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference and/or clarification on the scope of "their in *dependent investigative measures"* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # <u>1</u> Transcript February 26, 2014)(Dougherty, Joseph) (Entered: 03/20/2014) |
| 03/20/2014 | <u>93</u> | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference and/or clarification on the scope of "their independent investigative measures" as permitted under the February 26, 2014 Order submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 03/20/2014) |
| 03/19/2014 | <u>92</u> | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Douglas R. Camp* (Jacobs, Daniel) (Entered: 03/19/2014) |
| 03/18/2014 | <u>91</u> | TRANSCRIPT of Proceedings: Telephone Conference held on February 26, 2014 before Magistrate Judge Randolph F. Treece, Court Reporter: Theresa J. Casal, Telephone number: 518.257.1897. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. |

| | | |
|---|---|---|
| | | After that date it may be obtained through PACER. Redaction Request due 4/8/2014. Redacted Transcript Deadline set for 4/18/2014. Release of Transcript Restriction set for 6/16/2014. Notice of Intent to Redact due by 3/24/2014 (tjc, ) (Entered: 03/18/2014) |
| 03/18/2014 | | TRANSCRIPT REQUEST (EXPEDITED) by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC for proceedings held on February 26, 2014 before Judge Randolph F. Treece.. (tjc, ) (Entered: 03/18/2014) |
| 03/18/2014 | 90 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Julie C. Miller* (Jacobs, Daniel) (Entered: 03/18/2014) |
| 03/14/2014 | 89 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Brandon Moores* (Jacobs, Daniel) (Entered: 03/14/2014) |
| 03/13/2014 | 88 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Charlene Noel* (Jacobs, Daniel) (Entered: 03/13/2014) |
| 03/11/2014 | 87 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Christopher Dursley* (Jacobs, Daniel) (Entered: 03/11/2014) |
| 03/07/2014 | 86 | STATUS REPORT *regarding mailing of Court Supervised Notice* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Exhibit(s) A)(Jacobs, Daniel) (Entered: 03/07/2014) |
| 03/06/2014 | 85 | ORDER re 84 the parties' Letter Request to modify this Court's Order dated February 26, 2014 with regard to the temporal scope of the court-supervised notice to putative collective action members who did not sign arbitration agreements. The request is GRANTED. The Order is modified in that the temporal scope of the notice shall be from June 24, 2010 up to and through December 31, 2011. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 3/5/2014. (mab) (Entered: 03/06/2014) |
| 03/05/2014 | 84 | Letter Motion from Attorney for Defendants, C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting to Modify Order for Class Notice submitted to Judge Randolph F. Treece . (Carbo, Charles) (Entered: 03/05/2014) |
| 02/26/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 2/27/2014. Appearances: Daniel Jacobs, Esq., Ronald Dunn, Esq., Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. The Court held a telephone conference to discuss the disagreements in the proposed Stipulation and Order regarding conditional certification pursuant to FSLA that was presented to the Court. After hearing from all parties, the Court made various rulings as to those disagreements. The Court noted the parties' respective objections. Since the Court ruled on the disagreements, the Court so ordered the Stipulation. (Court Reporter: Theresa Casal). (mab) (Entered: 02/27/2014) |

| 02/26/2014 | 83 | TEXT ORDER: On February 14, 2014, the parties presented to the Court a Stipulation and Order regarding a conditional certification pursuant to FLSA section 216(b). See Dkt. No. 74 . Although the parties have entered into a Stipulation, the parties disagreed as to four features which would be relevant to the Notice of Collective Action Lawsuit. See Dkt. No. 74 at paragraph 3 ("In light of the defendants' agreement to conditional certification..., only a few issues remain for the court's determination with respect to the... content and distribution of the Notice of Collective Action Lawsuit."). The Court issued a Text Order directing the parties to further brief their respective positions regarding their differences over the Notice. Dkt. No. 76 . Pursuant to that Text Order, both parties filed Legal-Briefs on February 24, 2014. See Dkt. Nos. 81 , Pls.' Lt.-Br., 82 , Defs.' Lt.-Br. On February 26, 2014, a telephonic Hearing was held on the record. During the Hearing, the parties made further arguments and responded to the Court's inquiries. Further, the Court made several Rulings on the record regarding what should be included or omitted from the Notice, which are incorporated by reference into this Text Order and summarized as follows: (1) the temporal scope of this Notice shall be three years running from June 24, 2010 to June 24, 2013; (2) the potential opt-in plaintiffs shall not be advised of the pending state claims, only the FLSA claim; (3) the potential opt-in plaintiffs shall not be advised of their potential liability for costs or that Defendants may file counterclaims; and (4) to avoid unregulated solicitation of potential opt-in plaintiffs, should a Notice be returned undelivered, Plaintiffs shall contact Defendants to secure better contact information. If Defendants are unable to provide better and suitable contact information, Plaintiffs may employ their independent investigative measures to secure better and suitable information. Should the latter occur, Plaintiffs may mail the Notice to the last known and suitable address. However, should a potential opt-in plaintiff contact Plaintiffs' Counsel directly, Counsel has the right to discuss with that inquiring party the nature of the lawsuit and the related claims. The Court notes the parties' respective objections to the above Rulings. Now that the Court has ruled on the parties' differences, the Court so orders the Stipulation. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 2/26/2014. (Treece, Randolph) (Entered: 02/26/2014) |
| 02/26/2014 | | TEXT NOTICE: The Telephone Conference set for 2/26/2014 is RESCHEDULED as to TIME ONLY. The telephone conference will now be held on 2/26/2014 at 3:30 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference. You may be prompted to announce your name. (mab) (Entered: 02/26/2014) |
| 02/24/2014 | 82 | LETTER BRIEF *submitted pursuant to the Court's February 18, 2014 Order to brief the Court on Defendants' position in relation to the parties' identified differences in Paragraph 3 of their signed Stipulation* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit (s) A)(Carbo, Charles) (Entered: 02/24/2014) |
| 02/24/2014 | 81 | LETTER BRIEF *submitted pursuant to the Court's February 18, 2014 Order to brief the Court on Plaintiff's position in relation to the parties identified differences in Paragraph 3 of their signed Stipulation [Dkt. 76]* by William |

| | | |
|---|---|---|
| | | Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Jacobs, Daniel) (Entered: 02/24/2014) |
| 02/19/2014 | | TEXT NOTICE: A Telephone Conference is set for 2/26/2014 at 3:00 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference. You may be prompted to announce your name. (mab) (Entered: 02/19/2014) |
| 02/18/2014 | 80 | Letter Brief from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting Pursuant to text order issued (Dkt 76) stating plaintiffs' counsel availability for a telephonic court conference submitted to Judge Randolph F. Treece . (Jacobs, Daniel) Modified on 2/19/2014 (jlr). Changed from letter motion to letter brief. (Entered: 02/18/2014) |
| 02/18/2014 | 79 | LETTER BRIEF *Regarding Availability for TeleConference* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 02/18/2014) |
| 02/18/2014 | 78 | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 77 Response to Appeal of Magistrate Judge Decision (Jacobs, Daniel) (Entered: 02/18/2014) |
| 02/18/2014 | 77 | Response by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh to 65 Appeal of Magistrate Judge Decision to District Court, (Jacobs, Daniel) (Entered: 02/18/2014) |
| 02/18/2014 | 76 | ORDER: The parties have filed a proposed Stipulation and Order. Dkt. No. 74 . Paragraph 3 of the proposed Stipulation and Order and the Notice of Collective Action highlight differences between the parties that may require a court determination in resolving them. Regarding these identified differences, the parties shall file their respective letter brief no later than February 24, 2014. Further, the parties shall file the dates and times that they may be available for a telephone conference during the weeks ending February 21 and 28, 2014. The Court anticipates the parties' immediate attention to this Text Order. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 2/18/2014. (Treece, Randolph) (Entered: 02/18/2014) |
| 02/14/2014 | 75 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 74 Stipulation *and Order* (Carbo, Charles) (Entered: 02/14/2014) |
| 02/14/2014 | 74 | STIPULATION *and Order* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC submitted to Judge Rudolph F. Treece. (Attachments: # 1 Exhibit(s) A)(Carbo, Charles) (Entered: 02/14/2014) |
| 02/12/2014 | 73 | TEXT ORDER re the parties' 72 Letter Request for an extension of time to advise the Court regarding conditional certification. The request is GRANTED. Status Report shall be filed by 2/14/2014. SO ORDERED. Authorized by |

| | | |
|---|---|---|
| | | Magistrate Judge Randolph F. Treece on 2/12/2014. (mab) (Entered: 02/12/2014) |
| 02/11/2014 | 72 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the deadline to advise the Court regarding conditional certification to February 14, 2014 submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 02/11/2014) |
| 02/06/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 2/6/2014. Appearances: Daniel Jacobs, Esq., Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. The parties discuss Plaintiff's motion for conditional certification with the Court. The parties are directed to file a Status Report by 2/11/2014 with regard to this motion. (Court Reporter: Lisa Tennyson). (mab) (Entered: 02/06/2014) |
| 01/28/2014 | | TEXT NOTICE: A Telephone Conference in this matter is set for 2/6/2014 at 3:00 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference call. You may be prompted to announce your name. (mab) (Entered: 01/28/2014) |
| 01/24/2014 | 71 | ORDER denying the 67 Motion for Preliminary Injunction. Signed by Senior Judge Norman A. Mordue on 1/24/14. (jlr) (Entered: 01/24/2014) |
| 01/22/2014 | 70 | Response to the 67 Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of date of Plaintiffs' notice of Emergency Motion in consideration of Defendants' Emergency Motion [Dkt 67] submitted to Judge Norman A. Mordue . (Jacobs, Daniel) Modified on 1/22/2014 (jlr). (Entered: 01/22/2014) |
| 01/22/2014 | 69 | STATUS REPORT *regarding discovery order issued on Jaaury 4, 2014* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 01/22/2014) |
| 01/22/2014 | | TEXT NOTICE - Counsel is directed to immediately send a courtesy copy of the 40 Response in Opposition to Motion, the 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* and the 54 Reply to Response to Motion to Judge Mordue's chambers. (jlr) (Entered: 01/22/2014) |
| 01/21/2014 | 68 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 67 Emergency MOTION for Preliminary Injunction *Staying the Magistrate's Order for Production* (Carbo, Charles) (Entered: 01/21/2014) |
| 01/21/2014 | 67 | Emergency MOTION for Preliminary Injunction *Staying the Magistrate's Order for Production* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Affidavit, # 2 Memorandum of Law) (Carbo, Charles) (Entered: 01/21/2014) |
| 01/21/2014 | 66 | |

**JA-025**

| | | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 65 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *on January 4, 2014 Discovery Order* (Carbo, Charles) (Entered: 01/21/2014) |
|---|---|---|
| 01/21/2014 | 65 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *on January 4, 2014 Discovery Order* Motion Hearing set for 3/5/2014 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 2/18/2014 (Attachments: # 1 Memorandum of Law, # 2 Record on Appeal Designation for Purposes of Defendants' Objections to the Magistrate Judge's January 4, 2014 Discovery Order)(Carbo, Charles) (Entered: 01/21/2014) |
| 01/13/2014 | 64 | TOLLING STIPULATION and ORDER. Signed by Magistrate Judge Randolph F. Treece on 1/13/2014. (mab) (Entered: 01/13/2014) |
| 01/10/2014 | 63 | STIPULATION *on Tolling* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC submitted to Judge Randolph Treece. (Carbo, Charles) (Entered: 01/10/2014) |
| 01/04/2014 | 62 | ORDER: After presiding over a discovery conference, which was held on the record, on December 19, 2013, the Court issued a Discovery Order. Dkt. No. 56 . In addition to addressing the matter of personal jurisdiction, the filing an Answer, and directing that Defendants to disclose the names and addresses of those similarly suited potential opt-in plaintiffs, the Court reserved on the issues of whether those employees who signed arbitration agreements and yet may be potential opt-in plaintiffs should be disclosed to Plaintiffs. Id. Based upon the Defendants representation that there was controlling Second Circuit precedent regarding this disclosure, the Court granted Defendants an opportunity to provide that controlling precedent. Additionally, the Court asks the parties to meet and confer as to the next steps and to propose dates. Id. Well, the parties indeed met and conferred but with no positive results. See the parties respective Status Reports, Dkt. Nos. 59 & 60 . Since it was such a simple task for the parties to meet and confer and respond to the Courts directions, there is no benefit for this Court to engage in another conference and, therefore, declines the invitation. Instead, the Court intends to Rule so that this case may proceed accordingly. Additionally, the Court declines a stay while Judge Mordue decides the Motion to Compel Arbitration. Judicial economy would be lost if we waited. As this Court made explicitly clear, the tolling of the statute limitations applied solely to those employees with arbitration agreements. Plaintiffs expansion of this defined group to include all potential opt-in plaintiffs is without merit. Therefore, the parties shall execute the Defendants proposed equitable tolling of the statute of limitation stipulation for those employees with arbitration agreement and file it with the Court by January 11, 2014. Next, Defendants fail to submit any Second Circuit precedent limiting the disclosure of those employees with arbitration agreement to the Court. In fact, they submitted no precedents in further support of their position. As the Court stated during the December 19th Conference, I am persuaded by the Fourth Circuits Decision in NewBanks v. Cellular Sales of Knoxville that the arbitration requirement only applies to causes of action |

**JA-026**

| | | accruing from the execution of the Compensation Agreements and onward. Therefore, arbitration agreements have no applicability prior to the agreement and would not apply to claims that accrued prior to the Compensation Agreement. Accordingly, Defendants shall provide the names and addresses of those employees with arbitration agreements to Plaintiffs. The underlying arbitration agreements need not be disclosed at this time. Lastly, the parties shall submit to the Court by January 22, 2014, a proposed date for the filing of any motion or stipulation as to any notice to be published to the potential opt-in class. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 1/4/2014. (Treece, Randolph) (Entered: 01/04/2014) |
|---|---|---|
| 01/02/2014 | 61 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 60 Status Report (Carbo, Charles) (Entered: 01/02/2014) |
| 01/02/2014 | 60 | STATUS REPORT by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Carbo, Charles) (Entered: 01/02/2014) |
| 01/02/2014 | 59 | STATUS REPORT *on the discussions between the parties pursuant to Judge Treece's discovery order (Dkt. 56)* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 01/02/2014) |
| 12/30/2013 | 58 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 57 Amended Answer to Complaint (Carbo, Charles) (Entered: 12/30/2013) |
| 12/30/2013 | 57 | AMENDED ANSWER to 19 Amended Complaint, by Cellular Sales of Knoxville, Inc.. (Carbo, Charles) (Entered: 12/30/2013) |
| 12/19/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 12/19/2013. Appearances: Daniel Jacobs, Esq., Ronald Gleason, Esq., Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. The Court held a telephone conference to discuss the various discovery issues raised by the parties. After hearing from the parties the Court made serveral rulings as to those discovery issues. The Court also clarified what was meant by limited discovery permitted at the Rule 16 Initial Conference. The parties are directed to file a Status Report by 1/2/2014 as to the discussion on the tolling matter and the next step in this litigation. (Court Reporter: Theresa Casal). (mab) (Entered: 12/20/2013) |
| 12/19/2013 | 56 | DISCOVERY ORDER: Currently before the Court is a debate as to what the Court meant by limited discovery regarding matters of personal jurisdiction and identifying potential opt-in plaintiffs. During the Rule 16 Conference when the Court granted such limited discovery, the Court failed to define the parameters of such limited discovery. In the interim, Plaintiffs served Demands for Interrogatories and Production, which Defendants objected to as being beyond the scope of the court-permitted limited discovery, as well as several other related objections. The matter was presented to the Court. See Dkt. Nos. 47 & 53 . On December 19, 2013, a telephonic Hearing was held on the record. Prior to any Rulings, the Court explained what was meant by limited discovery at this initial stage of this FLSA case. After hearing from the parties, the Court |

| | | |
|---|---|---|
| | | made several Rulings which are incorporated by reference into this Text Order, and summarized as follows: (1) The Defendants shall file an amended Answer striking Paragraph 11 that discusses matters of personal jurisdiction. Upon amending their Answer and considering their representation that the matter of personal jurisdiction is no longer a viable issue in this case, no further discovery in this realm is necessary; (2) In terms of discovery related to potential opt-in plaintiffs, the Court exercises its discretion and directs Defendants to disclose the names and addresses of those similarly suited potential opt-in plaintiffs, which include those previously identified as the "Bolletino Class." All other Demands are reserved until there is a decision relative to a conditional certified class. And, should such a class be conditionally certified, those Demands would then be operable; (3) At this juncture, the Court reserves on the issues of whether those employees who signed arbitration agreements and yet may be potential opt-in plaintiffs should be disclosed to the Plaintiffs. Defendants are permitted to submit any further case precedents they deem controlling on this issue. Further, the parties shall meet and confer regarding a suggestion of tolling the statute of limitations as to these employees with arbitration agreements until such time the Honorable Norman Mordue, Senior United States District Judge, renders a decision on a pending Motion to Compel Arbitration. When Judge Mordue renders such a decision, it should serve as law of the case as to this issue; (4) The parties shall meet and confer and consider the timing of the next steps in this litigation and propose dates as to filing any motion or stipulation as to any notice to be published to the potential opt-in class; and (5) The parties shall file a status report by January 2, 2014 regarding their discussions on the tolling matter and the litigation's next steps. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 12/19/2013. (Treece, Randolph) (Entered: 12/19/2013) |
| 12/16/2013 | 55 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 54 Reply to Response to Motion, *in Further Support of Defendants' Amended Motion to Compel Individual Arbitrations of and to Dismiss or Stay Plaintiffs Pratt's and Burrell's Claims* (Carbo, Charles) (Entered: 12/16/2013) |
| 12/16/2013 | 54 | REPLY to Response to Motion re 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims in Further Support* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) Unpublished Cases)(Carbo, Charles) (Entered: 12/16/2013) |
| 12/13/2013 | | TEXT NOTICE: A Telephone Conference in this matter is set for 12/19/2013 at 3:00 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 13738 to be connected to the conference call. You may be prompted to announce your name. (mab) (Entered: 12/13/2013) |
| 12/13/2013 | 53 | RESPONSE to Motion re 47 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference over discovery issues submitted to Judge Randolph filed by Cellular Sales of |

**JA-028**

| | | Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 12/13/2013) |
|---|---|---|
| 12/12/2013 | 52 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting availability for teleconference on discovery issues [Dkt 50] submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 12/12/2013) |
| 12/11/2013 | 51 | Letter Motion from C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Availibility for Teleconference on Discovery Matters (Dkt 50) submitted to Judge Randolph F. Treece . (Carbo, Charles) (Entered: 12/11/2013) |
| 12/11/2013 | 50 | ORDER granting 47 , Plaintiff's Letter Request, seeking a telephone conference to address outstanding discovery matters. Defendants shall file a reply to the Letter Request before December 16, 2013. The parties shall immediately file the dates and times that they may be available for a telephone conference on the record during the week ending December 20, 2013. The Court expects the parties' immediate attention to this Text Order. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 12/11/2013. (Treece, Randolph) (Entered: 12/11/2013) |
| 12/10/2013 | 49 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 48 Answer to Amended Complaint (Carbo, Charles) (Entered: 12/10/2013) |
| 12/10/2013 | 48 | ANSWER to 19 Amended Complaint, by Cellular Sales of Knoxville, Inc.. (Carbo, Charles) (Entered: 12/10/2013) |
| 12/09/2013 | 47 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference over discovery issues submitted to Judge Randolph F. Treece . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F)(Jacobs, Daniel) (Entered: 12/09/2013) |
| 12/05/2013 | 46 | TEXT ORDER granting the 37 Motion to Withdraw the 25 Motion to Dismiss for Lack of Personal Jurisdiction (Motion is terminated). The 41 Letter Motion requesting oral argument on the 27 Motion to Compel is Denied. Endorsed by Senior Judge Norman A. Mordue on 12/5/13. (jlr) (Entered: 12/05/2013) |
| 12/05/2013 | 45 | ORDER granting 44 Letter Request re 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* : Reply to Response to Motion due by 12/16/2013. Signed by Senior Judge Norman A. Mordue on 12/5/2013. (dpk) (Entered: 12/05/2013) |
| 12/05/2013 | 44 | Letter Motion from C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Extension to File Reply to Plaintiffs' Response to Defendants' Motion to Compel Individual Arbitration and to Dismiss or Stay Plaintiffs' Pratt's and Burrell's Claims submitted to Judge Hon. Norman A. Mordue . (Carbo, Charles) (Entered: 12/05/2013) |
| 12/04/2013 | 43 | |

**JA-029**

| | | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of new case authority in support of Plaintiffs' Opposition [Dkt 40] to Defendants Motions [Dkt 25] and [Dkt 27] submitted to Judge Norman A. Mordue . (Attachments: # 1 Exhibit(s) US Court of Appeals, Fourth Circuit Decision in Newbanks v Cellular Sales of Knoxville, Inc.) (Jacobs, Daniel) (Entered: 12/04/2013) |
|---|---|---|
| 12/03/2013 | 42 | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 40 Response in Opposition to Motion,,,,, (Jacobs, Daniel) (Entered: 12/03/2013) |
| 12/02/2013 | 41 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting oral argument in respect to defendants' pending motion [Dkt No. 27] submitted to Judge Norman A. Mordue . (Jacobs, Daniel) (Entered: 12/02/2013) |
| 12/02/2013 | 40 | RESPONSE in Opposition re 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure*, 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Declaration of Timothy M. Pratt, # 2 Exhibit(s) A to Pratt Declaration, # 3 Exhibit(s) B to Pratt Declaration, # 4 Exhibit(s) C to Pratt Declaration, # 5 Exhibit(s) D to Pratt Declaration, # 6 Exhibit(s) E to Pratt Declaration, # 7 Exhibit(s) F to Pratt Declaration, # 8 Exhibit(s) G to Pratt Declaration, # 9 Declaration of William Burrell, # 10 Exhibit(s) A to Burrell Declaration, # 11 Exhibit(s) B to Burrell Declaration, # 12 Exhibit(s) C to Burrell Declaration, # 13 Exhibit(s) D to Burrell Declaration, # 14 Exhibit(s) E to Burrell Declaration, # 15 Exhibit(s) F to Burrell Declaration, # 16 Exhibit(s) G to Burrell Declaration, # 17 Affirmation of Daniel A. Jacobs, Esq., # 18 Exhibit(s) A to Jacobs Affirmation, # 19 Exhibit(s) B to Jacobs Affirmation, # 20 Exhibit(s) C to Jacobs Affirmation, # 21 Exhibit(s) D to Jacobs Affirmation, # 22 Exhibit(s) E to Jacobs Affirmation)(Jacobs, Daniel) (Entered: 12/02/2013) |
| 11/15/2013 | 39 | CONFIDENTIALITY STIPULATION, PROTECTIVE AGREEMENT and ORDER. Signed by Magistrate Judge Randolph F. Treece on 11/15/2013. (mab) (Entered: 11/15/2013) |
| 11/14/2013 | 38 | Letter Motion from C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Protective Order submitted to Judge Norman A. Mordue . (Attachments: # 1 Proposed Order/Judgment Confidentiality Stipulation, Protective Agreement, and Order)(Carbo, Charles) (Attachment 1, Proposed Order, replaced on 11/14/2013 at request of counsel to include all pages.) (lah) (Entered: 11/14/2013) |
| 11/07/2013 | 37 | MOTION to Withdraw 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure Unopposed* filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Exhibit(s) Certificate of Conference, # 2 Exhibit(s) |

| | | Certificate of Service) Motions referred to Randolph F. Treece. (Carbo, Charles) (Entered: 11/07/2013) |
|---|---|---|
| 10/11/2013 | 36 | TEXT ORDER granting THE 34 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the return date for two motions to dismiss (Dkt. Nos. 25 & 27) to December 18, 2013. The 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure*, and the 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* are returnable on 12/18/2013 before Senior Judge Norman A. Mordue. Response to Motions due by 12/2/2013. Reply to Response to Motions due by 12/9/2013. The motions are on submit. No appearances. Endorsed by Senior Judge Norman A. Mordue on 10/11/13. (jlr) (Entered: 10/11/2013) |
| 10/09/2013 | 35 | RESPONSE to Motion re 34 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the return date for two motions to dismiss (Dkt. Nos. 2 filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 10/09/2013) |
| 10/08/2013 | 34 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the return date for two motions to dismiss (Dkt. Nos. 25 & 27) to December 18, 2013 submitted to Judge Norman A. Mordue . (Jacobs, Daniel) (Entered: 10/08/2013) |
| 10/03/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Rule 16 Initial Conference held on 10/3/2013. Appearances: Daniel Jacobs, Esq., Ronald Dunn, Esq., Charles Cabo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. Limited discovery related to identifying potential opt-in Plaintiffs and matters of personal jurisdiction is permitted. Plaintiff shall serve limited discovery demands by 11/1/2013. Defendants shall respond accordingly. Defendants are to file a status report upon a decision on the dispositive motions. No further deadlines are set. A Uniform Pretrial Scheduling Order will not be issued at this time. (mab) (Entered: 10/03/2013) |
| 10/03/2013 | 33 | SCHEDULING ORDER: Based upon the telephonic Conference held today, the Court permits limited discovery directed at identifying potential opt-in plaintiffs and matters of personal jurisdiction. With the exception of this limited discovery and the pending motion to dismiss, all other aspects of the case are held in abeyance. Accordingly, Plaintiffs shall serve their limited discovery demands by November 1, 2013, and Defendants shall respond consistent with the mandates of Rule 26 and 34. Forty-five (45) days after Plaintiffs have received Defendants' production and responses Plaintiffs shall file their motion for conditional certification address to this Court. Additionally, Defendants shall file a status report when Judge Mordue has decided their Motion to Dismiss. Should the parties entered into an agreement as to the conditional class certification, motion to dismiss, and personal jurisdiction a status report shall be filed. SO ORDERED. Signed by Magistrate |

| | | Judge Randolph F. Treece on 10/3/2013. (Treece, Randolph) (Entered: 10/03/2013) |
|---|---|---|
| 09/24/2013 | 32 | CIVIL CASE MANAGEMENT PLAN *executed and proposed solely by Plaintiffs' counsel* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Exhibit(s) Bolletino Stipulation and Order)(Jacobs, Daniel) (Entered: 09/24/2013) |
| 09/23/2013 | 31 | CIVIL CASE MANAGEMENT PLAN by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 30 | CERTIFICATE OF SERVICE by Cellular Sales of New York, LLC re 29 Answer to Amended Complaint (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 29 | ANSWER to 19 Amended Complaint, by Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 28 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 27 | Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* Motion Hearing set for 11/6/2013 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 10/21/2013 filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) Unpublished Cases) Motions referred to Randolph F. Treece. (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 26 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure* (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 25 | MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure* Motion Hearing set for 11/6/2013 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 10/21/2013 Reply to Response to Motion due by 10/28/2013. filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) Unpublished Cases 1 of 2, # 6 Exhibit(s) Unpublished Cases 2 of 2) (Carbo, Charles) (Entered: 09/23/2013) |
| 09/11/2013 | | TEXT NOTICE: The Rule 16 Initial Conference in this matter is scheduled for 10/3/2013 at 9:00 AM before Magistrate Judge Randolph F. Treece and will be conducted by TELEPHONE. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference call. The parties are directed to submit a proposed Civil Case Management Plan by 9/19/2013. (mab) (Entered: 09/11/2013) |
| 09/10/2013 | 24 | |

**JA-032**

| | | |
|---|---|---|
| | | ORDER, for the reasons stated below, denying <u>21</u> , Defendants' Letter Request, seeking an adjournment of the Rule 16 Conference. In light of Judge Mordue's Text Order finding the Motion to Dismiss for Personal Jurisdiction and the Motion to Compel and/or Dismiss moot, Dkt. No. 23 , as well as noting that no other dispositive motion is pending, the Rule 16 Conference should go forward. Additionally, even if Defendants were to renew those dispositive motions now declared moot, it would only be pertinent to two of the Plaintiffs. Because other Plaintiffs are not the target of a motion to dismiss, this case should proceed. Lastly, Plaintiffs' Reply, Dkt. No. <u>22</u> , raises additional issues that should be discussed during a Rule 16 Conference. Accordingly, the Rule 16 Conference shall proceed as scheduled. Participation of the Rule 16 Conference shall be by telephone. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 9/10/2013. (Treece, Randolph) (Entered: 09/10/2013) |
| 09/10/2013 | 23 | TEXT ORDER finding as moot the <u>11</u> Motion to Dismiss for Lack of Personal Jurisdiction; the <u>13</u> Motion to Compel and/or Dismiss and the <u>18</u> Letter Request adjourning the motion response deadlines pursuant to the filing of the Amended Complaint. Endorsed by Senior Judge Norman A. Mordue on 9/10/13. (jlr) (Entered: 09/10/2013) |
| 09/10/2013 | <u>22</u> | RESPONSE in Opposition re 21 Letter Motion from C. Larry Carbo III, Attorney for Defendants for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Adjournment of Rule 16 and Rule 26 Conferences, and adjournment of filing of Case Management Pla filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # <u>1</u> Exhibit(s) Exhibit A)(Jacobs, Daniel) (Entered: 09/10/2013) |
| 09/10/2013 | <u>21</u> | Letter Motion from C. Larry Carbo III, Attorney for Defendants for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Adjournment of Rule 16 and Rule 26 Conferences, and adjournment of filing of Case Management Plan until after Defendants have had an opportunity to address Plaintiffs' amended claims, and after Defndants file an answer or otherwise respond to Plaintiffs' amended complaint. submitted to Judge Honorable Randolph F. Treece . (Carbo, Charles) (Entered: 09/10/2013) |
| 09/09/2013 | <u>20</u> | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re <u>19</u> Amended Complaint, (Jacobs, Daniel) (Entered: 09/09/2013) |
| 09/09/2013 | <u>19</u> | AMENDED COMPLAINT *AND DEMAND FOR JURY TRIAL* against All Defendants filed by William Burrell, Justin Moffitt, Steven Moffitt, Jan P. Holick, Jr, Gurwinder Singh, Jason Mack. (Attachments: # <u>1</u> Exhibit(s) Exhibit A to Amended Complaint)(Jacobs, Daniel) (Entered: 09/09/2013) |
| 09/06/2013 | <u>18</u> | Letter Motion from Daniel Jacobs for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of return date for the two motions to dismiss (Dkt. Nos 11 & 13) submitted to Judge Norman A. Mordue . (Jacobs, Daniel) (Entered: 09/06/2013) |
| | | |

| 09/03/2013 | | TEXT NOTICE of Hearing on Motion. The 11 MOTION to Dismiss for Lack of Personal Jurisdiction and the 13 MOTION to Compel are returnable on 10/2/13 before Senior Judge Norman A. Mordue. The Motions are on submit. No appearances. Response to Motions due by 9/16/2013. Reply to Response to the Motions due by 9/23/2013. (jlr) (Entered: 09/03/2013) |
|---|---|---|
| 08/28/2013 | | Case reasssigned to Senior Judge Norman A. Mordue. (bjw, ) (Entered: 08/28/2013) |
| 08/28/2013 | 17 | TEXT ORDER granting 6 Application for Judge Reassignment due to a related case. Upon review of the application, the Court finds that this case is related to case 1:12-cv-584 and shall therefore be reassigned to the Hon. Norman A. Mordue. The Clerk is directed to reassign this case accordingly. IT IS SO ORDERED by Senior Judge Frederick J. Scullin, Jr on 8/28/2013. (bjw, ) (Entered: 08/28/2013) |
| 08/28/2013 | | CLERK'S CORRECTION OF DOCKET ENTRY as to Dkts 11 and 13: The docket text of these filings has been revised to reflect that the documents filed are MOTIONS before the Court, rather than Notices. (sg) (Entered: 08/28/2013) |
| 08/27/2013 | 16 | CERTIFICATE OF SERVICE by Cellular Sales of New York, LLC re 15 Answer to Complaint (Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 15 | ANSWER to 1 Complaint, by Cellular Sales of New York, LLC.(Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 14 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 13 Notice (Other), *of Motion to Compel Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* (Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 13 | Motion to Compel Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) Unpublished Cases)(Carbo, Charles) Modified on 8/28/2013 (sg ). (Entered: 08/27/2013) |
| 08/27/2013 | 12 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 11 Notice (Other), *of Motion to Dismiss for Lack of Personal Jurisdiction* (Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 11 | Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) of the Federal Rules of Civil Procedure by Cellular Sales of Knoxville, Inc. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) Unpublished Cases)(Carbo, Charles) Modified on 8/28/2013 (sg ). (Entered: 08/27/2013) |
| 08/22/2013 | 10 | ORDER granting 8 Motion for Limited Admission Pro Hac Vice for Julie R. Offerman, Esq. Signed by Magistrate Judge Randolph F. Treece on 8/22/2013. (mab) (Entered: 08/22/2013) |
| 08/22/2013 | 9 | |

**JA-034**

| | | |
|---|---|---|
| | | ORDER granting 7 Motion for Limited Admission Pro Hac Vice for Charles Larry Carobo, III, Esq. Signed by Magistrate Judge Randolph F. Treece on 8/22/2013. (mab) (Entered: 08/22/2013) |
| 08/16/2013 | 8 | MOTION for Limited Admission Pro Hac Vice of Julie R. Offerman Filing fee $100, receipt number 0206-2658676. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to Randolph F. Treece. (Dougherty, Joseph) (Entered: 08/16/2013) |
| 08/16/2013 | 7 | MOTION for Limited Admission Pro Hac Vice of Charles Larry Carbo, III Filing fee $100, receipt number 0206-2658659. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to Randolph F. Treece. (Dougherty, Joseph) (Entered: 08/16/2013) |
| 08/13/2013 | 6 | Notice of Related Case by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh submitted to Judge Frederick J. Scullin . (Jacobs, Daniel) (Entered: 08/13/2013) |
| 07/08/2013 | 5 | WAIVER OF SERVICE Returned Executed by William Burrell, Justin Moffitt, Timothy M. Pratt, Steven Moffitt, Jan P. Holick, Jr, Gurwinder Singh, Jason Mack. Cellular Sales of Knoxville, Inc. waiver sent on 6/28/2013, answer due 8/27/2013. (Jacobs, Daniel) (Entered: 07/08/2013) |
| 07/08/2013 | 4 | WAIVER OF SERVICE Returned Executed by William Burrell, Justin Moffitt, Timothy M. Pratt, Steven Moffitt, Jan P. Holick, Jr, Gurwinder Singh, Jason Mack. Cellular Sales of New York, LLC waiver sent on 6/28/2013, answer due 8/27/2013. (Jacobs, Daniel) (Entered: 07/08/2013) |
| 06/25/2013 | | Notice re: Compliance with General Order #12: Pursuant to General Order #12, counsel is required to file the *Notice of Related Case* form as a separate document. Refer to the Court's website: www.nynd.uscourts.gov for further instructions. Counsel may access the fillable form using the following link: www.nynd.uscourts.gov/documents/GO12_withfillablenoticemtd.pdf (cbm, ) (Entered: 06/25/2013) |
| 06/25/2013 | | CLERK'S CORRECTION OF DOCKET ENTRY re 2 G.O. 25 Filing Order. Modified docket entry to reflect the correct filing date. (dpk) (Entered: 06/25/2013) |
| 06/24/2013 | 3 | Summons Issued as to Cellular Sales of Knoxville, Inc. and Cellular Sales of New York, LLC. (Attachments: # 1 Summons Issued as to Cellular Sales of Knoxville, LLC)(dpk) (Entered: 06/25/2013) |
| 06/24/2013 | 2 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 10/3/2013 at 9:00 AM in Albany before Magistrate Judge Randolph F. Treece. Civil Case Management Plan due by 9/19/2013. (dpk) (Entered: 06/25/2013) |
| 06/24/2013 | 1 | COMPLAINT against Cellular Sales of Knoxville, Inc. and Cellular Sales of New York, LLC (Filing fee $400 receipt number 2593212) filed by William Burrell, Justin Moffitt, Timothy M. Pratt, Steven Moffitt, Jan P. Holick, Jr, Gurwinder Singh and Jason Mack. (Attachments: # 1 Consent to Join Overtime/Minimum Wage Lawsuit by all Plaintiffs, # 2 Civil Cover Sheet) (dpk) (Entered: 06/25/2013) |

**JA-035**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL
and TIMOTHY M. PRATT,

                    Plaintiff,

v.                                                    1:13-CV-00738 (NAM/RFT)

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                    Defendant.

---

APPEARANCES:

Gleason, Dunn, Walsh & O'Shea
Daniel A. Jacobs, Esq.
40 Beaver Street
Albany, New York 12207
For Plaintiffs

Chamberlain, Hrdlicka, White,
Williams & Aughtry, P.C.
C. Larry Carbo, III, Esq.
Ryan Cantrell, Esq.
Julie R. Offerman, Esq.
1200 Smith Street, Suite 1400
Houston, Texas 77002
For Defendants

Hinman Straub, P.C.
Joseph M. Dougherty, Esq.
121 State Street
Albany, New York 12207
For Defendants

Hon. Norman A. Mordue, Senior United States District Judge:

### MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Defendants Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (collectively "defendants" or "Cellular Sales") move (Dkt. No. 27) pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, to compel plaintiffs Timothy M. Pratt and William Burrell to arbitrate the claims they assert in the amended complaint (Dkt. No. 19). Plaintiffs oppose (Dkt. No. 40) defendants' motion. For the reasons set forth below, the Court denies defendants' motion to compel arbitration.

## AMENDED COMPLAINT

In the amended complaint, plaintiffs allege that, prior to January 1, 2012, defendants misclassified them as independent contractors, depriving them of, among other things, overtime compensation and minimum wage and subjecting them to unlawful wage deductions. Plaintiffs assert that defendants' actions violated the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et seq., New York State Labor Law ("Labor Law"), Article 6, § 190 et seq. and Article 19, § 650 et seq. and New York common law. Plaintiffs seek certification of this action as a collective action under the FLSA and an award of damages for unpaid wages for work performed prior to January 1, 2012, liquidated damages and punitive damages.

## BACKGROUND

Cellular Sales provides retail sales services for Verizon Wireless in the New York market. It is an authorized dealer for Verizon Wireless products and, as such, markets and sells Verizon Wireless services and products to consumers. According to plaintiffs, to become a sales representative, Cellular Sales required them to incorporate as limited liability companies or other types of corporate entities ("Sales Companies"). In 2010, Cellular Sales and the Sales Companies entered into Non-Exclusive Independent Sales Agreements to market and sell Verizon Wireless

-2-

**JA-037**

products and services in the New York market.

The Independent Sales Agreements stated that the "relationship of the Sales Company" to Cellular Sales "is that of an independent contractor". According to the Independent Sales Agreements: "[e]ach person" the Sales Company engages "to render services with respect to those activities for which Sales Company receives Sales Commission shall be an employee of the Sales Company and not of [Cellular Sales]." Dkt. No. 27-2, pp.18, 25. Plaintiffs state that "[t]hrough the Sales Companies, each Sales Representative was paid their commissions for his or her sale of Verizon Wireless cellular products, services, and accessories."

The Independent Sales Agreements required the parties to submit any dispute that "arises under this Agreement" to mediation but allowed the parties, if mediation was unsuccessful, to "pursue any appropriate legal actions against the other Party in a court of competent jurisdiction."[1] Dkt. No. 27-2, pp.19-20; 27-28.

According to Luke Fletcher, the Regional Director of Cellular Sales, sometime after 2010, Cellular Sales:

> offered Plaintiffs Timothy Pratt and William Burrell full-time employment with [Cellular Sales]. In connection with this offer of full-time employment, [Cellular Sales] provided Plaintiffs Pratt and Burrell a Compensation Schedule and Agreement. Plaintiffs Burrell and Pratt executed this agreement on or about January 1, 2012, at which time they became full-time employees of [Cellular Sales].

Dkt. No. 27-2, p.2.

Unlike the Independent Sales Agreements, the Compensation Schedule and Agreements ("Compensation Schedule") identify Pratt and Burrell as Cellular Sales's employees and dictate that "[a]ll claims, disputes, or controversies arising out of, or in relation to this document or

---

[1] The parties have already engaged in mediation. They were unable to reach a resolution.

-3-

JA-038

Employee's employment with Company shall be decided by arbitration". Dkt. No. 27-2, pp.3-4,

10-11. Additionally, the Compensation Schedule states: "Employee hereby agrees to arbitrate any

such claims, disputes, or controversies only in an individual capacity and not as a plaintiff or class

member in any purported class, collective action, or representative proceeding." Dkt. no. 27-2,

pp.4, 11.[2]

    For various reasons, Burrell's employment with Cellular Sales ended on July 30, 2012 and

-----

[2]This entirety of the arbitration paragraph states:

All claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company shall be decided by arbitration utilizing a single arbitrator in accordance with the Expedited Labor Arbitration Procedures of the American Arbitration Association ("AAA"). If the parties mutually agree that the claims, disputes, or controversies are not properly subject to the Expedited Labor Arbitration Procedures of the AAA, the parties may agree to apply different Rules of Arbitration, including the Commercial Arbitration Rules of the AAA. Employee hereby agrees to arbitrate any such claims, disputes, or controversies only in an individual capacity and not as a plaintiff or class member in any purported class, collective action, or representative proceeding. The arbitration shall be held in a county of the state in which Company had employed Employee. The parties agree that no arbitrator has the authority to (i) award punitive damages or any other damages not measured by the prevailing party's actual damages, or (ii) order consolidation, class arbitration, or collective action arbitration. The decision of the arbitrator shall be final, binding, and enforceable in any court of competent jurisdiction and the parties agree that there shall be no appeal from the arbitrator's decision. All statutes of limitation that would otherwise be applicable shall apply to any arbitration proceeding. The right to arbitrate shall survive termination of Employee's employment with Company. Except for the exchange of documents that the parties intend to use to support their claims and defend against the other parties' claims, there shall be no interrogatories, depositions or other discovery in any arbitration hereunder. The parties acknowledge and agree that Employee's employment with Company includes activities in interstate commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. shall control and apply to all arbitrations conducted hereunder, notwithstanding any state law provisions to the contrary. Each party shall bear its own legal expenses, including but not limited to, court costs, discretionary costs, if any, and any other costs of protecting said party's interests.

Dkt. No. 27-2, pp. 4, 11.

Pratt's employment ended on August 21, 2012. On June 24, 2013, plaintiffs filed the original

complaint alleging violations of the FLSA and Labor Law and alleging that they were, at all

times, including before January 1, 2012, "'employees' of the Defendants under the FLSA and

Labor Law" and that they had been "misclassified" as independent contractors. Dkt. No. 1. On

August 27, 2013, defendants filed a motion to dismiss for lack of personal jurisdiction and a

motion to compel Pratt and Burrell to arbitrate their claims. Dkt. Nos. 11 and 13. On September 9,

2013, plaintiffs filed an amended complaint narrowing their claims to the time period before

January 1, 2012, the date on which Pratt and Burrell executed the Compensation Agreements

containing the arbitration claims. Dkt. No. 19. The filing of the amended complaint rendered

defendants' motions moot. Dkt. No. 23. On September 23, 2013, defendants filed an amended

motion to compel Pratt and Burrell to arbitrate their claims. Dkt. No. 27.

<div align="center">DISCUSSION</div>

"[A]rbitration is a matter of contract." *AT &T Techs., Inc v. Commc'ns Workers of

America*, 475 U.S. 643, 648 (1986) (internal quotation marks omitted). Therefore, a court may not

require parties "to arbitrate issues that they have not specifically agreed to submit to arbitration".

*Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 26 (2d Cir. 2002). It is well established,

however, that "questions of arbitrability must be addressed with a healthy regard for the federal

policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,

24-25 (1983). "[A]s with any other contract, the parties' intentions control, but those intentions

are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler

Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Thus, if there is any reading of a contract

that permits the arbitration clause to remain in effect, the court must choose it. *See Bank Julius

Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 284 (2d Cir. 2005); *John Hancock Life Ins. Co. v.

<div align="center">-5-</div>

<div align="right">**JA-040**</div>

*Wilson*, 254 F.3d 48, 59 (2d Cir. 2001).

In this case, the Compensation Agreements require the parties to arbitrate "[a]ll claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company". Plaintiffs argue that the arbitration provision does not apply to claims that accrued prior to their signing of the Compensation Agreements on January 1, 2012 because the Independent Sales Agreements governed the relationship between the Sales Companies and Cellular Sales prior to January 1, 2012 and specifically classified plaintiffs as "employee[s] of the Sales Company and not of [Cellular Sales]." Defendants counter that the Court must construe the arbitration clause in the Compensation Agreement, which contains no temporal limitations, broadly and find that it encompasses claims predating the execution of the contract. Defendants also assert that plaintiff themselves claim they were Cellular Sales's employees prior to the execution of the contract.[3]

The arbitration clause in the Compensation Agreements is broad, requiring arbitration of "[a]ll claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company". *See JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 172 (2d Cir. 2004) (characterizing the arbitration clause, which provided that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter" were subject to arbitration, as "broad"); *see also Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 649 (2d Cir. 2004) ("any controversy, claim or dispute between the Parties arising out of or relating in any way to this Agreement"); *Vera v. Saks & Co.*, 335 F.3d

---

[3]"Because an agreement to arbitrate is a creature of contract . . . the ultimate question of whether the parties agreed to arbitrate is determined by state law." *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002). The parties do not dispute the applicability of New York contract law in this case.

**JA-041**

109, 117 (2d Cir. 2003) ("[a]ny dispute, claim, grievance or difference arising out of or relating to

the Agreement"). "Where the arbitration clause is broad, there arises a presumption of

arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged

implicates issues of contract construction or the parties' rights and obligations under it." *Louis*

*Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001)

(internal quotation marks and citations omitted).

     Plaintiffs claim in the amended complaint that they were "employees" not "independent

contractors". The Independent Sales Agreements, not the Compensation Agreements, however,

were in effect during the time period in question and governed the parties' relationships. The

Independent Sales Agreements unequivocally stated that plaintiffs, who worked for the

independent contractors, were not Cellular Sales's employees. It is undisputed that they did not

become Cellular Sales's employees until they signed the Compensation Agreements. Since they

were not Cellular Sales's employees during the time period in question, their claims do not fall

within the scope of the arbitration provision which requires the arbitration of all claims arising

from "Employee's employment with the Company." *See Newbanks v. Cellular Sales of Knoxville*,

548 F. App'x 851, 853 (4th Cir. 2013) (declining to read the arbitration provisions in the

Compensation Agreements "to apply to a relationship, a contractual status, that simply did not

exist."); *see also Necchi S.p.A. v. Necchi Sewing Mach. Sales Corp.*, 348 F.2d 693, 698 (2d Cir.

1965) (finding "item 7" not arbitrable because it was "governed by a contract entered into by

Necchi and the Sales Corp. in 1958, and that contract, one without an arbitration provision, has

remained distinct and separate from the 1961" contract containing the arbitration provision); *see*

*also Peerless Imp., Inc. v. Wine, Liquor & Distillery Workers Union Local One*, 903 F.2d 924,

-7-

**JA-042**

928 (2d Cir. 1990) ("Though an arbitration clause may reach forward to require arbitration of a

dispute arising under a collective bargaining agreement, even though the agreement has expired,

the arbitration clause of a new agreement may not be used to reach back to cover disputes arising

before the agreement was executed, unless such preexisting disputes are brought within the scope

of the clause.").

In *Newbanks*, also an FLSA case, the Fourth Circuit addressed the same arbitration

provisions at issue in this case. 548 F. App'x at 852-53. There, as here, the plaintiffs' claims were

limited to the period of time prior to their execution of the Compensation Agreements, when the

limited liability companies they owned were parties to Independent Sales Agreements, which

"expressly covenanted that 'each person who is engaged by the Sales Corporation to render

services . . . shall be an employee of the Sales Corporation and not of [Cellular Sales].'" *Id.* at 852

(alteration in original). The Fourth Circuit concluded, based on the plain language of the contract,

that the Compensation Agreements' arbitration requirement only applied "to causes of action

accruing from the execution of the Compensation Agreements and onward." *Id.* at 855. It

explained:

> Although the arbitration requirement did not contain a temporal qualification, it is
> qualified by its reference to disputes arising from "Employee's employment with
> Company." The fact that the provision implicates this contractual relationship is
> significant to our analysis.
>
> We have previously held that temporally-broad arbitration provisions may be
> retroactively applied to causes of action that accrued prior to the execution of the
> arbitration agreement. In *Levin*, for example, we considered a provision referring to
> an arbitrator "any dispute" between the parties. *Levin v. Alms and Associates, Inc.*,
> 634 F.3d 260, 266–67 (4th Cir. 2011). "[G]iven the broad scope of the arbitration
> clause applying to 'any dispute' between the parties, and in light of the arbitrability
> presumption that applies with special force to broadly written clauses," we held that
> claims that accrued before the provision's execution were subject to arbitration. *Id.*
> at 269.

-8-

**JA-043**

> The case at hand is different. In contrast to the provision in *Levin*, which directed "any dispute" between the parties to arbitration, the instant provision only applies to disputes related to or arising from "Employee's employment" with Cellular Sales. Yet prior to the execution of the Compensation Agreements in December 2011, there existed no employment relationship between Cellular Sales and [the plaintiffs]. We will not read the arbitration agreements to apply to a relationship, a contractual status, that simply did not exist.

*Id.* at 855-56.

Citing *Smith/Enron Cogeneration Ltd. P'ship, Inv. v. Smith Cogeneration Int'l*, 198 F.3d 88, 99 (2d Cir. 1999) and *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987), defendants assert that the "proper inquiry is whether the plaintiff's factual allegations fall within the language used in the arbitration clause, and 'not when they arose.'" Defendants therefore argue that because "every claim asserted by Pratt and Burrell is based entirely on allegations that they were employees of Cellular Sales at all time, including, and especially, before the execution of the Compensation Agreements, plaintiffs' claims are subject to arbitration."

In *Smith/Enron*, the provision at issue stated: "Any dispute that is not resolved by the parties shall be finally settled by arbitration." 198 F.3d at 99. The Second Circuit concluded that although the factual allegations underlying the claims predated the contract, because they touched matters within the "broad language" of the arbitration provision, which contained no temporal limitation, they were subject to arbitration. There is, in this case, however, a prior agreement that governed the relationship between the parties. Moreover, whatever their role was under the Independent Sales Agreements, it is undisputed that plaintiffs did not become Cellular Sales's at-will employees until they executed the Compensation Agreements. *See e.g. Newbanks*, 548 F. App'x at 856-57 (rejecting the defendants' argument that because the plaintiffs "contended in their pleadings that they are 'employees,' . . . they should be treated as such for purposes of their

**JA-044**

previously-executed arbitration provision" because: (1) the plaintiffs did not allege they were the defendants' "contractual employees prior to December 2011" but that defendants "misclassified them as independent contractors when they in fact met the criteria of actual employees under the FLSA's definition"; and (2) "[t]he arguments made in a plaintiff's pleadings do not supersede the language of the contract, especially when the plain language of the contract provides a clear and contrary conclusion."). Thus, the Court finds that the claims in the amended complaint, which arose prior to plaintiffs' employment with Cellular Sales, fall outside the scope of the arbitration provision. Accordingly, defendants' motion to compel arbitration is denied.

## CONCLUSION

For these reasons, it is

**ORDERED** that defendants' motion to compel arbitration (Dkt. No. 27) is **DENIED.**

**IT IS SO ORDERED.**

Date:   October 21, 2014

Norman A. Mordue
Senior U.S. District Judge

-10-

**JA-045**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL,
and TIMOTHY M. PRATT,

                          Plaintiffs,

v.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                          Defendants.

_____

Case No. 1:12-CV-00584
(NAM/RFT)

**NOTICE OF APPEAL**

**PLEASE TAKE NOTICE** that Cellular Sales of New York, LLC and Cellular Sales of

Knoxville, Inc., the defendants in the above-named case, hereby appeal to the United States

Court of Appeals for the Second Circuit from the District Court's Memorandum-Decision and

Order, Docket Entry No. 131, entered in Case No. 1:13-CV-0738 on the 21st day of October

2014, in which the United States District Court for the Northern District of New York denied

Defendants' Amended Motion to Compel Individual Arbitrations of and to Dismiss or Stay

Plaintiff Pratt's and Plaintiff Burrell's Claims. Defendants bring this appeal pursuant to Section

16 of the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(C).

The District Court entered the Memorandum-Decision and Order in Case No. 1:13-cv-

00738 (NAM/RFT). However, after the District Court entered the Memorandum-Decision and

Order, the District Court consolidated that case with this action and instructed the parties that all

future filings must be filed only in the lead case, Case No. 1:12-CV-00584, and that no further

filings shall be docketed in Case No. 1:13-CV-0738. (*See* Docket Entry No. 132 entered in Case

No. 1:13-cv-00738 and Docket Entry No. 49 entered in Case No. 1:12-CV-00584). Accordingly,

**JA-046**

consistent with the District Court's instructions, Defendants have filed this Notice of Appeal in

this action, the lead case, Case No. 1:12-CV-00584.

Dated:  Albany, New York
       November 19, 2014

                            Respectfully submitted,

                            Joseph M. Dougherty
                            Bar Roll No. 515968
                            HINMAN STRAUB, P.C.
                            121 State Street
                            Albany, NY 12207
                            Phone:  (518) 436-0751
                            Fax:  (518) 436-4751
                            E-mail: jdougherty@hinmanstraub.com

                            C. Larry Carbo, III.
                            SBOT #24031916
                            larry.carbo@chamberlainlaw.com
                            Ryan Cantrell
                            SBOT #24055259
                            ryan.cantrell@chamberlainlaw.com
                            Julie R. Offerman
                            SBOT #24070360
                            julie.offerman@chamberlainlaw.com
                            CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS
                               & AUGHTRY
                            1200 Smith Street, Suite 1400
                            Houston, Texas 77002
                            (713) 654-9630
                            (713) 658-2553 [fax]
                            *(Pro Hac Vice)*

                            ATTORNEYS FOR DEFENDANTS

2

**JA-047**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2014, I electronically filed the foregoing with the Clerk of the District using the CM/ECF system, which sent notification of such filing to the following:

1.   Ronald G. Dunn
      Daniel A. Jacobs
      Gleason, Dunn Law Firm
      Attorneys for Plaintiffs
      40 Beaver Street
      Albany, NY 12207

Joseph M. Dougherty

**JA-048**

LEAD

## U.S. District Court
## Northern District of New York - Main Office (Syracuse) [LIVE - Version 6.1]
## (Albany)
## CIVIL DOCKET FOR CASE #: 1:12-cv-00584-NAM-RFT

Holick et al v. Cellular Sales of New York, LLC et al
Assigned to: Senior Judge Norman A. Mordue
Referred to: Magistrate Judge Randolph F. Treece
related Case: 1:12-cv-01754-NAM-RFT
Case in other court: 2nd Circuit, 13-01294
Cause: 29:201 Fair Labor Standards Act

Date Filed: 04/04/2012
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

### Plaintiff

**Jan P. Holick, Jr.**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
Gleason, Dunn Law Firm
40 Beaver Street
Albany, NY 12207
518-432-7511
Fax: 518-432-5221
Email: djacobs@gdwo.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
Gleason, Dunn Law Firm
40 Beaver Street
Albany, NY 12207
518-432-7511
Fax: 518-432-5221
Email: rdunn@gdwo.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Steven Moffitt**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**JA-049**

**Justin Moffitt**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gurwinder Singh**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jason Mack**
*on behalf of themselves and all others*
*similarly situated*

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald G. Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy M. Pratt**

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Burrell**

represented by **Daniel A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cellular Sales of New York, LLC**         represented by

**JA-050**

Charles L. Carbo , III
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email:
Larry.carbo@chamberlainlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Joseph M. Dougherty
Hinman, Straub Law Firm - Albany
Office
121 State Street
Albany, NY 12207
518-436-0751
Fax: 518-436-4751
Email: jdougherty@hinmanstraub.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Ryan O. Cantrell
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-2536
Fax: 713-658-2253
Email:
ryan.cantrell@chamberlainlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cellular Sales of Knoxville, Inc.**          represented by   **Charles L. Carbo , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph M. Dougherty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan O. Cantrell**

**JA-051**

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2014 | 49 | ORDER that this case reopened in accordance with the Second Circuits Mandate vacating the Judgment entered on March 29, 2013 (Dkt. No. 39); in the interest of economy and avoidance of unnecessary duplication of effort and litigation expense, this action 1:12-CV-0584 (NAM/CFH) is hereby consolidated with 1:13-CV-0738 (NAM/RFT). This action, 1:12-CV-0584 (NAM/CFH), is now designated as the lead case and the action subsequently commenced by the pltfs, 1:13-CV-0738 (NAM/RFT), is designated as the member case, pursuant to Rule 42(a) of the Fed. R. Civ. P., solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to later apply to the assigned trial judge for an order consolidated cases for trial. ALL FUTURE FILINGS MUST BE FILED ONLY IN THE LEAD CASE, 1:12-CV-0584 (NAM/CFH). NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE, 1:13-CV-0738 (NAM/RFT); and that in view of the substantial involvement of U.S. Magistrate Judge Randolph Treece in handling discovery matters in the member case, 1:13-CV-0738 the Clerk of the Court is directed to assign lead case, 1:12-CV-0584 (NAM/CFH) to U. S. Magistrate Judge Treece. Signed by Senior Judge Norman A. Mordue on 10/21/2014. (sec) (Entered: 10/21/2014) |
| 05/28/2014 | 48 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 47 Memorandum of Law (Carbo, Charles) (Entered: 05/28/2014) |
| 05/28/2014 | 47 | MEMORANDUM OF LAW *REPLY IN FURTHER SUPPORT OF DEFENDANTS' BRIEF ADDRESSING THE IMPACT OF THE SECOND CIRCUIT'S MANDATE* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 05/28/2014) |
| 05/21/2014 | 46 | LETTER BRIEF *addressing the impact of the Second Circuit's mandate [Dkt 43]* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 05/21/2014) |
| 04/30/2014 | 45 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC (Dougherty, Joseph) (Entered: 04/30/2014) |
| 04/30/2014 | 44 | MEMORANDUM OF LAW re 43 Order,,,, *directing the Defendants' to submit a brief addressing the impact of the Second Circuit's mandate (Dkt. 42, Apr. 8, 2014)* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Dougherty, Joseph) (Entered: 04/30/2014) |
| 04/17/2014 | 43 | TEXT ORDER - The Court directs the parties to submit briefs addressing the impact of the Second Circuit's mandate (Dkt. No. 42, Apr. 8, 2014), see Holick v. Cellular Sales of New York, LLC, 2014 WL 961083 (2d Cir. Mar. 13, 2014), on defendants' "Motion to dismiss for lack of subject matter jurisdiction |

**JA-052**

|  |  |  |
|---|---|---|
|  |  | pursuant to Rule 12(b)(1), or, in the alternative, to compel mediation and stay the proceedings pending mediation" (Dkt. No. 8). The briefing schedule is as follows: Defendants' Memorandum of Law shall be filed on or before April 30, 2014; Plaintiffs' Memorandum of Law shall be filed on or before May 21, 2014; and any reply by Defendants shall be filed on or before May 28. 2014. The parties may also, if they so desire, briefly address their positions on the impact of the Second Circuit's mandate on the motions (Dkt. Nos. 10, 18, 27, and 37) dismissed as moot in the Courts Memorandum-Decision and Order (Dkt. No. 38). Endorsed by Senior Judge Norman A. Mordue on 4/17/14. (jlr) (Entered: 04/17/2014) |
| 04/08/2014 | 42 | MANDATE of USCA, issued 4/7/14, as to plaintiffs' 40 Appeal: the appeal is dismissed in part as moot, and to the extent not dismissed, the judgment is VACATED and the case REMANDED.(cbm ) (Entered: 04/08/2014) |
| 04/29/2013 |  | USCA Case Number is 13-1294 for pltfs' 40 Appeal. (cbm,\ ) (Entered: 04/29/2013) |
| 04/08/2013 | 41 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals, re: 40 Notice of Appeal. (Attachments: # 1 Civil Appeals Packet) (see) (Entered: 04/08/2013) |
| 04/08/2013 | 40 | NOTICE OF APPEAL as to 38 Order and 39 Judgment by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. Filing fee $ 455, receipt number 0206-2512804. (Dunn, Ronald) (Entered: 04/08/2013) |
| 03/29/2013 | 39 | JUDGMENT granting defts' motion to compel arbitration and dismissing the complaint without prejudice, pursuant to the 38 Memorandum-Decision & Order of the Honorable Norman A. Mordue. (see) (Entered: 03/29/2013) |
| 03/29/2013 | 38 | MEMORANDUM-DECISION & ORDER that defendants motion to dismiss (Dkt. #8) pursuant to Fed. R. Civ. P. 12 (b) (1) for lack of subject matter jurisdiction is DENIED; that defendants alternative motion (Dkt. # 8) to compel arbitration is GRANTED; that the complaint is dismissed without prejudice; that in light of the Courts determination to grant defendants motion to compel arbitration and dismiss the complaint, it is further ORDERED that defendant CSOKIs motion to dismiss for lack of personal jurisdiction (Dkt. #10) is DENIED as moot; that plaintiffs motion for conditional certification of a collective action under the FLSA (Dkt. #27) is DENIED as moot; and that the parties remaining pending motions, Dkts # 18 and #37 are DENIED as moot. Signed by Judge Norman A. Mordue on 3/28/2013. (see) (Entered: 03/29/2013) |
| 12/03/2012 | 37 | Letter Motion from Daniel A. Jacobs for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting That this Court consider the Consent Order in Bolletino, et al. v. Cellular Sales of Knoxville submitted to Judge Mordue . (Attachments: # 1 Stipulation and Order in Bolletino v. Cellular Sales of Knoxville)(Jacobs, Daniel) (Entered: 12/03/2012) |
| 11/02/2012 | 36 | Letter Motion from Plaintiffs Counsel for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh |

| | | |
|---|---|---|
| | | requesting Seeking consideration of new legal authority submitted to Judge Mordue . (Attachments: # 1 Newbanks and Walton v. Cellular Sales of Knoxville, et al. (3:12-1420-CMC) Order Granting Plaintiffs' Request for Jurisdictional Discovery)(Jacobs, Daniel) (Entered: 11/02/2012) |
| 11/02/2012 | 35 | Letter Motion from Plaintiffs for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting Seeking Consideration of new legal authority in pending motion to dismiss submitted to Judge Mordue . (Attachments: # 1 Newbanks and Walton v. Cellular Sales of Knoxville, et al.; Order Granting Motion to Amend Complaint and Denying Motion to Compel Arbitration)(Jacobs, Daniel) (Entered: 11/02/2012) |
| 10/10/2012 | 34 | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 33 Reply to Response to Motion, (Jacobs, Daniel) (Entered: 10/10/2012) |
| 10/09/2012 | 33 | REPLY to Response to Motion re 27 MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Appendix A to Reply Brief, # 2 Affirmation with Exhibit AA)(Jacobs, Daniel) (Entered: 10/09/2012) |
| 10/09/2012 | | TEXT ORDER granting the 32 Letter Motion from Daniel A. Jacobs, Esq. for plaintiffs requesting Leave purusant to Local Rule 7.1(b)(2) to submit a Reply in Response to Defendants' Opposition to previously filed Motion. The reply shall be filed 10/9/12 and shall be no longer than 10 pages in length. Signed by Judge Norman A. Mordue on 10/9/12. (jlr) (Entered: 10/09/2012) |
| 10/02/2012 | 32 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting Leave purusant to Local Rule 7.1(b)(2) to submit a Reply in Response to Defendants' Opposition to previously filed Motion submitted to Judge Mordue . (Jacobs, Daniel) (Entered: 10/02/2012) |
| 10/01/2012 | 31 | MEMORANDUM OF LAW re 27 Motion for Miscellaneous/Other Relief,,,, filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Unpublished Case, # 10 Unpublished Case, # 11 Unpublished Case, # 12 Unpublished Case, # 13 Unpublished Case, # 14 Unpublished Case, # 15 Unpublished Case, # 16 Unpublished Case, # 17 Unpublished Case)(Carbo, Charles) (Entered: 10/01/2012) |
| 09/07/2012 | | Reset Response to motion Deadline as to Pltf's 27 MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling . Deft's Response to Motion is now due by 10/1/2012. (sfp, ) (Entered: 09/07/2012) |
| 09/07/2012 | 30 | REQUEST AND ORDER granting 28 Letter Request for extension of time to 10/1/12 for deft's to file their reponse to pltf's 27 Motion. Signed by Judge Norman A. Mordue on 9/7/12. (sfp, ) (Entered: 09/07/2012) |
| 09/04/2012 | 29 | |

**JA-054**

| | | |
|---|---|---|
| | | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Christian F. Hummel for all further proceedings. Magistrate Judge David R. Homer no longer assigned to case. Signed by Chief Judge Gary L. Sharpe on 9/4/2012. (dpk) (Entered: 09/05/2012) |
| 08/27/2012 | | CLERK'S CORRECTION OF DOCKET ENTRY: Document 28 was modified to correctly reflect it is a Letter Request/Motion for an Extension of Time. Document was incorrectly filed as a formal motion. (amt) (Entered: 08/27/2012) |
| 08/27/2012 | 28 | LETTER REQUEST/MOTION for Extension of Time to File Response/Reply as to 27 MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to David R. Homer. (Dougherty, Joseph) Modified on 8/27/2012 (amt). (Entered: 08/27/2012) |
| 08/24/2012 | 27 | MOTION for Conditional Certification of FLSA Collective Action and Equitable Tolling Motion Hearing set for 10/3/2012 10:00 AM in Syracuse before Judge Norman A. Mordue Response to Motion due by 9/17/2012 filed by Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh. (Attachments: # 1 Affirmation of Daniel A. Jacobs, Esq. in Support of Motion, # 2 Exhibit(s) AA to Jacobs Affirmation, # 3 Exhibit(s) BB to Jacobs Affirmation, # 4 Exhibit(s) CC to Jacobs Affirmation, # 5 Exhibit(s) DD to Jacobs Affirmation, # 6 Declaration of Jan P. Holick, Jr. in Support of Motion, # 7 Exhibit(s) A-D to Holick Declaration, # 8 Exhibit(s) E-H to Holick Declaration, # 9 Declaration of Steven Moffitt in Support of Motion, # 10 Declaration of Justin Moffitt in Support of Motion, # 11 Declaration of Gurwinder Singh in Support of Motion, # 12 Declaration of Timothy M. Pratt in Support of Motion, # 13 Declaration of William Burrell in Support of Motion, # 14 Memorandum of Law in Support of Motion, # 15 Appendix to Memorandum of Law, # 16 Certificate of Service) Motions referred to David R. Homer. (Jacobs, Daniel) (Entered: 08/24/2012) |
| 08/23/2012 | 26 | NOTICE by William Burrell *Consent to Sue under FLSA* (Jacobs, Daniel) (Entered: 08/23/2012) |
| 08/21/2012 | 25 | NOTICE by Timothy M. Pratt *Consent to Sue under FLSA* (Jacobs, Daniel) (Entered: 08/21/2012) |
| 08/01/2012 | 24 | ORDER re Telephone Conference. ORDERED that plaintiffs' various requests for relief are DENIED except that it is noted that plaintiffs may move for provisional class certification whenever they deem it appropriate and such motion shall proceed before the assigned district court judge according to the normal motion practice in this District. (Motions terminated: 21 Letter Motion) Signed by Magistrate Judge David R. Homer on 7/31/2012. (dpk) (Entered: 08/01/2012) |
| 07/30/2012 | | Minute Entry for proceedings held re 21 and 22 with Magistrate Judge David R. Homer: A telephone conference was held on-the-record on 7/30/2012. Appearances: Daniel Jacobs, Joseph Doherty, Charles Carbo. Arguments were heard. Plaintiffs' various requests were denied except plaintiffs were granted leave to file motion for provisionsl class certification. A written order will enter. |

**JA-055**

| | | |
|---|---|---|
| | | (Court Reporter Theresa Casal) (CRD Lynda Hennessy) (lah, ) (Entered: 08/01/2012) |
| 07/26/2012 | 23 | ORDER granting 19 Motion for Limited Admission Pro Hac Vice. Signed by Magistrate Judge David R. Homer on 7/20/2012. (dpk) (Entered: 07/26/2012) |
| 07/23/2012 | | TEXT NOTICE re 21 and 22 . A Telephone Conference is set for 7/30/2012 at 11:00 AM with Magistrate Judge David R. Homer. Please use the Court's DIAL-IN # 1-888-684-8852 ACCESS CODE 4750370 SECURITY CODE 1234. (lah, ) (Entered: 07/23/2012) |
| 07/20/2012 | 22 | RESPONSE TO LETTER BRIEF filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC as to 21 Letter Request/Motion, filed by Jan P. Holick, Jr., Jason Mack, Justin Moffitt, Steven Moffitt . (Carbo, Charles) (Entered: 07/20/2012) |
| 07/20/2012 | 21 | Letter Motion from Daniel A. Jacobs, Esq. for Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh requesting Reconsideration of Adjournment of Rule 16 Conference submitted to Judge Homer . (Jacobs, Daniel) (Entered: 07/20/2012) |
| 07/20/2012 | | TEXT ORDER re 20 Letter Request. The Rule 16 Conference previously set for 8/15/2012 at 10:00 a.m. is ADJOURNED WITHOUT DATE pending decision on the dispositive motion before the District Court. Authorized by Magistrate Judge David R. Homer on 7/20/12. (lah, ) (Entered: 07/20/2012) |
| 07/19/2012 | 20 | Letter Motion from C. Larry Carbo III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting that the Rule 16 conference, Rule 26 conference, and filing of Case Management Plan be adjourned unil the pending motions are decided . (Carbo, Charles) (Entered: 07/19/2012) |
| 07/19/2012 | 19 | MOTION for Limited Admission Pro Hac Vice of Ryan Oliver Cantrell Filing fee $100, receipt number 0206-2257140. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to David R. Homer. (Dougherty, Joseph) (Entered: 07/19/2012) |
| 07/16/2012 | 18 | Letter Motion for Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh requesting review of objections to Defendant's additional Reply Brief submitted to Judge Mordue . (Dunn, Ronald) (Entered: 07/16/2012) |
| 07/16/2012 | | TEXT NOTICE - The 10 MOTION to Dismiss for Lack of Personal Jurisdiction is returnable on 7/18/2012 before Judge Norman A. Mordue. The motion is fully briefed. The motion is on submit. NO appearances. (jlr) (Entered: 07/16/2012) |
| 07/12/2012 | 17 | REPLY to Response to Motion re 10 MOTION to Dismiss for Lack of Personal Jurisdiction *Defendant's Objections to Evidence Submitted by Plaintiffs in Support of Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss* filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Proposed Order/Judgment)(Carbo, Charles) (Entered: 07/12/2012) |
| 07/12/2012 | 16 | REPLY to Response to Motion re 8 MOTION to Dismiss for Lack of Subject Matter Jurisdiction *Pursuant to Rule 12(b)(1), or, in the Alternative, to Compel Mediation and Stay the Proceedings Pending Mediation* filed by Cellular Sales |

| | | of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) Unpublished Cases)(Carbo, Charles) (Entered: 07/12/2012) |
|---|---|---|
| 07/12/2012 | 15 | REPLY to Response to Motion re 10 MOTION to Dismiss for Lack of Personal Jurisdiction filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) Unpublished Cases)(Carbo, Charles) (Entered: 07/12/2012) |
| 07/05/2012 | 14 | ORDER granting 13 Letter Request: extending time to 7/12/12 for defts to file Reply to Response to 8 and 10 motions to dismiss. Signed by Judge Norman A. Mordue on 7/5/12. (cbm ) (Entered: 07/05/2012) |
| 07/03/2012 | 13 | *Unopposed* Letter Motion from C. Larry Carbo III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Extension for Defendants' Reply to Motion to Dismiss submitted to Judge Norman A. Mordue . (Carbo, Charles) (Entered: 07/03/2012) |
| 06/29/2012 | 12 | MEMORANDUM OF LAW re 8 Motion to Dismiss/Lack of Subject Matter Jurisdiction,, 10 Motion to Dismiss/Lack of Personal Jurisdiction, *In Opposition to Motions to Dismiss* filed by Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Gurwinder Singh. (Attachments: # 1 Affidavit Holick, # 2 Affirmation Dunn, # 3 Exhibit(s) Exhibit EE to Dunn Affirmation)(Dunn, Ronald) (Entered: 06/29/2012) |
| 06/12/2012 | 11 | Exhibits (Case Law) to 8 Motion to Dismiss for Lack of Subject Matter Jurisdiction *Pursuant to Rule 12(b)(1), or, in the Alternative, to Compel Mediation and Stay the Proceedings Pending Mediation* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *Unpublished Case Law 1 of 3* (Attachments: # 1 Exhibit(s) Case Law 2 of 2, # 2 Exhibit(s) Case Law 2 of 3) (Carbo, Charles) Modified on 6/13/2012 to correctly identify document. (mnm). (Entered: 06/12/2012) |
| 06/08/2012 | 10 | MOTION to Dismiss for Lack of Personal Jurisdiction Motion Hearing set for 7/16/2012 01:00 PM in Albany before Judge Norman A. Mordue Response to Motion due by 6/29/2012 Reply to Response to Motion due by 7/5/2012. filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) Case Law) (Carbo, Charles) (Entered: 06/08/2012) |
| 06/08/2012 | 9 | NOTICE by Cellular Sales of Knoxville, Inc. *of Motion* (Carbo, Charles) (Entered: 06/08/2012) |
| 06/08/2012 | 8 | MOTION to Dismiss for Lack of Subject Matter Jurisdiction *Pursuant to Rule 12(b)(1), or, in the Alternative, to Compel Mediation and Stay the Proceedings Pending Mediation* Motion Hearing set for 7/16/2012 01:00 PM in Albany before Judge Norman A. Mordue Response to Motion due by 6/29/2012 Reply to Response to Motion due by 7/5/2012. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F) (Carbo, Charles) (Entered: 06/08/2012) |
| 06/08/2012 | 7 | NOTICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *of Motion* (Carbo, Charles) (Entered: 06/08/2012) |

| 05/29/2012 | 6 | ORDER granting 5 Motion for Limited Admission Pro Hac Vice for Cahrles Larry Carbo, III. Signed by Magistrate Judge David R. Homer on 5/25/12. (tab) (Entered: 05/29/2012) |
|---|---|---|
| 05/25/2012 | 5 | MOTION for Limited Admission Pro Hac Vice of Charles Larry Carbo, III Filing fee $100, receipt number 0206-2203095. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to David R. Homer. (Dougherty, Joseph) (Entered: 05/25/2012) |
| 04/19/2012 | 4 | WAIVER OF SERVICE Returned Executed by Steven Moffitt, Jan P. Holick, Jr, Justin Moffitt, Gurwinder Singh, Jason Mack. All Defendants. (Jacobs, Daniel) (Entered: 04/19/2012) |
| 04/05/2012 | 3 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 8/15/2012 10:00 AM in Albany before Magistrate Judge David R. Homer. Civil Case Management Plan due by 8/1/2012. (see) (Entered: 04/05/2012) |
| 04/05/2012 | 2 | Summonses Issued as to Cellular Sales of Knoxville, Inc. and Cellular Sales of New York, LLC. (Attachments: # 1 Summons for Cellular Sales of New York, LLC)(see) (Entered: 04/05/2012) |
| 04/04/2012 | 1 | COLLECTIVE AND CLASS ACTION COMPLAINT with Jury Demand against Cellular Sales of Knoxville, Inc., and Cellular Sales of New York, LLC (Filing fee $350 receipt number 0206-2153632) filed by Steven Moffitt, Jan P. Holick, Jr, Justin Moffitt, Gurwinder Singh, and Jason Mack. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Civil Cover Sheet)(see) (Entered: 04/05/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/19/2014 11:38:15 | | |
| PACER Login: | hs0152:2563201:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:12-cv-00584-NAM-RFT |
| Billable Pages: | 8 | Cost: | 0.80 |

MEMBER

# U.S. District Court
## Northern District of New York - Main Office (Syracuse) [LIVE - Version 6.1]
### (Albany)
## CIVIL DOCKET FOR CASE #: 1:13-cv-00738-NAM-RFT

Holick et al v. Cellular Sales of New York, LLC et al
Assigned to: Senior Judge Norman A. Mordue
Referred to: Magistrate Judge Randolph F. Treece
Lead case: 1:12-cv-00584-NAM-RFT
Member case: (View Member Case)
Cause: 29:201 Denial of Overtime Compensation

Date Filed: 06/24/2013
Jury Demand: None
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**

**Jan P. Holick, Jr.**                    represented by  **Daniel A. Jacobs**
                                                           Gleason, Dunn Law Firm
                                                           40 Beaver Street
                                                           Albany, NY 12207
                                                           518-432-7511
                                                           Fax: 518-432-5221
                                                           Email: djacobs@gdwo.net
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Ronald G. Dunn**
                                                           Gleason, Dunn Law Firm
                                                           40 Beaver Street
                                                           Albany, NY 12207
                                                           518-432-7511
                                                           Fax: 518-432-5221
                                                           Email: rdunn@gdwo.net
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steven Moffitt**                        represented by  **Daniel A. Jacobs**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Ronald G. Dunn**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JA-059**

Justin Moffitt                          represented by **Daniel A. Jacobs**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ronald G. Dunn**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

Plaintiff
**Gurwinder Singh**                     represented by **Daniel A. Jacobs**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ronald G. Dunn**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

Plaintiff
**Jason Mack**                          represented by **Daniel A. Jacobs**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ronald G. Dunn**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

Plaintiff
**William Burrell**                     represented by **Daniel A. Jacobs**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ronald G. Dunn**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

Plaintiff
**Timothy M. Pratt**                    represented by **Daniel A. Jacobs**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**JA-060**

Ronald G. Dunn
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cellular Sales of New York, LLC**          represented by **Charles L. Carbo , III**
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email:
Larry.carbo@chamberlainlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie R. Offerman**
Chamberlain, Hrdlicka Law Firm
1200 Smith Street
Suite 1400
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email:
julie.offerman@chamberlainlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph M. Dougherty**
Hinman, Straub Law Firm - Albany
Office
121 State Street
Albany, NY 12207
518-436-0751
Fax: 518-436-4751
Email: jdougherty@hinmanstraub.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cellular Sales of Knoxville, Inc.**          represented by **Charles L. Carbo , III**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie R. Offerman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph M. Dougherty**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2014 | 132 | ORDER. It is ORDERED that in the interests of economy and avoidance of unnecessary duplication of effort and litigation expense, this action is hereby consolidated with 1:12-cv-584. This action is now designated as the member case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to later apply to the assigned trial judge for an order consolidating the cases for trial. All future filings must be filed ONLY in the LEAD case, 1:12-cv-584. NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE. Signed by Senior Judge Norman A. Mordue on 10/21/2014. (dpk) (Entered: 10/22/2014) |
| 10/21/2014 | 131 | ORDER denying the 27 Motion to Compel arbitration. Signed by Senior Judge Norman A. Mordue on 10/21/14. (jlr) (Entered: 10/21/2014) |
| 09/30/2014 | 130 | ORDER denying the 65 Appeal of Magistrate Judge Decision to District Court. The order (Dkt. No. 62) of United States Magistrate Judge Randolph F. Treece is affirmed. Signed by Senior Judge Norman A. Mordue on 9/30/14. (jlr) (Entered: 09/30/2014) |
| 09/24/2014 | 129 | DISCOVERY ORDER. Signed by Magistrate Judge Randolph F. Treece on 9/24/2014. (dpk) (Entered: 09/24/2014) |
| 09/02/2014 | 128 | LETTER BRIEF by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 09/02/2014) |
| 08/29/2014 | | TEXT NOTICE: In light of the fact that 9/1/2014 is a holiday and the Court is closed, the deadline for Defendants to file a Response to Plaintiffs' Letter Brief with regard to the reclassification issue is reset to 9/2/2014. (mab) (Entered: 08/29/2014) |
| 07/31/2014 | 127 | LETTER BRIEF *pursuant to the Court's July 18, 2014 Order [Dkt. 125 at p. 2]* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 07/31/2014) |
| 07/22/2014 | | |

| | | |
|---|---|---|
| | | TEXT NOTICE: On July 18, 2014, the Court held a conference with the parties regarding various discovery issues. The Court directed further briefing with regard to the reclassification issue. Plaintiff shall file a Letter Brief by 7/31/2014. Defendants shall file a Response to Letter Brief by 9/1/2014. (mab) (Entered: 07/22/2014) |
| 07/22/2014 | 126 | UNIFORM PRETRIAL SCHEDULING ORDER: Discovery due by 4/30/2015. Motions to be filed by 7/30/2015. This matter has been OPTED OUT of the Court's Mandatory Mediation Program. Trial Ready Deadline is 9/14/2015. Bench Trial set for 10/19/2015 at 9:30 AM in Syracuse, NY before Senior Judge Norman A. Mordue. Status Reports due by 11/20/2014 and 2/27/2015. Signed by Magistrate Judge Randolph F. Treece on 7/22/2014. (mab) (Entered: 07/22/2014) |
| 07/18/2014 | 125 | ORDER re Telephone Conference. Discovery due by 4/30/2015. Motions to be filed by 7/30/2015. Signed by Magistrate Judge Randolph F. Treece on 7/18/2014. (dpk) (Entered: 07/18/2014) |
| 07/17/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 7/17/2014. Appearances: Daniel Jacobs, Esq. for Plaintiffs and Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. for Defendants. The Court lifts the STAY on discovery that was previously issued in this matter. Deadlines are set for discovery and for the filing of dispositive motions. The parties discuss several discovery issues that have been raised. After hearing from all counsel, the Court makes various rulings as to those issues on the record. The Court will issue an Order setting forth those rulings and a Uniform Pretrial Scheduling Order. (Court Reporter: Lisa Tennyson) (TIME: 2:30PM - 3:10PM). (mab) (Entered: 07/17/2014) |
| 07/11/2014 | | TEXT NOTICE: A Telephone Conference in this matter is set for 7/17/2014 at 2:30 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 13738 to be connected to the conference call. (mab) (Entered: 07/11/2014) |
| 07/10/2014 | 124 | LETTER BRIEF *providing requested times for conference* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 07/10/2014) |
| 07/10/2014 | 123 | LETTER BRIEF *pursuant to text order [Dkt. 122]* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 07/10/2014) |
| 07/09/2014 | 122 | ORDER granting 119 , Defendants' Letter Request, to the extent it seeks a telephone conference. The parties shall file the dates and times that they may be available for a telephone conference during the week ending July 18, 2014. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 7/9/2014. (Treece, Randolph) (Entered: 07/09/2014) |
| 07/09/2014 | 121 | RESPONSE TO LETTER BRIEF filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh as to 119 Letter Request/Motion filed by Cellular Sales of New York, LLC, Cellular Sales of Knoxville, Inc. . (Jacobs, Daniel) (Entered: 07/09/2014) |

| 07/07/2014 | 120 | TEXT ORDER: On July 7, 2014, Defendants filed a Letter Request seeking clarification from the Court as to whether discovery continues to be stayed in this matter. Dkt. No. 119 . The Court is taking this request under advisement. Plaintiffs are directed to file a response to Defendants' submission by July 9, 2014. SO ORDERED. Authorized by Magistrate Judge Randolph F. Treece on 7/7/2014. (mab) (Entered: 07/07/2014) |
|---|---|---|
| 07/07/2014 | 119 | Letter Motion from Defendants for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Clarification submitted to Judge Randolph F. Treece . (Carbo, Charles) (Entered: 07/07/2014) |
| 05/23/2014 | 118 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 76 Order,, *joint proposed litigation plan* (Jacobs, Daniel) (Entered: 05/23/2014) |
| 05/23/2014 | 117 | ORDER granting 114 , Plaintiffs' Letter Request, seeking permission for Mr. Holar to interpose his FLSA claim in this action. Mr. Holar's is filing his Consent Form after the return date. Because Defendants do not oppose the filing of Holar's belated Consent Form, said application is granted. However, the Court is not prepared, at this time, to grant blanket permission to all other prospective opt-in plaintiff who are filing their Consent Forms after the return date. Each will have to be considered on their own merit. IT IS SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 5/23/2014. (Treece, Randolph) (Entered: 05/23/2014) |
| 05/21/2014 | 116 | RESPONSE to Motion re 114 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting approval of the late filing of the Consent Form of Richard Hollar, II filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Dougherty, Joseph) (Entered: 05/21/2014) |
| 05/19/2014 | 115 | TEXT ORDER re 114 Plaintiffs' Letter Motion requesting approval of the late filing of the Consent Form of Richard Hollar. The Court is taking this request under advisement. Defendants are directed to respond to Plaintiffs' Letter Motion by 5/21/2014. SO ORDERED. Authorized by Magistrate Judge Randolph F. Treece on 5/19/2014. (mab) (Entered: 05/19/2014) |
| 05/16/2014 | 114 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting approval of the late filing of the Consent Form of Richard Hollar, II submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 05/16/2014) |
| 05/15/2014 | 113 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Richard Hollar II* (Jacobs, Daniel) (Entered: 05/15/2014) |
| 05/12/2014 | 112 | TEXT ORDER re the parties' 111 Letter Request for an extension of time to submit a joint proposed litigation plan for the next phase of this litigation as directed by the Stipulation so-ordered by the Court on February 18, 2014. (Dkts. 74 and 76). The request is GRANTED. The parties have until May 23, 2014 to submit the joint proposed litigation plan to the Court. SO ORDERED. |

| | | Authorized by Magistrate Judge Randolph F. Treece on 5/12/2014. (mab) (Entered: 05/12/2014) |
|---|---|---|
| 05/12/2014 | 111 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the date for the parties to submit to the court a joint proposed litigation plan for the next phase of litigation submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 05/12/2014) |
| 05/05/2014 | 110 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by John E. Jones* (Jacobs, Daniel) (Entered: 05/05/2014) |
| 04/23/2014 | 109 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Kayla Persaud* (Jacobs, Daniel) (Entered: 04/23/2014) |
| 04/17/2014 | 108 | ORDER deferring ruling on 102 , Plaintiffs' Letter Request, seeking a conference to address consolidating this action with Case No. 12-cv-584. Plaintiffs seek to consolidate these two cases on the proposition that they are related and arise out of the same facts and circumstances. Defendants oppose the consolidation on several grounds, including that making such a determination now while the Second Circuit Mandate is being reviewed by Judge Mordue, is premature. Recently, the Second Circuit issued a Mandate dismissing in part Plaintiffs' appeal of Judge Mordue's decision and, "to the extent not dismissed, the judgment is VACATED and the case is REMANDED." The parties disagree as to what the Mandate and the Remand actually means. This Court, as well as Judge Mordue, concur with Defendants' view that Judge Mordue's decision was not reversed but remanded for further proceedings. On April 16, 2014, Judge Mordue issued a Text Order directing the parties to submit briefs addressing the impact of the Second Circuit's Mandate, especially with regard to the Defendants' Motion to Dismiss for lack of subject matter jurisdiction. See Case No. 12-CV-584, Dkt. No. 46. Because Defendants' Motion to Dismiss remains outstanding, any conference regarding consolidation of these actions is premature. Accordingly, the Court reserves addressing this issue until Defendants' Motion is ultimately decided by Judge Mordue. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 4/17/2014. (Treece, Randolph) (Entered: 04/17/2014) |
| 04/14/2014 | 107 | RESPONSE to Motion re 105 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of new case authority in support of Plaintiffs' Opp filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Dougherty, Joseph) (Entered: 04/14/2014) |
| 04/11/2014 | 106 | RESPONSE to Motion re 102 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a Court conference pursuant to Local Rule 7.1(b)(2) submitted to Judg filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) A) (Offerman, Julie) (Entered: 04/11/2014) |

| 04/11/2014 | 105 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of new case authority in support of Plaintiffs' Opposition [Dkt 40] to Defendants' Motions [Dkt 25] and [Dkt 27] submitted to Judge Norman A. Mordue . (Jacobs, Daniel) (Entered: 04/11/2014) |
| --- | --- | --- |
| 04/07/2014 | 104 | TEXT ORDER re 102 Plaintiffs' Letter Motion requesting a Court conference pursuant to Local Rule 7.1(b)(2). The Court is taking this request under advisement. Defendants are directed to file a response to Plaintiffs' Letter Motion by 4/11/2014. SO ORDERED. Authorized by Magistrate Judge Randolph F. Treece on 4/7/2014. (mab) (Entered: 04/07/2014) |
| 04/07/2014 | 103 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Britney Ross* (Jacobs, Daniel) (Entered: 04/07/2014) |
| 04/07/2014 | 102 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a Court conference pursuant to Local Rule 7.1(b)(2) submitted to Judge Randolph F. Treece, U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Jacobs, Daniel) (Entered: 04/07/2014) |
| 04/07/2014 | 101 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Christopher Westfall* (Jacobs, Daniel) (Entered: 04/07/2014) |
| 04/02/2014 | 100 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Adam Miller* (Jacobs, Daniel) (Entered: 04/02/2014) |
| 03/25/2014 | 99 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Drake Hewitt* (Jacobs, Daniel) (Entered: 03/25/2014) |
| 03/24/2014 | 98 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Jaquennette Harris* (Jacobs, Daniel) (Entered: 03/24/2014) |
| 03/24/2014 | 97 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Kyle Degon* (Jacobs, Daniel) (Entered: 03/24/2014) |
| 03/24/2014 | 96 | CLARIFICATION ORDER: After a telephone conference held on February 26, 2014, the Court issued a Text Order summarizing the rulings made during the conference. Dkt. No. 83 . Regarding avoiding unregulated solicitation of potential opt-in plaintiffs, and should a notice of the collective action be returned undelivered, the Court wrote that Plaintiffs shall contact Defendants to secure better contact information. If Defendants are unable to provide better and suitable contact information, Plaintiffs may employ their independent investigative measures to secure better and suitable contact information. Should the latter occur, Plaintiffs may mail the Notice to the last known and suitable address. Id. Apparently, an issue has ensued as to what may be the |

| | | |
|---|---|---|
| | | probable parameters of independent investigative measures. Plaintiffs submit that their investigative measures could include a telephone call for the sole purpose of getting an updated address. Dkt. No. 93 . Conversely, Defendants take the view that any telephone calls in order to obtain updated addresses is improper. Dkt. No. 94 . In order to put this issue to rest, if the Plaintiffs independent investigative measures only produces a telephone number, Plaintiffs may call the potential opt-in plaintiff in order to obtain only an updated address to forward the Notice. Plaintiffs shall not discuss the substance of the court-supervised collective notice and will affirmatively state, if necessary, that they cannot speak with the potential plaintiff regarding the lawsuit until the potential plaintiff has received the Notice, and then may contract Plaintiffs with any inquiries relative to the lawsuit. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 3/24/2014. (Treece, Randolph) (Entered: 03/24/2014) |
| 03/21/2014 | 95 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Marisa A. Morabito* (Jacobs, Daniel) (Entered: 03/21/2014) |
| 03/20/2014 | 94 | RESPONSE to Motion re 93 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference and/or clarification on the scope of "their in *dependent investigative measures"* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Transcript February 26, 2014)(Dougherty, Joseph) (Entered: 03/20/2014) |
| 03/20/2014 | 93 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference and/or clarification on the scope of "their independent investigative measures" as permitted under the February 26, 2014 Order submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 03/20/2014) |
| 03/19/2014 | 92 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Douglas R. Camp* (Jacobs, Daniel) (Entered: 03/19/2014) |
| 03/18/2014 | 91 | TRANSCRIPT of Proceedings: Telephone Conference held on February 26, 2014 before Magistrate Judge Randolph F. Treece, Court Reporter: Theresa J. Casal, Telephone number: 518.257.1897. IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS: In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. |

| | | |
|---|---|---|
| | | After that date it may be obtained through PACER. Redaction Request due 4/8/2014. Redacted Transcript Deadline set for 4/18/2014. Release of Transcript Restriction set for 6/16/2014. Notice of Intent to Redact due by 3/24/2014 (tjc, ) (Entered: 03/18/2014) |
| 03/18/2014 | | TRANSCRIPT REQUEST (EXPEDITED) by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC for proceedings held on February 26, 2014 before Judge Randolph F. Treece.. (tjc, ) (Entered: 03/18/2014) |
| 03/18/2014 | 90 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Julie C. Miller* (Jacobs, Daniel) (Entered: 03/18/2014) |
| 03/14/2014 | 89 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Brandon Moores* (Jacobs, Daniel) (Entered: 03/14/2014) |
| 03/13/2014 | 88 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Charlene Noel* (Jacobs, Daniel) (Entered: 03/13/2014) |
| 03/11/2014 | 87 | NOTICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh *of Consent to Sue under FLSA by Christopher Dursley* (Jacobs, Daniel) (Entered: 03/11/2014) |
| 03/07/2014 | 86 | STATUS REPORT *regarding mailing of Court Supervised Notice* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Exhibit(s) A)(Jacobs, Daniel) (Entered: 03/07/2014) |
| 03/06/2014 | 85 | ORDER re 84 the parties' Letter Request to modify this Court's Order dated February 26, 2014 with regard to the temporal scope of the court-supervised notice to putative collective action members who did not sign arbitration agreements. The request is GRANTED. The Order is modified in that the temporal scope of the notice shall be from June 24, 2010 up to and through December 31, 2011. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 3/5/2014. (mab) (Entered: 03/06/2014) |
| 03/05/2014 | 84 | Letter Motion from Attorney for Defendants, C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting to Modify Order for Class Notice submitted to Judge Randolph F. Treece . (Carbo, Charles) (Entered: 03/05/2014) |
| 02/26/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 2/27/2014. Appearances: Daniel Jacobs, Esq., Ronald Dunn, Esq., Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. The Court held a telephone conference to discuss the disagreements in the proposed Stipulation and Order regarding conditional certification pursuant to FSLA that was presented to the Court. After hearing from all parties, the Court made various rulings as to those disagreements. The Court noted the parties' respective objections. Since the Court ruled on the disagreements, the Court so ordered the Stipulation. (Court Reporter: Theresa Casal). (mab) (Entered: 02/27/2014) |

| 02/26/2014 | 83 | TEXT ORDER: On February 14, 2014, the parties presented to the Court a Stipulation and Order regarding a conditional certification pursuant to FLSA section 216(b). See Dkt. No. 74 . Although the parties have entered into a Stipulation, the parties disagreed as to four features which would be relevant to the Notice of Collective Action Lawsuit. See Dkt. No. 74 at paragraph 3 ("In light of the defendants' agreement to conditional certification..., only a few issues remain for the court's determination with respect to the... content and distribution of the Notice of Collective Action Lawsuit."). The Court issued a Text Order directing the parties to further brief their respective positions regarding their differences over the Notice. Dkt. No. 76 . Pursuant to that Text Order, both parties filed Legal-Briefs on February 24, 2014. See Dkt. Nos. 81 , Pls.' Lt.-Br., 82 , Defs.' Lt.-Br. On February 26, 2014, a telephonic Hearing was held on the record. During the Hearing, the parties made further arguments and responded to the Court's inquiries. Further, the Court made several Rulings on the record regarding what should be included or omitted from the Notice, which are incorporated by reference into this Text Order and summarized as follows: (1) the temporal scope of this Notice shall be three years running from June 24, 2010 to June 24, 2013; (2) the potential opt-in plaintiffs shall not be advised of the pending state claims, only the FLSA claim; (3) the potential opt-in plaintiffs shall not be advised of their potential liability for costs or that Defendants may file counterclaims; and (4) to avoid unregulated solicitation of potential opt-in plaintiffs, should a Notice be returned undelivered, Plaintiffs shall contact Defendants to secure better contact information. If Defendants are unable to provide better and suitable contact information, Plaintiffs may employ their independent investigative measures to secure better and suitable information. Should the latter occur, Plaintiffs may mail the Notice to the last known and suitable address. However, should a potential opt-in plaintiff contact Plaintiffs' Counsel directly, Counsel has the right to discuss with that inquiring party the nature of the lawsuit and the related claims. The Court notes the parties' respective objections to the above Rulings. Now that the Court has ruled on the parties' differences, the Court so orders the Stipulation. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 2/26/2014. (Treece, Randolph) (Entered: 02/26/2014) |
| 02/26/2014 | | TEXT NOTICE: The Telephone Conference set for 2/26/2014 is RESCHEDULED as to TIME ONLY. The telephone conference will now be held on 2/26/2014 at 3:30 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference. You may be prompted to announce your name. (mab) (Entered: 02/26/2014) |
| 02/24/2014 | 82 | LETTER BRIEF *submitted pursuant to the Court's February 18, 2014 Order to brief the Court on Defendants' position in relation to the parties' identified differences in Paragraph 3 of their signed Stipulation* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit (s) A)(Carbo, Charles) (Entered: 02/24/2014) |
| 02/24/2014 | 81 | LETTER BRIEF *submitted pursuant to the Court's February 18, 2014 Order to brief the Court on Plaintiff's position in relation to the parties identified differences in Paragraph 3 of their signed Stipulation [Dkt. 76]* by William |

| | | |
|---|---|---|
| | | Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Jacobs, Daniel) (Entered: 02/24/2014) |
| 02/19/2014 | | TEXT NOTICE: A Telephone Conference is set for 2/26/2014 at 3:00 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference. You may be prompted to announce your name. (mab) (Entered: 02/19/2014) |
| 02/18/2014 | 80 | Letter Brief from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting Pursuant to text order issued (Dkt 76) stating plaintiffs' counsel availability for a telephonic court conference submitted to Judge Randolph F. Treece . (Jacobs, Daniel) Modified on 2/19/2014 (jlr). Changed from letter motion to letter brief. (Entered: 02/18/2014) |
| 02/18/2014 | 79 | LETTER BRIEF *Regarding Availability for TeleConference* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 02/18/2014) |
| 02/18/2014 | 78 | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 77 Response to Appeal of Magistrate Judge Decision (Jacobs, Daniel) (Entered: 02/18/2014) |
| 02/18/2014 | 77 | Response by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh to 65 Appeal of Magistrate Judge Decision to District Court, (Jacobs, Daniel) (Entered: 02/18/2014) |
| 02/18/2014 | 76 | ORDER: The parties have filed a proposed Stipulation and Order. Dkt. No. 74 . Paragraph 3 of the proposed Stipulation and Order and the Notice of Collective Action highlight differences between the parties that may require a court determination in resolving them. Regarding these identified differences, the parties shall file their respective letter brief no later than February 24, 2014. Further, the parties shall file the dates and times that they may be available for a telephone conference during the weeks ending February 21 and 28, 2014. The Court anticipates the parties' immediate attention to this Text Order. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 2/18/2014. (Treece, Randolph) (Entered: 02/18/2014) |
| 02/14/2014 | 75 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 74 Stipulation *and Order* (Carbo, Charles) (Entered: 02/14/2014) |
| 02/14/2014 | 74 | STIPULATION *and Order* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC submitted to Judge Rudolph F. Treece. (Attachments: # 1 Exhibit(s) A)(Carbo, Charles) (Entered: 02/14/2014) |
| 02/12/2014 | 73 | TEXT ORDER re the parties' 72 Letter Request for an extension of time to advise the Court regarding conditional certification. The request is GRANTED. Status Report shall be filed by 2/14/2014. SO ORDERED. Authorized by |

| | | |
|---|---|---|
| | | Magistrate Judge Randolph F. Treece on 2/12/2014. (mab) (Entered: 02/12/2014) |
| 02/11/2014 | 72 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the deadline to advise the Court regarding conditional certification to February 14, 2014 submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 02/11/2014) |
| 02/06/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 2/6/2014. Appearances: Daniel Jacobs, Esq., Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. The parties discuss Plaintiffs motion for conditional certification with the Court. The parties are directed to file a Status Report by 2/11/2014 with regard to this motion. (Court Reporter: Lisa Tennyson). (mab) (Entered: 02/06/2014) |
| 01/28/2014 | | TEXT NOTICE: A Telephone Conference in this matter is set for 2/6/2014 at 3:00 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference call. You may be prompted to announce your name. (mab) (Entered: 01/28/2014) |
| 01/24/2014 | 71 | ORDER denying the 67 Motion for Preliminary Injunction. Signed by Senior Judge Norman A. Mordue on 1/24/14. (jlr) (Entered: 01/24/2014) |
| 01/22/2014 | 70 | Response to the 67 Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of date of Plaintiffs' notice of Emergency Motion in consideration of Defendants' Emergency Motion [Dkt 67] submitted to Judge Norman A. Mordue . (Jacobs, Daniel) Modified on 1/22/2014 (jlr). (Entered: 01/22/2014) |
| 01/22/2014 | 69 | STATUS REPORT *regarding discovery order issued on January 4, 2014* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 01/22/2014) |
| 01/22/2014 | | TEXT NOTICE - Counsel is directed to immediately send a courtesy copy of the 40 Response in Opposition to Motion, the 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* and the 54 Reply to Response to Motion to Judge Mordue's chambers. (jlr) (Entered: 01/22/2014) |
| 01/21/2014 | 68 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 67 Emergency MOTION for Preliminary Injunction *Staying the Magistrate's Order for Production* (Carbo, Charles) (Entered: 01/21/2014) |
| 01/21/2014 | 67 | Emergency MOTION for Preliminary Injunction *Staying the Magistrate's Order for Production* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Affidavit, # 2 Memorandum of Law) (Carbo, Charles) (Entered: 01/21/2014) |
| 01/21/2014 | 66 | |

**JA-071**

| | | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 65 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *on January 4, 2014 Discovery Order* (Carbo, Charles) (Entered: 01/21/2014) |
|---|---|---|
| 01/21/2014 | 65 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC *on January 4, 2014 Discovery Order* Motion Hearing set for 3/5/2014 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 2/18/2014 (Attachments: # 1 Memorandum of Law, # 2 Record on Appeal Designation for Purposes of Defendants' Objections to the Magistrate Judge's January 4, 2014 Discovery Order)(Carbo, Charles) (Entered: 01/21/2014) |
| 01/13/2014 | 64 | TOLLING STIPULATION and ORDER. Signed by Magistrate Judge Randolph F. Treece on 1/13/2014. (mab) (Entered: 01/13/2014) |
| 01/10/2014 | 63 | STIPULATION *on Tolling* by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC submitted to Judge Randolph Treece. (Carbo, Charles) (Entered: 01/10/2014) |
| 01/04/2014 | 62 | ORDER: After presiding over a discovery conference, which was held on the record, on December 19, 2013, the Court issued a Discovery Order, Dkt. No. 56 . In addition to addressing the matter of personal jurisdiction, the filing an Answer, and directing that Defendants to disclose the names and addresses of those similarly suited potential opt-in plaintiffs, the Court reserved on the issues of whether those employees who signed arbitration agreements and yet may be potential opt-in plaintiffs should be disclosed to Plaintiffs. Id. Based upon the Defendants representation that there was controlling Second Circuit precedent regarding this disclosure, the Court granted Defendants an opportunity to provide that controlling precedent. Additionally, the Court asks the parties to meet and confer as to the next steps and to propose dates. Id. Well, the parties indeed met and conferred but with no positive results. See the parties respective Status Reports, Dkt. Nos. 59 & 60 . Since it was such a simple task for the parties to meet and confer and respond to the Courts directions, there is no benefit for this Court to engage in another conference and, therefore, declines the invitation. Instead, the Court intends to Rule so that this case may proceed accordingly. Additionally, the Court declines a stay while Judge Mordue decides the Motion to Compel Arbitration. Judicial economy would be lost if we waited. As this Court made explicitly clear, the tolling of the statute limitations applied solely to those employees with arbitration agreements. Plaintiffs expansion of this defined group to include all potential opt-in plaintiffs is without merit. Therefore, the parties shall execute the Defendants proposed equitable tolling of the statute of limitation stipulation for those employees with arbitration agreement and file it with the Court by January 11, 2014. Next, Defendants fail to submit any Second Circuit precedent limiting the disclosure of those employees with arbitration agreement to the Court. In fact, they submitted no precedents in further support of their position. As the Court stated during the December 19th Conference, I am persuaded by the Fourth Circuits Decision in NewBanks v. Cellular Sales of Knoxville that the arbitration requirement only applies to causes of action |

| | | |
|---|---|---|
| | | accruing from the execution of the Compensation Agreements and onward. Therefore, arbitration agreements have no applicability prior to the agreement and would not apply to claims that accrued prior to the Compensation Agreement. Accordingly, Defendants shall provide the names and addresses of those employees with arbitration agreements to Plaintiffs. The underlying arbitration agreements need not be disclosed at this time. Lastly, the parties shall submit to the Court by January 22, 2014, a proposed date for the filing of any motion or stipulation as to any notice to be published to the potential opt-in class. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 1/4/2014. (Treece, Randolph) (Entered: 01/04/2014) |
| 01/02/2014 | 61 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 60 Status Report (Carbo, Charles) (Entered: 01/02/2014) |
| 01/02/2014 | 60 | STATUS REPORT by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Carbo, Charles) (Entered: 01/02/2014) |
| 01/02/2014 | 59 | STATUS REPORT *on the discussions between the parties pursuant to Judge Treece's discovery order (Dkt. 56)* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Jacobs, Daniel) (Entered: 01/02/2014) |
| 12/30/2013 | 58 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 57 Amended Answer to Complaint (Carbo, Charles) (Entered: 12/30/2013) |
| 12/30/2013 | 57 | AMENDED ANSWER to 19 Amended Complaint, by Cellular Sales of Knoxville, Inc.. (Carbo, Charles) (Entered: 12/30/2013) |
| 12/19/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Telephone Conference held on 12/19/2013. Appearances: Daniel Jacobs, Esq., Ronald Gleason, Esq., Charles Carbo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. The Court held a telephone conference to discuss the various discovery issues raised by the parties. After hearing from the parties the Court made serveral rulings as to those discovery issues. The Court also clarified what was meant by limited discovery permitted at the Rule 16 Initial Conference. The parties are directed to file a Status Report by 1/2/2014 as to the discussion on the tolling matter and the next step in this litigation. (Court Reporter: Theresa Casal). (mab) (Entered: 12/20/2013) |
| 12/19/2013 | 56 | DISCOVERY ORDER: Currently before the Court is a debate as to what the Court meant by limited discovery regarding matters of personal jurisdiction and identifying potential opt-in plaintiffs. During the Rule 16 Conference when the Court granted such limited discovery, the Court failed to define the parameters of such limited discovery. In the interim, Plaintiffs served Demands for Interrogatories and Production, which Defendants objected to as being beyond the scope of the court-permitted limited discovery, as well as several other related objections. The matter was presented to the Court. See Dkt. Nos. 47 & 53 . On December 19, 2013, a telephonic Hearing was held on the record. Prior to any Rulings, the Court explained what was meant by limited discovery at this initial stage of this FLSA case. After hearing from the parties, the Court |

| | | made several Rulings which are incorporated by reference into this Text Order, and summarized as follows: (1) The Defendants shall file an amended Answer striking Paragraph 11 that discusses matters of personal jurisdiction. Upon amending their Answer and considering their representation that the matter of personal jurisdiction is no longer a viable issue in this case, no further discovery in this realm is necessary; (2) In terms of discovery related to potential opt-in plaintiffs, the Court exercises its discretion and directs Defendants to disclose the names and addresses of those similarly suited potential opt-in plaintiffs, which include those previously identified as the "Bolletino Class." All other Demands are reserved until there is a decision relative to a conditional certified class. And, should such a class be conditionally certified, those Demands would then be operable; (3) At this juncture, the Court reserves on the issues of whether those employees who signed arbitration agreements and yet may be potential opt-in plaintiffs should be disclosed to the Plaintiffs. Defendants are permitted to submit any further case precedents they deem controlling on this issue. Further, the parties shall meet and confer regarding a suggestion of tolling the statute of limitations as to these employees with arbitration agreements until such time the Honorable Norman Mordue, Senior United States District Judge, renders a decision on a pending Motion to Compel Arbitration. When Judge Mordue renders such a decision, it should serve as law of the case as to this issue; (4) The parties shall meet and confer and consider the timing of the next steps in this litigation and propose dates as to filing any motion or stipulation as to any notice to be published to the potential opt-in class; and (5) The parties shall file a status report by January 2, 2014 regarding their discussions on the tolling matter and the litigation's next steps. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 12/19/2013. (Treece, Randolph) (Entered: 12/19/2013) |
| 12/16/2013 | 55 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 54 Reply to Response to Motion, *in Further Support of Defendants' Amended Motion to Compel Individual Arbitrations of and to Dismiss or Stay Plaintiffs Pratt's and Burrell's Claims* (Carbo, Charles) (Entered: 12/16/2013) |
| 12/16/2013 | 54 | REPLY to Response to Motion re 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims in Further Support* filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Exhibit(s) Unpublished Cases)(Carbo, Charles) (Entered: 12/16/2013) |
| 12/13/2013 | | TEXT NOTICE: A Telephone Conference in this matter is set for 12/19/2013 at 3:00 PM before Magistrate Judge Randolph F. Treece. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 13738 to be connected to the conference call. You may be prompted to announce your name. (mab) (Entered: 12/13/2013) |
| 12/13/2013 | 53 | RESPONSE to Motion re 47 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference over discovery issues submitted to Judge Randolph filed by Cellular Sales of |

| | | |
|---|---|---|
| | | Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 12/13/2013) |
| 12/12/2013 | 52 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting availability for teleconference on discovery issues [Dkt 50] submitted to Judge Randolph F. Treece . (Jacobs, Daniel) (Entered: 12/12/2013) |
| 12/11/2013 | 51 | Letter Motion from C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Availibility for Teleconference on Discovery Matters (Dkt 50) submitted to Judge Randolph F. Treece . (Carbo, Charles) (Entered: 12/11/2013) |
| 12/11/2013 | 50 | ORDER granting 47 , Plaintiff's Letter Request, seeking a telephone conference to address outstanding discovery matters. Defendants shall file a reply to the Letter Request before December 16, 2013. The parties shall immediately file the dates and times that they may be available for a telephone conference on the record during the week ending December 20, 2013. The Court expects the parties' immediate attention to this Text Order. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 12/11/2013. (Treece, Randolph) (Entered: 12/11/2013) |
| 12/10/2013 | 49 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 48 Answer to Amended Complaint (Carbo, Charles) (Entered: 12/10/2013) |
| 12/10/2013 | 48 | ANSWER to 19 Amended Complaint, by Cellular Sales of Knoxville, Inc.. (Carbo, Charles) (Entered: 12/10/2013) |
| 12/09/2013 | 47 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting a court conference over discovery issues submitted to Judge Randolph F. Treece . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F)(Jacobs, Daniel) (Entered: 12/09/2013) |
| 12/05/2013 | 46 | TEXT ORDER granting the 37 Motion to Withdraw the 25 Motion to Dismiss for Lack of Personal Jurisdiction (Motion is terminated). The 41 Letter Motion requesting oral argument on the 27 Motion to Compel is Denied. Endorsed by Senior Judge Norman A. Mordue on 12/5/13. (jlr) (Entered: 12/05/2013) |
| 12/05/2013 | 45 | ORDER granting 44 Letter Request re 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* : Reply to Response to Motion due by 12/16/2013. Signed by Senior Judge Norman A. Mordue on 12/5/2013. (dpk) (Entered: 12/05/2013) |
| 12/05/2013 | 44 | Letter Motion from C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Extension to File Reply to Plaintiffs' Response to Defendants' Motion to Compel Individual Arbitration and to Dismiss or Stay Plaintiffs' Pratt's and Burrell's Claims submitted to Judge Hon. Norman A. Mordue . (Carbo, Charles) (Entered: 12/05/2013) |
| 12/04/2013 | 43 | |

| | | |
|---|---|---|
| | | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting consideration of new case authority in support of Plaintiffs' Opposition [Dkt 40] to Defendants Motions [Dkt 25] and [Dkt 27] submitted to Judge Norman A. Mordue . (Attachments: # 1 Exhibit(s) US Court of Appeals, Fourth Circuit Decision in Newbanks v Cellular Sales of Knoxville, Inc.) (Jacobs, Daniel) (Entered: 12/04/2013) |
| 12/03/2013 | 42 | CERTIFICATE OF SERVICE by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh re 40 Response in Opposition to Motion,,,,, (Jacobs, Daniel) (Entered: 12/03/2013) |
| 12/02/2013 | 41 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting oral argument in respect to defendants' pending motion [Dkt No. 27] submitted to Judge Norman A. Mordue . (Jacobs, Daniel) (Entered: 12/02/2013) |
| 12/02/2013 | 40 | RESPONSE in Opposition re 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure*, 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* filed by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Declaration of Timothy M. Pratt, # 2 Exhibit(s) A to Pratt Declaration, # 3 Exhibit(s) B to Pratt Declaration, # 4 Exhibit(s) C to Pratt Declaration, # 5 Exhibit(s) D to Pratt Declaration, # 6 Exhibit(s) E to Pratt Declaration, # 7 Exhibit(s) F to Pratt Declaration, # 8 Exhibit(s) G to Pratt Declaration, # 9 Declaration of William Burrell, # 10 Exhibit(s) A to Burrell Declaration, # 11 Exhibit(s) B to Burrell Declaration, # 12 Exhibit(s) C to Burrell Declaration, # 13 Exhibit(s) D to Burrell Declaration, # 14 Exhibit(s) E to Burrell Declaration, # 15 Exhibit(s) F to Burrell Declaration, # 16 Exhibit(s) G to Burrell Declaration, # 17 Affirmation of Daniel A. Jacobs, Esq., # 18 Exhibit(s) A to Jacobs Affirmation, # 19 Exhibit(s) B to Jacobs Affirmation, # 20 Exhibit(s) C to Jacobs Affirmation, # 21 Exhibit(s) D to Jacobs Affirmation, # 22 Exhibit(s) E to Jacobs Affirmation)(Jacobs, Daniel) (Entered: 12/02/2013) |
| 11/15/2013 | 39 | CONFIDENTIALITY STIPULATION, PROTECTIVE AGREEMENT and ORDER. Signed by Magistrate Judge Randolph F. Treece on 11/15/2013. (mab) (Entered: 11/15/2013) |
| 11/14/2013 | 38 | Letter Motion from C. Larry Carbo, III for Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC requesting Protective Order submitted to Judge Norman A. Mordue . (Attachments: # 1 Proposed Order/Judgment Confidentiality Stipulation, Protective Agreement, and Order)(Carbo, Charles) (Attachment 1, Proposed Order, replaced on 11/14/2013 at request of counsel to include all pages.) (lah) (Entered: 11/14/2013) |
| 11/07/2013 | 37 | MOTION to Withdraw 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure Unopposed* filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Exhibit(s) Certificate of Conference, # 2 Exhibit(s) |

| | | |
|---|---|---|
| | | Certificate of Service) Motions referred to Randolph F. Treece. (Carbo, Charles) (Entered: 11/07/2013) |
| 10/11/2013 | 36 | TEXT ORDER granting THE 34 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the return date for two motions to dismiss (Dkt. Nos. 25 & 27) to December 18, 2013. The 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure*, and the 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* are returnable on 12/18/2013 before Senior Judge Norman A. Mordue. Response to Motions due by 12/2/2013. Reply to Response to Motions due by 12/9/2013. The motions are on submit. No appearances. Endorsed by Senior Judge Norman A. Mordue on 10/11/13. (jlr) (Entered: 10/11/2013) |
| 10/09/2013 | 35 | RESPONSE to Motion re 34 Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the return date for two motions to dismiss (Dkt. Nos. 2 filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 10/09/2013) |
| 10/08/2013 | 34 | Letter Motion from Daniel A. Jacobs, Esq. for William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Timothy M. Pratt, Gurwinder Singh requesting adjournment of the return date for two motions to dismiss (Dkt. Nos. 25 & 27) to December 18, 2013 submitted to Judge Norman A. Mordue . (Jacobs, Daniel) (Entered: 10/08/2013) |
| 10/03/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Randolph F. Treece: Rule 16 Initial Conference held on 10/3/2013. Appearances: Daniel Jacobs, Esq., Ronald Dunn, Esq., Charles Cabo, Esq., Julie Offerman, Esq. and Joseph Dougherty, Esq. Limited discovery related to identifying potential opt-in Plaintiffs and matters of personal jurisdiction is permitted. Plaintiff shall serve limited discovery demands by 11/1/2013. Defendants shall respond accordingly. Defendants are to file a status report upon a decision on the dispositive motions. No further deadlines are set. A Uniform Pretrial Scheduling Order will not be issued at this time. (mab) (Entered: 10/03/2013) |
| 10/03/2013 | 33 | SCHEDULING ORDER: Based upon the telephonic Conference held today, the Court permits limited discovery directed at identifying potential opt-in plaintiffs and matters of personal jurisdiction. With the exception of this limited discovery and the pending motion to dismiss, all other aspects of the case are held in abeyance. Accordingly, Plaintiffs shall serve their limited discovery demands by November 1, 2013, and Defendants shall respond consistent with the mandates of Rule 26 and 34. Forty-five (45) days after Plaintiffs have received Defendants' production and responses Plaintiffs shall file their motion for conditional certification address to this Court. Additionally, Defendants shall file a status report when Judge Mordue has decided their Motion to Dismiss. Should the parties entered into an agreement as to the conditional class certification, motion to dismiss, and personal jurisdiction a status report shall be filed. SO ORDERED. Signed by Magistrate |

| | | |
|---|---|---|
| | | Judge Randolph F. Treece on 10/3/2013. (Treece, Randolph) (Entered: 10/03/2013) |
| 09/24/2013 | 32 | CIVIL CASE MANAGEMENT PLAN *executed and proposed solely by Plaintiffs' counsel* by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh. (Attachments: # 1 Exhibit(s) Bolletino Stipulation and Order)(Jacobs, Daniel) (Entered: 09/24/2013) |
| 09/23/2013 | 31 | CIVIL CASE MANAGEMENT PLAN by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 30 | CERTIFICATE OF SERVICE by Cellular Sales of New York, LLC re 29 Answer to Amended Complaint (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 29 | ANSWER to 19 Amended Complaint, by Cellular Sales of New York, LLC. (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 28 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 27 Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 27 | Amended MOTION to Compel *Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* Motion Hearing set for 11/6/2013 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 10/21/2013 filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) Unpublished Cases) Motions referred to Randolph F. Treece. (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 26 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 25 MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure* (Carbo, Charles) (Entered: 09/23/2013) |
| 09/23/2013 | 25 | MOTION to Dismiss for Lack of Personal Jurisdiction *Plaintiff's Amended Complaint Under Rule 12(b)(2) of the Federal Rules of Civil Procedure* Motion Hearing set for 11/6/2013 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 10/21/2013 Reply to Response to Motion due by 10/28/2013. filed by Cellular Sales of Knoxville, Inc.. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) Unpublished Cases 1 of 2, # 6 Exhibit(s) Unpublished Cases 2 of 2) (Carbo, Charles) (Entered: 09/23/2013) |
| 09/11/2013 | | TEXT NOTICE: The Rule 16 Initial Conference in this matter is scheduled for 10/3/2013 at 9:00 AM before Magistrate Judge Randolph F. Treece and will be conducted by TELEPHONE. The parties are directed to DIAL IN at 877-336-1839 and use Access Code 6651723 and Security Code 1738 to be connected to the conference call. The parties are directed to submit a proposed Civil Case Management Plan by 9/19/2013. (mab) (Entered: 09/11/2013) |
| 09/10/2013 | 24 | |

| 09/03/2013 | | TEXT NOTICE of Hearing on Motion. The 11 MOTION to Dismiss for Lack of Personal Jurisdiction and the 13 MOTION to Compel are returnable on 10/2/13 before Senior Judge Norman A. Mordue. The Motions are on submit. No appearances. Response to Motions due by 9/16/2013. Reply to Response to the Motions due by 9/23/2013. (jlr) (Entered: 09/03/2013) |
| --- | --- | --- |
| 08/28/2013 | | Case reassigned to Senior Judge Norman A. Mordue. (bjw, ) (Entered: 08/28/2013) |
| 08/28/2013 | 17 | TEXT ORDER granting 6 Application for Judge Reassignment due to a related case. Upon review of the application, the Court finds that this case is related to case 1:12-cv-584 and shall therefore be reassigned to the Hon. Norman A. Mordue. The Clerk is directed to reassign this case accordingly. IT IS SO ORDERED by Senior Judge Frederick J. Scullin, Jr on 8/28/2013. (bjw, ) (Entered: 08/28/2013) |
| 08/28/2013 | | CLERK'S CORRECTION OF DOCKET ENTRY as to Dkts 11 and 13: The docket text of these filings has been revised to reflect that the documents filed are MOTIONS before the Court, rather than Notices. (sg) (Entered: 08/28/2013) |
| 08/27/2013 | 16 | CERTIFICATE OF SERVICE by Cellular Sales of New York, LLC re 15 Answer to Complaint (Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 15 | ANSWER to 1 Complaint, by Cellular Sales of New York, LLC.(Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 14 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC re 13 Notice (Other), *of Motion to Compel Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims* (Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 13 | Motion to Compel Individual Arbitrations of and to Dismiss or Stay Plaintiff Pratt's and Plaintiff Burrell's Claims by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) Unpublished Cases)(Carbo, Charles) Modified on 8/28/2013 (sg ). (Entered: 08/27/2013) |
| 08/27/2013 | 12 | CERTIFICATE OF SERVICE by Cellular Sales of Knoxville, Inc. re 11 Notice (Other), *of Motion to Dismiss for Lack of Personal Jurisdiction* (Carbo, Charles) (Entered: 08/27/2013) |
| 08/27/2013 | 11 | Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) of the Federal Rules of Civil Procedure by Cellular Sales of Knoxville, Inc. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) Unpublished Cases)(Carbo, Charles) Modified on 8/28/2013 (sg ). (Entered: 08/27/2013) |
| 08/22/2013 | 10 | ORDER granting 8 Motion for Limited Admission Pro Hac Vice for Julie R. Offerman, Esq. Signed by Magistrate Judge Randolph F. Treece on 8/22/2013. (mab) (Entered: 08/22/2013) |
| 08/22/2013 | 9 | |

**JA-079**

| | | |
|---|---|---|
| | | ORDER granting 7 Motion for Limited Admission Pro Hac Vice for Charles Larry Carobo, III, Esq. Signed by Magistrate Judge Randolph F. Treece on 8/22/2013. (mab) (Entered: 08/22/2013) |
| 08/16/2013 | 8 | MOTION for Limited Admission Pro Hac Vice of Julie R. Offerman Filing fee $100, receipt number 0206-2658676. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to Randolph F. Treece. (Dougherty, Joseph) (Entered: 08/16/2013) |
| 08/16/2013 | 7 | MOTION for Limited Admission Pro Hac Vice of Charles Larry Carbo, III Filing fee $100, receipt number 0206-2658659. filed by Cellular Sales of Knoxville, Inc., Cellular Sales of New York, LLC. Motions referred to Randolph F. Treece. (Dougherty, Joseph) (Entered: 08/16/2013) |
| 08/13/2013 | 6 | Notice of Related Case by William Burrell, Jan P. Holick, Jr, Jason Mack, Justin Moffitt, Steven Moffitt, Timothy M. Pratt, Gurwinder Singh submitted to Judge Frederick J. Scullin . (Jacobs, Daniel) (Entered: 08/13/2013) |
| 07/08/2013 | 5 | WAIVER OF SERVICE Returned Executed by William Burrell, Justin Moffitt, Timothy M. Pratt, Steven Moffitt, Jan P. Holick, Jr, Gurwinder Singh, Jason Mack. Cellular Sales of Knoxville, Inc. waiver sent on 6/28/2013, answer due 8/27/2013. (Jacobs, Daniel) (Entered: 07/08/2013) |
| 07/08/2013 | 4 | WAIVER OF SERVICE Returned Executed by William Burrell, Justin Moffitt, Timothy M. Pratt, Steven Moffitt, Jan P. Holick, Jr, Gurwinder Singh, Jason Mack. Cellular Sales of New York, LLC waiver sent on 6/28/2013, answer due 8/27/2013. (Jacobs, Daniel) (Entered: 07/08/2013) |
| 06/25/2013 | | Notice re: Compliance with General Order #12: Pursuant to General Order #12, counsel is required to file the *Notice of Related Case* form as a separate document. Refer to the Court's website: www.nynd.uscourts.gov for further instructions. Counsel may access the fillable form using the following link: www.nynd.uscourts.gov/documents/GO12_withfillablenoticemtd.pdf (cbm, ) (Entered: 06/25/2013) |
| 06/25/2013 | | CLERK'S CORRECTION OF DOCKET ENTRY re 2 G.O. 25 Filing Order. Modified docket entry to reflect the correct filing date. (dpk) (Entered: 06/25/2013) |
| 06/24/2013 | 3 | Summons Issued as to Cellular Sales of Knoxville, Inc. and Cellular Sales of New York, LLC. (Attachments: # 1 Summons Issued as to Cellular Sales of Knoxville, LLC)(dpk) (Entered: 06/25/2013) |
| 06/24/2013 | 2 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 10/3/2013 at 9:00 AM in Albany before Magistrate Judge Randolph F. Treece. Civil Case Management Plan due by 9/19/2013. (dpk) (Entered: 06/25/2013) |
| 06/24/2013 | 1 | COMPLAINT against Cellular Sales of Knoxville, Inc. and Cellular Sales of New York, LLC (Filing fee $400 receipt number 2593212) filed by William Burrell, Justin Moffitt, Timothy M. Pratt, Steven Moffitt, Jan P. Holick, Jr, Gurwinder Singh and Jason Mack. (Attachments: # 1 Consent to Join Overtime/Minimum Wage Lawsuit by all Plaintiffs, # 2 Civil Cover Sheet) (dpk) (Entered: 06/25/2013) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAN P. HOLICK, JR., STEVEN MOFFITT
JUSTIN MOFFITT, GURWINDER SINGH ,
JASON MACK, WILLIAM BURRELL, and
TIMOTHY M. PRATT

                     Plaintiffs, on behalf
                     of themselves and
                     all others similarly
                     situated,

      -against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                     Defendants.
_____

**COLLECTIVE AND CLASS
ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

Case No.: 1:13-CV-738 [FJS/RFT]

     Plaintiffs JAN P. HOLICK, JR., STEVEN MOFFITT, JUSTIN MOFFITT, GURWINDER SINGH, JASON MACK, WILLIAM BURRELL, and TIMOTHY M. PRATT, by and through their attorneys, Gleason, Dunn, Walsh & O'Shea, complaining of Defendants as follows:

### INTRODUCTION

     1. This case arises out of the Defendants' systemic, New York-wide misclassification of the named Plaintiffs and hundreds of similarly situated individuals as independent contractors. Defendants employed the named Plaintiffs and other similarly situated individuals as Sales Representatives in the retail sale of Verizon Wireless products and services to customers in Defendants' retail stores in New York State. Defendants exerted significant and substantial control over the performance of the Sales Representatives' duties

1

and the "economic reality" is that Sales Representatives were and are an integral component of Defendants' business and economically dependent on their earned wages as Sales Representatives. Indeed, Defendants reclassified Sales Representatives as employees beginning January 1, 2012 even though Sales Representatives have thereafter performed the same basic duties they performed as "independent contractors." The named Plaintiffs and other similarly situated individuals were therefore "employees" of the Defendants under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law (the "Labor Law"), Article 6, § 190 *et seq.*, and Article 19, § 650 *et seq.*

2. Due to their misclassification as independent contractors, in certain workweeks the named Plaintiffs and other similarly situated individuals were denied their compensation for all compensable work they performed, overtime compensation, and in some workweeks their minimum wage, guaranteed under the FLSA and the Labor Law. Additionally, Defendants made wage deductions from the pay of named Plaintiffs' and other similarly situated individuals' pay in violation of the Labor Law. The wage deductions continued even after Sales Representatives were reclassified as employees as of January 1, 2012.

3. Due to the misclassification as independent contractors of the named Plaintiffs and other similarly situated individuals, Defendants shifted their Federal payroll tax burden for Sales Representatives' earnings onto each Sales Representative, requiring Sales Representatives to pay payroll taxes as though they were self-employed. As such, Defendants were unjustly enriched in violation of the New York State common law

4. Plaintiffs bring this action for the violation of the FLSA as a collective action, pursuant to 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All Sales Representatives who were, are, or will be employed by Defendants within the State of New York during the period

2

**JA-082**

of three years prior to the date of commencement of this action through the date of judgment in this action: who were misclassified as independent contractors by Defendants prior to January 1, 2012 and were deprived of their minimum wages and/or were not paid time and one-half for hours worked in excess of forty (40) in any workweek.

(the "FLSA Class")

5. Accordingly, Defendants are liable under the FLSA for their failure to pay the named Plaintiffs and members of the FLSA: (a) the minimum wage for all hours worked; and (b) time and one half of their regular wage for hours worked in excess of forty (40) in any workweek. The named Plaintiffs and all other similarly situated employees who elect to participate in the FLSA Class seek their unpaid compensation, an equal amount of liquidated damages, and/or prejudgment interest, punitive damages, and costs, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

6. The named Plaintiffs also bring this action on their own behalf and as representatives of similarly situated current or former Sales Representatives employed by Defendants in New York State for violations of the Labor Law. Under the Labor Law §§ 198-a and 663, Plaintiffs are entitled to: (a) all unpaid minimum wage, overtime compensation, and compensation for compensable work; (b) the amount of the unauthorized deductions from their wages; (c) liquidated damages equal to the unpaid compensation and unauthorized deductions; (d) the amount of Defendants' Federal payroll taxes that Defendants unjustly retained by misclassifying Sales Representatives as independent contractors; and (e) punitive damages for Defendants' failure to pay its New York employees for all hours worked as required by law.

7. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendants' employees for overtime and minimum wage

**JA-083**

violations, failure to pay for all time spent performing compensable work, and unlawful

shouldering of Defendants' payroll tax burden under New York State law:

> All Sales Representatives who were or are be employed by
> Defendants in the State of New York from six years prior to the
> date of commencement of this action through the date of
> judgment in this action, who were improperly misclassified as
> independent contractors prior to January 1, 2012 and deprived
> of their minimum wage, were not paid time and one-half for
> hours worked in excess of forty (40) hours in any workweek,
> not paid for all time spent performing compensable work,
> and/or were improperly required to pay Defendants' payroll tax
> burden on their wages.

(the "Rule 23 Misclassification Class ").

8.      Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil

Procedure for the following class of Defendants' employees for violations of New York State

law:

> All Sales Representatives who were, are or will be employed by
> Defendants in the State of New York from six years prior to the
> date of commencement of this action through the date of
> judgment in this action, who had unauthorized deductions
> withheld from their wages.

(the "Rule 23 Wage Deductions Class ").

## JURISDICTION AND VENUE

9.      The jurisdiction of this court over the FLSA claims asserted in this Complaint

by Plaintiffs and the prospective FLSA Class is invoked pursuant to 28 USC § 1331 and 29

U.S.C. § 216(b).

10.      The jurisdiction of this court over the state law claims asserted by Plaintiffs,

the prospective Rule 23 Misclassification Class and the prospective Rule 23 Wage Deductions

Class is invoked pursuant to the doctrine of supplemental jurisdiction, as provided by 28

U.S.C. § 1367.

4

**JA-084**

11.    Plaintiffs assert that the Court has personal jurisdiction over Defendants under Sections 301 and/or 302(a)(1) of the N.Y. Civil Practice Law and Rules (the "CPLR") because Defendants are "doing business" within New York State and/or Plaintiffs' causes of action arise from Defendants' transaction of business or contracts for services in New York. Plaintiffs further assert that the Court has personal jurisdiction over each Defendant who is a domestic limited liability company pursuant to N.Y. Limited Liability Company Law § 301.

12.    Plaintiff sets venue in this case within the Northern District of New York pursuant to 28 U.S.C. § 1391 based on: (a) the Plaintiffs' residence within New York; (b) the location of Defendants' offices within the Northern District of New York; (c) Defendants regularly conduct business within this judicial district and thus is subject to personal jurisdiction within this judicial district; and/or (d) a substantial part of the events or omissions giving rise to the claims asserted occurred within the Northern District of New York.

13.    A jury trial is demanded by the named Plaintiffs in this action.

## PARTIES

### A. Plaintiffs and Defendants

14.    Plaintiffs are former employees of Defendants who performed as Sales Representatives primarily at Defendants' retail store locations throughout New York, including Malta, Queensbury, Rochester, Poughkeepsie, Kingston, Middletown, Buffalo, Newburgh, Huntington, Commack, Brockport, Malone, Johnstown, and Syracuse. Plaintiffs bring this action on their own behalf, and pursuant to 29 U.S.C. § 216(b) and F.R.C.P Rule 23(b)(3), as representatives of a proposed class collective/class action of similarly situated employees within New York State. Plaintiffs' written consents to join this action are attached as **Exhibit A.**

5

**JA-085**

15.    At all relevant times, Plaintiffs were residents and citizens of the State of New York.

16.    At all relevant times Defendant Cellular Sales of New York, LLC ("Cellular Sales of New York") has been a New York limited liability corporation with offices in New York, conducting substantial business in the New York on behalf of, or in conjunction with, Defendant Cellular Sales of Knoxville, Inc., and having its principal executive offices in Fayetteville, New York and a business address in Knoxville, Tennessee.

17.    At all relevant times, Defendant Cellular Sales of Knoxville, Inc. ("CSOKI") has been a Tennessee business corporation with offices in Tennessee and/or New York and conducting substantial business in the State of New York through or in conjunction with Cellular Sales of New York.

18.    Defendants share a business address at 6513 Kingston Pike, Knoxville, Tennessee, 37919-4849.

19.    Defendants are in the business of operating retail store located in New York and other states in which Sales Representatives working on behalf of Defendants market and sell Verizon Wireless products and services—such as smartphones, service plans, and accessories—out of retail stores at fixed locations owned or leased by the Defendants.

20.    On information and belief, Defendants have operated retail stores within New York State since 2009.

21.    At all relevant times, Plaintiffs were employed by Defendants as Sales Representatives, and were employees within the meaning of 29 U.S.C. § 203(e)(1) and Labor Law §§ 190(2) and 651(5).

JA-086

22.    At all relevant times, Cellular Sales of New York was an employer within the meaning of 29 U.S.C. § 203(d) and within the meaning of Labor Law §§ 190(3) and 651(6).

23.    At all relevant times, CSOKI was an employer within the meaning of 29 U.S.C. § 203(d) and within the meaning of Labor Law §§ 190(3) and 651(6).

24.    At all relevant times, Defendants were joint employers within the meaning of 29 C.F.R. § 791.2(a).

25.    At all relevant times, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

26.    At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were employees engaged in commerce or in the production of goods in commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. CSOKI's Pervasive Control over Cellular Sales of New York and Sales Representatives in New York for the Purposes of Personal Jurisdiction and Joint Employer Status**

27.    At all relevant times, CSOKI exercised extensive control over Cellular Sales of New York's internal operations and Cellular Sales of New York's operation of retail stores within New York as part of a nationwide integrated retail sales operation.

28.    Indicia of CSOKI's extensive control over Cellular Sales of New York's internal operations and Cellular Sales of New York's operation of retail stores within New York as part of a nationwide integrated retail sales operation include but are not limited to:

   a.  At all relevant times, CSOKI has been the parent company of Cellular Sales of New York;

7

**JA-087**

b. At all relevant times, Defendants publicly held themselves out as one integrated business;

c. At all relevant times, CSOKI chose Cellular Sales of New York's executive personnel, controlled the assignment of Sales Representatives at retail store locations operated by Cellular Sales of New York, and provided a "@cellularsales.com" e-mail address to everyone who performed work on behalf of Cellular Sales of New York;

d. At all relevant times, CSOKI paid the salaries and reimbursed the business expenses of Cellular Sales of New York's executive personnel;

e. At all relevant times, CSOKI required advanced approval from CSOKI for Cellular Sales of New York to open a retail store location within New York;

f. At all relevant times, CSOKI representatives have inspected each retail store operated by Cellular Sales of New York to ensure compliance with CSOKI's policies;

g. At all relevant times, CSOKI has recruited potential Sales Representatives to work at retail store locations operated by Cellular Sales of New York;

h. At all relevant times, CSOKI has controlled Cellular Sales of New York's designation and treatment of Sales Representatives as independent contractors or employees of Cellular Sales of New York, including a requirement that Cellular Sales of New York reclassify and treat Sales Representatives working in New York as employees as of January 1, 2012;

i. At all relevant times, CSOKI provided and managed the product inventory sold at retail store locations operated by Cellular Sales of New York;

8

**JA-088**

j.  At all relevant times, CSOKI administered and controlled Cellular Sales of New York's marketing, accounting, and sales system for the sale of Verizon Wireless products; and

k.  At all relevant times, the profits from sales and other payments at retail store locations operated by Cellular Sales of New York gone directly to benefit CSOKI.

29.   At all relevant times, CSOKI exercised extensive control over how Sales Representatives employed at retail store locations operated by Cellular Sales of New York performed their duties.

30.   Indicia of CSOKI's extensive control over how Sales Representatives employed at retail store locations operated by Cellular Sales of New York performed their duties include but are not limited to:

a.  Prior to January 1, 2012, CSOKI required Sales Representatives employed at retail store locations operated by Cellular Sales of New York to incorporate as limited liability companies and sign Independent Sales Agreements with Cellular Sales of New York as a condition of performing as Sales Representatives;

b.  CSOKI was the principal drafter of the Independent Sales Agreements between Sales Representatives and Cellular Sales of New York;

c.  At all relevant times, CSOKI prohibited Sales Representatives from selling any product competing with Verizon Wireless products or working for any competitor of Defendants while on-duty or off-duty as a Sales Representative;

9

**JA-089**

d. At all relevant times, CSOKI provided standardized paid training to Sales Representatives employed in retail store locations operated by Cellular Sales of New York that covered product information, sales techniques, sales presentation and Defendants' policies and procedures;

e. At all relevant times, CSOKI directed Sales Representatives employed in retail store locations operated by Cellular Sales of New York on appropriate dress, recordkeeping obligations, the manner by which sales to customers are made, and other performance standards;

f. At all relevant times, CSOKI controlled Cellular Sales of New York's designation and treatment of Sales Representatives as independent contractors or employees of Cellular Sales of New York, including a requirement that Cellular Sales of New York reclassify and treat Sales Representative working in New York as employees as of January 1, 2012;

g. At all relevant times, Sales Representatives employed in retail store locations operated by Cellular Sales of New York have been denominated as CSOKI's agents in executed customer agreements;

h. At all relevant times, Sales Representatives employed in retail store locations operated by Cellular Sales of New York transmitted funds to CSOKI collected from customers for the purchase of Verizon products and bill payments on Verizon Wireless service plans; and

i. Tthe Chief Executive Officer of CSOKI has had consistent repeated direct contact with Sales Representatives employed at retail store locations operated

10

**JA-090**

by Cellular Sales of New York regarding the concerns of Sales Representatives

with working conditions and CSOKI's plans to resolve them.

31.     This Court has personal jurisdiction over CSOKI under CPLR § 301 because

Cellular Sales of New York is a "mere department" and/or agent of CSOKI and therefore

CSOKI is "doing business" within New York through Cellular Sales of New York.

32.     This Court has personal jurisdiction over CSOKI under CPLR § 302(a)(1)

because Plaintiff's claim arises from CSOKI's transaction of business and/or entering of

contracts for goods and services in New York directly or through its agent Cellular Sales of

New York.

33.     CSOKI's and Cellular Sales of New York's extensive control over how Sales

Representatives employed at retail store locations operated by Cellular Sales of New York

performed their duties bring them within the meaning of "joint employer" pursuant to 29

C.F.R. § 791.2(a).

### C. Plaintiffs' Prior Litigation and Mediation of their Claims

34.     On April 4, 2012, Plaintiff Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt,,

Gurwinder Singh, and Jason Mack commenced a hybrid/collective action complaint in the

Northern District of New York under Case No. 1:12-CV-584 (NAM/DRH) (the "NDNY I

Action").

35.     The NDNY I Action asserted that Defendants misclassified all Sales

Representatives in New York as independent contractors and asserted class/collective-wide

allegations for violations of the FLSA, Labor Law, and New York common law.

11

**JA-091**

36.     Subsequent to the commencement of the NDNY I Action, Plaintiffs Timothy M. Pratt and William Burrell filed consents to join the FLSA Class in the NDNY I Action and became plaintiffs in the NDNY I Action.

37.     Instead of answering the complaint in the NDNY I Action, Defendants, *inter alia,* moved to dismiss the action and compel arbitration of the claims asserted under the Federal Arbitration Act based on a clause sales agreements Plaintiffs signed with Cellular Sales of New York as a condition of their employment as Sales Representatives requiring all disputes arising from the sales agreement go to non-binding mediation prior to being asserted in court.

38.     By Decision and Order dated March 28, 2013 (the "March 28, 2013 Decision"), Judge Mordue granted Defendants' motion to dismiss and compelled "arbitration," i.e. compelled non-binding mediation, under the Federal Arbitration Act.

39.     On April 8, 2013, Plaintiffs' appealed the March 28, 2013 Decision to the U.S. Court of Appeals for the Second Circuit.

40.     The appeal of the March 28, 2013 Decision to the U.S. Court of Appeals for the Second Circuit is pending as of the commencement of this action.

41.     By letter dated April 8, 2013, Plaintiff notified Defendants of their appeal of the March 28, 2013 Decision, but nevertheless demanded to mediate Plaintiffs' individual and representative claims asserted in the NDNY I Action.

42.     By letter dated April 19, 2013, Defendants informed Plaintiffs they would not go forward and engage in any mediation in which Plaintiffs sought to mediate on behalf of all similarly situated Sales Representatives in New York, i.e. their representative claims against Defendants.

12

**JA-092**

43.     By letter dated April 22, 2013, Plaintiffs informed Defendants that while they disagreed with Defendants' position that Plaintiffs were unable to mediate their representative claims against Defendants, they were willing to go forward with mediation solely on their individual claims against Defendants.

44.     On June 17, 2013, Plaintiffs and Defendants engaged in good-faith mediation over Plaintiffs' individual claims asserted in this action against Defendants before an experienced labor and employment mediator in Albany, New York. Mediation did not result in the settlement of Plaintiffs' claims asserted in this action.

45.     By engaging in mediation with Defendants on June 17, 2013, Plaintiffs satisfied any purported condition precedent within any contractual agreements with Defendants to assert the claims brought by this action.

46.     By Defendants refusing to mediate with Plaintiffs over Plaintiffs' representative claims against Defendants, Plaintiffs has satisfied, or Defendants have waived, any clause within any contractual agreement a member of the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deduction Classes entered into with Defendants as a condition of employment requiring all disputes arising from the agreement go to non-binding mediation prior to being asserted in court.

## FACTUAL ALLEGATIONS

### A. Terms and Conditions of Worked Performed by Sales Representatives

*i.     Sales Representatives' Duties*

47.     At all relevant times, Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' primary duties as Sales Representatives for Defendants encompassed the marketing and selling of Verizon Wireless

13

**JA-093**

products and services to customers of the Defendants at Defendants' retail store locations in New York.

48.     At all relevant times, the position of Sales Representative has been known and referred to by Defendants as the position of Sales Professional, Account Manager, Wireless Expert, Wireless Consultant, and/or B2B Consultant.

49.     At all relevant times, Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' duties as Sales Representatives for Defendants included maintaining the cleanliness and tidiness of the retail store locations in a pristine condition. This included cleaning bathrooms, mopping floors, dusting displays of Verizon Wireless products, ordering all necessary supplies (like toilet papers), and other tasks to maintain a clean and orderly retail environment for the Defendants' customers.

50.     At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed their primary sales duties as Sales Representatives within the Defendants' fixed retail store locations within New York.

*ii.     Defendants' Control over Sales Representatives' Performance and the "Economic Reality" of the Business Relationship between Sales Representatives and Defendants*

51.     As a condition of working as a Sales Representatives prior to January 1, 2012, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were required to incorporate as limited liability companies and enter into contracts called "Non-Exclusive Independent Sales Agreements" and "Member Indemnification Agreements" (the "Sales Agreements").

**JA-094**

52.     Defendants purport that Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed as independent contractors of the Defendants in their work as Sales Representatives prior to January 1, 2012.

53.     Defendants purport that Plaintiff and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed as independent contractors of the Defendants in their work as Sales Representatives prior to January 1, 2012 even though the Defendants exerted significant and substantial control over Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' performance as Sales Representatives

54.     Defendants purport that Plaintiff and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed as independent contractors of the Defendants in their work as Sales Representatives prior to January 1, 2012 even though the "economic reality" is that Sales Representatives engaged by Defendants were an essential part of the Defendants' business and Sales Representatives economically depended on their wages paid by Defendants

55.     At all relevant times, Defendants established Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' commission rates for products and services sold as Sales Representatives.

56.     At all relevant times, when Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members worked a work shift as a Sales Representative, they were required to pool and share in the commissions from every sale made by each Sales Representative on that shift.

**JA-095**

57.    At all relevant times, Defendants established and provided work shift schedules to Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members.

58.    At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to devote a minimum number of hours per day and/or week to perform their duties as Sales Representatives.

59.    At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to primarily work from Defendants' fixed retail store locations in New York.

60.    At all relevant times, Defendants did not require Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to pay for the use of the Defendants' fixed retail store locations in New York or the equipment, staff or supplies provided by Defendants at the fixed retail store locations to enable Sales Representatives to perform their duties.

61.    At all relevant times, Defendants provided Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members sales forms and promotional materials to enable them to perform as Sales Representatives at no charge to them.

62.    At all relevant times, Defendants mandated that Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members attend standardized, classroom type training at Defendants' facilities that covered product

16

**JA-096**

information, sales techniques, sales presentation, sales goals, and Defendants' policies and procedures, including changes to the commission structure for Sales Representatives.

63.     At all relevant times, Defendants established product and service pricing guidelines for the Verizon Wireless products and services Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members sold as Sales Representatives, which included minimum pricing that Defendants instructed Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to not go below in any sale.

64.     At all relevant times, sales made by Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members as Sales Representatives for Defendants were subject to Defendants' approval.

65.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members as Sales Representatives to submit daily written sales reports to Defendants that contained customer contacts, description of results and the number and types of products and services sold that day by Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members. These reports were used by Defendants to evaluate the performance and productivity of Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members and also for administrative purposes such as billing and determining commission payments to Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members.

66.     At all relevant times, if Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members failed to submit required written

**JA-097**

reports or perform other directives by the Defendants regarding recordkeeping and/or other tasks, they could be locked out from the Defendant's computer system and unable to earn commissions during times they were scheduled to perform as Sale Representatives.

67.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to report to one or more supervisors employed by Defendants.

68.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to attend monthly meetings with their supervisor(s) that covered new product information, product prices, and productivity, including changes to the commission structure and sales goals for Sales Representatives.

69.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to adhere to various sales scripts and instructions on how to market and sell Verizon Wireless products and services, and on attaining minimum sales figures, as Sales Representatives.

70.     At all relevant time, Defendants encouraged Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to work as Sales Representatives more than 40 hours in a workweek so they could achieve minimum sales quotas imposed by Defendants.

71.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to purchase and wear premium clothes as part of the required uniform Defendants pursuant to the Defendants'

18

**JA-098**

policy regarding the appropriate attire for the performance of the duties of Sales Representatives (the "Dress Code Policy").

72.     At all relevant times, if Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members did not comply with the Dress Code Policy, they could be barred from the retail store location where they were scheduled to work.

73.     At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members did not have any responsibility to take steps to collect from customers late payments on the Verizon wireless products they sold to customers,

74.     At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members did not have a substantial investment in the fixed retail store locations used in connection with their performance as Sales Representatives.

75.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to provide business cards to customers at Defendants' retail store locations in New York business cards. The business cards represented to the customers that the Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed their duties as Sales Representatives on behalf of Defendants.

76.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to provide "Thank Your" cards to Defendants' customers during and/or following the Holiday sales season. . The

19

"Thank You" cards represented to the customers that Plaintiffs and the prospective FLSA/Rule 23 Miscla ification/Rule 23 Wage Deductions Class members performed their duties as Sales Representatives on behalf of the Defendants.

77.    Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members have had continuing, non-sporadic working relationships with Defendants in their performances as Sales Representatives.

78.    At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were required to personally perform sales functions on behalf of Defendants

79.    At all relevant times, as Sales Representatives, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were an essential part of the Defendants' business of selling Verizon Wireless products and services within New York State.

80.    Beginning on January 1, 2012, Defendants classified Plaintiff Timothy M. Pratt, Plaintiff William Burrell, and other prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deduction Class members as employees for their work as Sales Representatives.

81.    At all relevant times on and after January 1, 2012, Plaintiff Timothy M. Pratt and Plaintiff William Burrell and other prospective FLSA/Rule 23 Misclassification/Rule 23 performed as Sales Representatives in substantially the same way and performing the same duties that they performed prior to January 1, 2012.

82.    At all relevant times, while working as Sales Representatives for Defendants, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were economically dependent on their earnings as Sales Representatives.

20

83.     At all relevant times, both before and after January 1, 2012, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were "employees" of Defendants within the meaning of the FLSA and/or the Labor Law.

84.     At all relevant times prior to January 1, 2012, Defendants misclassified Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members as independent contractors of Cellular Sales of New York contrary to the requirements of the FLSA and/or the Labor Law.

*iii.     Unpaid Compensation to Sales Representatives*

85.     To perform the duties of a Sales Representative, Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class members were routinely required by Defendants to perform work for the benefit of Defendants for which the Defendants provided no compensation. This included time spent opening or closing a retail store location prior to or after the end of a scheduled work shift, mandatory training sessions, mandatory team meetings, and travel time to perform tasks required by Defendants.

86.     Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class were not fully compensated for all compensable work performed.

87.     To perform the duties of a Sales Representative, Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class members were routinely required to work more than eight (8) hours a day and forty (40) hours per week.

88.     At all relevant times, Defendants paid Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class members for their services as Sales Representatives pursuant to an unlawful commission-based compensation plan (the "Commission Compensation Plan").

**JA-101**

89.     Plaintiffs' and the prospective FLSA/Rule 23 Misclassification Class members' regular rate of compensation in a workweek pursuant to the Commission Compensation Plain includes all time spent performing compensable work.

90.     Plaintiffs' regular rate of compensation under the Commission Compensation Plan for their performance of duties as a Sales Representative was in certain workweeks below the applicable minimum wage and/or one and one-half times the applicable minimum wage under the FLSA and the Labor Law.

91.     On information and belief, the prospective FLSA/Rule 23 Misclassification Class members' regular rate of compensation under the Commission Compensation Plan for their performance of duties as a Sales Representative was in certain workweeks below the applicable minimum wage and/or one and one-half times the applicable minimum wage under the FLSA and the Labor Law.

iv.     *Defendants' Unjust Enrichment by Shifting Defendants' Federal Payroll Tax Burden to Sales Representatives*

92.     Defendants' pre-January 1, 2012 policy that misclassified Sales Representatives as independent contractors resulted in Plaintiffs and the prospective Rule 23 Misclassification Class members paying the Defendants' share of Federal payroll taxes for Social Security and Medicare on Plaintiffs' and the prospective Rule 23 Misclassification Class members wages, 6.2% and 1.45% respectively.

v.     *Defendants' Wage Deductions from Sales Representatives' Pay*

93.     Pursuant to an established policy, Defendants made deductions from Sales Representatives' earned wages and compensation, for, amongst other things: (1) the use of Verizon Wireless cellular devices known as "demonstration lines" that familiarized Sales Representatives with the devices they were selling on behalf of the Defendants; (2) the cost of

22

**JA-102**

cellular devices, accessories, and equipment that was deemed missing, stolen, or broken during a shift when Plaintiffs and the prospective Rule 23 Wage Deductions Class members were on duty as Sales Representatives; and (3) the cost of producting business cards in the name of Plaintiffs and the prospective Rule 23 Wage Deductions Class members (the "Wage Deduction Policy").

94.     The Wage Deduction Policy resulted in unauthorized deductions from the named Plaintiffs' and the prospective Rule 23 Wage Deductions Class members' earned wages in violation of the Labor Law.

95.     The operation of the Wage Deduction Policy in conjunction with the operation of the Commission Compensation Plan resulted in Plaintiffs and the prospective Rule 23 Wage Deductions Class members who are also members of the prospective FLSA/Rule 23 Misclassification Classes receiving less than the guaranteed minimum wage and/or overtime compensation for hours worked in violation of the FLSA and/or the Labor Law.

*vi.*     *Defendants' Knowledge of Misclassification and Unpaid Compensation*

96.     At all relevant times, Defendants knew or should have known that they had misclassified Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' work as Sales Representatives based upon: (1) Defendant's pervasive control over the working conditions of Sales Representatives; and (2) the complaints by Sales Representatives to Defendants regarding their classification as independent contractors.

97.     At all relevant times, Defendants knew or should have known that they failed to compensate Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Class members' at the appropriate rate for hours worked over forty (40) hours in any workweek, failed to pay

23

**JA-103**

for hours worked at a rate at least equal to the minimum wage, and unauthorized deductions from earned wages.

    **B.**    **Plaintiff Jan P. Holick, Jr.**

98.    Plaintiff Jan P. Holick, Jr. ("Plaintiff Holick") worked for Defendants as a Sales Representative from June 29, 2010 until he was terminated on or about March 28, 2011.

99.    On information and belief, Plaintiff Holick was terminated as a Sales Representative of the Defendants because he had purportedly arrived late multiple times to his scheduled shifts as a Sales Representative.

100.    At all relevant times, Plaintiff Holick exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta and Queensbury.

101.    Defendants mandated that Plaintiff Holick attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

102.    To perform the duties of a Sales Representative, Plaintiff Holick worked on the average approximately 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

103.    On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Holick's wages in excess of $22,180.00.

**JA-104**

### C.    Plaintiff Steven Moffitt

104.    Plaintiff Steven Moffitt ("Plaintiff S. Moffitt") worked for Defendants as a Sales Representative from on or about October 11, 2010 until he was terminated on or about March 28, 2011.

105.    On information and belief, Plaintiff S. Moffitt was terminated as a Sales Representative of the Defendants because his supervisor(s) had been notified that his son, Plaintiff Justin Moffitt, had researched the filing of an SS-8 form with the Internal Revenue Service to determine whether Defendants had misclassified his and his father's work as Sales Representatives as the work of independent contractors.

106.    At all relevant times, Plaintiff S. Moffitt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Rochester, and Queensbury.

107.    Defendants mandated that Plaintiff S. Moffitt attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

108.    On information and belief, to perform the duties of a Sales Representative, Plaintiff S. Moffitt worked on the average approximately between 40 and 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

109.    On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff S. Moffitt's wages in excess of $12,590.00.

**JA-105**

**D.     Plaintiff Justin Moffitt**

110.    Plaintiff Justin Moffitt ("Plaintiff J. Moffitt") worked for Defendants as a Sales Representative from on or about October 11, 2010 until he was terminated on or about March 28, 2011.

111.    On information and belief, Plaintiff J. Moffitt was terminated as a Sales Representative of the Defendants because his supervisors had been notified that he had researched the filing of an SS-8 form with the Internal Revenue Service to determine whether Defendants had misclassified he and his father Plaintiff Steven Moffitt as independent contractors rather then employees.

112.    At all relevant times, Plaintiff J. Moffitt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Queensbury, Rochester, Poughkeepsie, Kingston, Middletown, and Syracuse.

113.    Defendants mandated that Plaintiff J. Moffitt attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

114.    On information and belief, to perform the duties of a Sales Representative, Plaintiff J. Moffitt worked on the average approximately between 40 and 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

115.    On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff J. Moffitt's wages in excess of $15,720.00.

**E.     Plaintiff Gurwinder Singh**

116.    Plaintiff Gurwinder Singh ("Plaintiff Singh") worked for Defendants as a Sales Representative from on or about April 1, 2010 until he was terminated on or about June 30, 2011.

117.    On information and belief, Plaintiff Singh was terminated as a Sales Representative of the Defendants because he was not a "good fit" for the position of a Sales Representative.

118.    At all relevant times, Plaintiff Singh exclusively performed his duties as a Sales Representative for Defendants at Defendants' retail store locations in Malta, Rochester, Newburgh, Poughkeepsie, Middletown, Kingston, and Glens Falls, New York.

119.    Defendants mandated that Plaintiff Singh attend formal, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York, and Orlando, Florida that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

120.    On information and belief, to perform the duties of a Sales Representative, Plaintiff Singh worked on the average approximately between 40 and 50 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

121.    On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Singh's wages in excess of $46,540.00.

27

**JA-107**

F.    **Plaintiff Jason Mack**

122.    Plaintiff Jason Mack ("Plaintiff Mack") worked for Defendants as a Sales Representative from on or about August 31, 2010 until his was terminated on or about March 29, 2011.

123.    Plaintiff Mack was terminated as a Sales Representative of the Defendants because he purportedly was unable to be flexible enough to change work store locations on short notice.

124.    At all relevant times, Plaintiff Mack exclusively performed his duties as a Sales Representative for Defendants at Defendants' retail store locations in Malta and Queensbury, New York.

125.    Defendants mandated that Plaintiff Mack attend standardized, classroom type training at Defendants' facilities in Albany and Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

126.    On at least one occasion, Plaintiff Mack was sent away from the retail store location he was scheduled to work as a Sales Representative by the Defendants because he did not show up for his scheduled shift wearing premium cloths in compliance with the Dress Code Policy.

127.    On information and belief, Plaintiff Mack worked on the average approximately between 40 and 45 hours per week, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

128.    On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Mack's wages in excess of $17,490.00.

28

**JA-108**

### G.     Plaintiff Timothy M. Pratt

129.     Plaintiff Timothy M. Pratt ("Plaintiff Pratt") worked for Defendants as a Sales Representative from June 29, 2010 until he was terminated on or about June 21, 2012.

130.     Plaintiff Pratt's work as a Sales Representative was classified and treated as the work of an employee on and after January 1, 2012.

131.     Plaintiff Pratt's work as a Sales Representative was classified and treated as the work of an independent contractor prior to January 1, 2012.

132.     Plaintiff Pratt performed the exact or substantially similar duties as a Sales Representative both before and after January 1, 2012.

133.     Defendants purport that Plaintiff Pratt was terminated as a Sales Representative of the Defendants because he had failed to show up for two consecutive scheduled work shifts without purportedly putting Defendants on prior notice of the reason for his failures to show. Plaintiff Pratt asserts that he was terminated in retaliation for his participation in the NDNY I Action. Plaintiff Pratt has asserted his retaliatory termination claims under the FLSA and Labor Law against Defendants in the action currently pending in the Northern District of New York captioned *Pratt v. Cellular Sales of New York, LLC et al.*, Case No. 1:12-CV-1754 (NAM/RFT).

134.     At all relevant times, Plaintiff Pratt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Queensbury, Poughkeepsie, Middletown, Kingston, Syracuse, Rochester, Brockport, Malone, and Johnstown..

135.     Defendants mandated that Plaintiff Pratt attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York, Rochester, New

**JA-109**

York, and Malone, New York that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

136. To perform the duties of a Sales Representative, Plaintiff Pratt worked on the average approximately between 40 and 50 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

137. On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Pratt's wages in excess of $122,640.00.

### H. Plaintiff William Burrell

138. Plaintiff William Burrell ("Plaintiff Burrell") worked for Defendants as a Sales Representative from October, 2010 until he was terminated May or June of 2012.

139. Plaintiff Burrell's work as a Sales Representative was classified and treated as the work of an employee on and after January 1, 2012.

140. Plaintiff Burrell's work as a Sales Representative was classified and treated as the work of an independent contractor prior to January 1, 2012.

141. Plaintiff Burrell performed the exact or substantially similar duties as a Sales Representative both before and after January 1, 2012.

142. At all relevant times, Plaintiff Burrell exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Queensbury, Poughkeepsie, Newburgh, Middletown, Kingston, Buffalo, Huntington, Commack, and Rochester.

143. Defendants mandated that Plaintiff Burrell attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York, and Knoxville,

30

**JA-110**

Tennessee Malone, New York that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

144.    To perform the duties of a Sales Representative, Plaintiff Burrell worked on the average approximately between 40 and 50 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

145.    On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Burrell's wages in excess of $67,470.00.

### FLSA COLLECTIVE ACTION ALLEGATIONS

146.    Defendants intentionally misclassified Sales Representatives as independent contractors.

147.    Members of the prospective FLSA Class are similarly situated.

148.    Members of the prospective FLSA Class have substantially similar job requirements and pay provisions and are subject to common practice, policy or plan that requires or permits them to perform work for the benefit of the Defendants uncompensated at minimum wage and/or in excess of forty (40) hours per workweek without being compensated at one and one-half times their regular rate of pay.

149.    There are numerous similarly situated current and former Sales Representatives who Defendants have misclassified as independent contractors, denied their guaranteed compensation in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit.

150.    These similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

31

**JA-111**

151.    Members of the prospective FLSA Class, and Plaintiffs, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

152.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the prospective FLSA Class.

153.    Plaintiffs Jan P. Holick Jr., Steven Moffitt, Jason Moffitt, Gurwinder Singh Jason Mack, Timothy M. Pratt, and William Burrell request that they be permitted to serve as representatives of those who have consented to participate in this action as part of the FLSA Class and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## RULE 23(b)(3) NEW YORK CLASS ACTION

154.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiffs Jan P. Holick, Jr., Steven Moffitt, Jason Moffitt, Gurwinder Singh, Jason Mack, Timothy M. Pratt, and William Burrell bring their claim for relief to redress and remedy Defendants' violations of the Labor Law and the New York State common law.

155.    The members of the prospective Rule 23 Misclassification Class and the prospective Rule 23 Wage Deduction Class are each easily ascertainable. The number and identity of the members of both proposed Classes are determinable from Defendants' payroll records. On information and belief the hours assigned and worked, the commissions earned, and wage deductions from the proposed Classes are determinable from reviewing the records maintained by Defendants compared with records maintained by Plaintiffs.

156.    Numerosity: The prospective Rule 23 Misclassification Class and the prospective Rule 23 Wage Deduction Class are so numerous that joinder is impracticable, and that the disposition of their claims as a class will benefit the parties and the Court. While the exact number of the members of in each prospective Class is unknown to Plaintiffs at this

**JA-112**

time, on information and belief, the prospective Classes each comprise of at least several hundred persons.

157.   Commonality: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the Plaintiffs and all members of the prospective Rule 23 Misclassification Class and the Rule 23 Wage Deduction Class. Plaintiffs and all members of the prospective Rule 23 Misclassification Class have been harmed by their misclassification by Defendants as independent contractors and Defendants' subsequent failure appropriately compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all compensable work performed, all hours worked at minimum wage, and at time and a half for hours worked in excess of forty (40) hours per workweek. Additionally, Plaintiffs and all members of the prospective Rule 23 Misclassification Class have been harmed due to Defendants' unjust enrichment through their shifting of their burden to pay Federal payroll taxes on their employees' wages onto Plaintiffs and the prospective Class members. Plaintiffs and all members of the prospective Rule 23 Wage Deductions Class have been harmed by Defendants' improper pay deductions from Plaintiffs' and the members' wages. In the Rule 23 Misclassification Action, the common questions of law and fact include, but are not limited to, the following:

> (a)   Whether Defendants misclassified Plaintiffs and members of the prospective Rule 23 Misclassification Class as independent contractors exempt from the protection of the Labor Law;
>
> (b)   Whether Defendants refused to pay Plaintiffs and members of the prospective Rule 23 Misclassification Class their minimum wage for all hours worked in violation of the Labor Law;

33

**JA-113**

(c)     Whether Defendants refused to pay Plaintiffs and the members of the prospective Rule Misclassification 23 Class overtime wages for hours worked in excess of forty (40) hours per week in violation of the Labor Law;

(d)     Whether Defendants refused to pay Plaintiffs and the members of the prospective Rule 23 Misclassification Class compensation for all time spent performing compensable work;

(e)     Whether Defendants in violation of the New York State common law shifted their burden under the federal tax laws to shoulder a portion of the payroll taxes on Plaintiffs' and the prospective Rule 23 Misclassification Class members' wages by misclassifying them as independent contractors; and

(f)     Whether Defendants' refusal to pay such compensation and unjust enrichment violates the Labor Law and/or New York State common law.

In the Rule 23 Wage Deductions Action, the common questions of law and fact include, but are not limited to, the following:

(a) Whether Defendants misclassified Plaintiffs and members of the prospective Rule 23 Wage Deductions Class who worked as a Sales Representative prior to January 1, 2012 as independent contractors exempt from the protection of the Labor Law;

34

**JA-114**

       (b) Whether Defendants made unauthorized deductions from the earned wages of the Plaintiffs and the members of the prospective Rule 23 Wage Deductions class in violation of the Labor Law; and

       (c) Whether Defendants' deductions from the earned wages of the Plaintiffs and the members of the prospective Rule 23 Wage Deductions Class violates the Labor Law.

158.   Typicality: The claims of the Plaintiffs herein are typical of those claims which could be alleged by any member of the prospective Rule 23 Misclassification Class or Rule 23 Wage Deductions Class, and the relief sought is typical of the relief which would be sought by each member of each prospective Rule 23 Class in separate actions. All the prospective Rule 23 Misclassification Class members were misclassified as independent contractors by the Defendants and were subject to the same compensation practices of Defendants, as alleged herein, of: (1) refusing to pay minimum wage, overtime wages, and/or all time spent performing compensable work; and (2) impermissibly shifting their federal tax burden on their employees' wages onto Sales Representatives. All the prospective Rule 23 Wage Deductions Class members were subjected to unauthorized deductions from their earned wages, and all prospective Rule 23 Wage Deduction Class members who worked as Sales Representatives prior to January 1, 2012 were misclassified as independent contractors by Defendants. Defendants' compensation policies and practices affected all the prospective Rule 23 Misclassification Class and Rule 23 Wage Deductions Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each proposed Class member. Plaintiffs, the proposed Rule 23 Misclassification Class, and the proposed

Rule 23 Wage Deductions Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

159.  Adequacy of Representation: Plaintiffs are able to fairly and adequately protect the interests of all members of the prospective Rule 23 Misclassification Class and prospective Rule 23 Wage Deductions Class, and there are no known conflicts of interest between Plaintiffs and the members of the proposed Classes. Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

160.  Predominance and Superiority: The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual prospective Rule 23 Class members. A class action is superior to other available means for the fair and efficient adjudication of the controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for individual class members to redress the wrongs done to them.

161.  On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the

36

**JA-116**

proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members rights' and the disposition of their interests through actions to which they are not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

162.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs, the members of the prospective Rule 23 Misclassification Class, and the members of the prospective Rule 23 Wage Deductions Class.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act – Overtime Compensation)

163.     Defendants willfully violated FLSA by misclassifying Plaintiffs and all other similarly situated as independent contractors and failing to appropriately pay them minimum wage and overtime wages. A 3-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

164.     At all relevant times, each Defendant has been, and continues to be, an employer engaged in interstate "commerce" within the meaning of FLSA, 29 U.S.C. § 203.

165.     At all relevant times, each Defendant has employed, and continues to employ, "employee[s]," including the Plaintiffs and all others similarly situated, who have been engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

166.     At all relevant times, each Defendant individually and/or collectively have had gross operative revenue in excess of $500,000 dollars.

167.     Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and other

37

**JA-117**

similarly situated employees as independent contractors and thereby failing and refusing to pay them overtime wage compensation as required by law and in accordance with the FLSA, 29 U.S.C. § 207.

168.    As a result of Defendants violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied overtime wages in accordance with the FLSA, 29 U.S.C. § 207.

169.    Defendants have not made a good faith effort to comply with the FLSA with respect to its classification and overtime compensation of Plaintiffs and other similarly situated present and former Sales Representatives.

170.    As a result of Defendants unlawful acts, Plaintiffs and all similarly situated current and former Sales Representatives have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, punitive damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the FLSA, 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
#### (Violation of Article 19 of the New York State Labor Law – Overtime Compensation)
#### (Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification Class Members)

171.    At times relevant to this action, Plaintiffs and other similarly situated were employees and Defendants were each an employer within the meaning of Article 19 of the Labor Law.

172.    The overtime wage provisions of Article 19 of the Labor Law and its supporting regulations apply to Defendants.

38

**JA-118**

173. Defendants have failed to pay Plaintiff and the prospective Rule 23 Misclassification Class the overtime wages to which they are entitled under the Labor Law.

174. By Defendants failure to pay Plaintiffs and the prospective Rule 23 Misclassification Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to regulations in 12 N.Y.C.R.R. Part 142.

175. Due to Defendants' violation of Article 19 of the Labor Law and corresponding regulations, Plaintiffs and the prospective Rule 23 Misclassification Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act – Minimum Wage)

176. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and other similarly situated employees as independent contractors and thereby failing and refusing to pay them minimum wage compensation as required by law and in accordance with § 206 of the FLSA.

177. As a result of Defendants violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied their minimum wage in accordance with § 206 of the FLSA.

**JA-119**

178.    Defendants have not made a good faith effort to comply with the FLSA with respect to its classification of payment of minimum wage to Plaintiffs and other similarly situated present and former Sales Representatives.

179.    As a result of Defendants unlawful acts, Plaintiffs and all similarly situated current and former Sales Representatives have been deprived their minimum wage in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, punitive damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to § 216(b) of the FLSA.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Violation of Article 19 of the New York State Labor Law – Minimum Wage)**
**(Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification**
**Class Members)**

180.    The minimum wage provisions of Article 19 of the Labor Law and its supporting regulations apply to Defendants.

181.    Defendants have failed to pay Plaintiff and the prospective Rule 23 Misclassification Class their minimum wage to which they are entitled under the Labor Law.

182.    By Defendants failure to pay Plaintiffs and the prospective Rule 23 Misclassification Class their minimum wage, it has willfully violated the Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to regulations in 12 N.Y.C.R.R. Part 142.

183.    Due to Defendants' violation of Article 19 of the Labor Law and corresponding regulations, Plaintiffs and the prospective Rule 23 Misclassification Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

40

**JA-120**

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Article 6 of the New York State Labor Law –Failure to Pay for Compensable Work)
### (Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification Class Members)

184.    At times relevant to this action, Plaintiffs and the prospective Rule 23 Misclassification Class members were employees and Defendants were each an employer within the meaning of Article 6 of the Labor Law.

185.    Defendants have failed to compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all time spent performing compensable work as a Sales Representative.

186.    Section 191 of the Labor Law requires Defendants to pay Sales Representatives for all time spent performing compensable work as a Sales Representative.

187.    Defendants have violated Section 191 of the Labor Law by failing to compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all time spent performing compensable work as Sales Representatives.

188.    By Defendants having failed to compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all time spent performing compensable work as Sales Representatives, they have willfully violated the Labor Law Article 6, §§ 190 *et seq.*

189.    Due to Defendants' violation of Article 6 of the Labor Law, Plaintiffs and the prospective Rule 23 Misclassification Class members are entitled to recover from Defendants for the time spent in performing compensable work for which they were not paid, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

**JA-121**

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Violation of the New York State Common Law)
#### (Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification Class Members)

190.    By Defendants misclassifying Plaintiffs and the prospective Rule 23 Misclassification Class members as independent contractors, Defendants relieved themselves of their obligation under Federal tax law to pay payroll taxes on wages earned by Plaintiffs and the prospective Rule 23 Misclassification Class members for Social Security and Medicare.

191.    By Defendants misclassifying Plaintiffs and the prospective Rule 23 Misclassification Class members as independent contractors, Defendants required Plaintiffs and the prospective Rule 23 Misclassification Class members to assume Defendants' obligation to pay Federal payroll taxes on wages earned by Plaintiffs and the Rule 23 Misclassification Class members.

192.    Defendants benefited from misclassifying Plaintiffs and the prospective Rule 23 Misclassification Class members as independent contractors.

193.    As a result, Defendants have been unjustly enriched.

194.    Plaintiff and the prospective Rule 23 Misclassification Class members have been damaged as a result of Defendants' conduct.

### AS AND FOR A SEVENTH CAUSE OF ACTION
#### (Violation of Article 6 of the New York State Labor Law – Wage Deductions)
#### (Brought on Behalf of Plaintiffs and all Prospective Rule 23 Class Members)

195.    At times relevant to this action, Plaintiffs and the prospective Rule 23 Wage Deductions Class members were employees and Defendants were each an employer within the meaning of Article 6 of the Labor Law.

42

**JA-122**

196.    The provisions prohibiting unauthorized wage deductions from employees under Article 6 of the Labor Law apply to Defendants.

197.    Defendants have made deductions from the Plaintiffs' and prospective Rule 23 Wage Deductions Class members' compensation and earned wages that are not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency or are expressly authorized in writing as required by Labor Law § 193(1).

198.    The acts of Defendants in making prohibited having made deductions from the Plaintiffs' and prospective Rule 23 Wage Deductions Class members' compensation and earned wages constitutes a willful violation of the Labor Law, Article 6, §§ 190 *et seq*.

199.    Due to Defendants' violation of Article 6 of the Labor Law, Plaintiffs and the prospective Rule 23 Wage Deductions Class members are entitled to recover from Defendants the deductions impermissibly made from the Plaintiffs' and Rule 23 Wage Deductions Class members' wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively seek that this Court:

1.    Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiffs as representatives of all those similarly situated under the FLSA collective action.

2.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons residing in

JA-123

New York State who are presently, or have at any time during the three years preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked as Sales Representatives on behalf of Defendant. Such notice will inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

3. Issue an Order certifying a class of Sales Representatives employed by Defendants in New York State, pursuant to Rule 23, and designate Plaintiffs Jan P. Holick, Jr. Steven Moffitt, Jason Moffitt, Gurwinder Singh and Jason Mack as representatives on behalf of the class.

4. Issue an Order appointing the undersigned counsel as Class Counsel pursuant to Rule 23(g).

5. Award Plaintiffs and all those similarly situated actual damages for the amount of their unpaid earned wages and all unauthorized deductions from their earned wages, liquidated damages equal in amount to the their unpaid earned wages and all unauthorized deductions from their earned wage, and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulation;

6. Award Plaintiffs and all those similarly situated their actual damages for Defendants' unjust enrichment because of Defendants' misclassification of Plaintiffs and all those similarly situated as independent contractors pursuant to the New York State common law;

44

**JA-124**

7.    Award Plaintiffs and all those similarly situated pre- and post-judgment interest as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, and Labor Law, Article 19, § 650 *et seq.*

8.    Award Plaintiffs and all those similarly situated attorneys' fees, costs and disbursements as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, and Labor Law, Article 19, § 650 *et seq.*

9.    Award Plaintiffs and all those similarly situated further legal and equitable relief as this Court deems necessary, just, and proper.

DATED:  Albany, New York
        June 26, 2013

**GLEASON, DUNN, WALSH & O'SHEA**

By
        RONALD G. DUNN, ESQ.
        (Bar Roll No. 101553)
        DANIEL A. JACOBS, ESQ.
        (Bar Roll No. 515241)
        Attorneys for Plaintiff
        Office and P.O. Address
        40 Beaver Street
        Albany, New York 12207
        (518) 432-7511

**JA-125**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

                                       **CONSENT TO JOIN
                                       OVERTIME/MINIMUM
                                       WAGE LAWSUIT**

                            Plaintiffs, on behalf of
                            themselves and all others
                            similarly situated

     -against-                      Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                       Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-126**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____          _06/21/13_____
Signature                        Date

Gvenwpxf Sinott
Printed Name

**JA-127**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

                                       **CONSENT TO JOIN**
                                       **OVERTIME/MINIMUM**
                                       **WAGE LAWSUIT**

                        Plaintiffs, on behalf of
                        themselves and all others
                        similarly situated

-against-                              Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                        Defendants.

      I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

      By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____          6|23|13
Signature                                 Date

Jason L. Mack
Printed Name

**JA-129**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

                                                           **CONSENT TO JOIN
OVERTIME/MINIMUM
WAGE LAWSUIT**

                          Plaintiffs, on behalf of
                          themselves and all others
                          similarly situated

        -against-                              Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                    Defendants.

     I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

     By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

JA-130

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____     Date  6/20/13
Signature

William Burrell
Printed Name

JA-131

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR.,  STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

                                                    **CONSENT TO JOIN**
                                                    **OVERTIME/MINIMUM**
                                                    **WAGE LAWSUIT**

                          Plaintiffs, on behalf of
                          themselves and all others
                          similarly situated

    -against-                                        Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                        Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-132**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

Justin W. Moffitt
Signature

6-19-2013
Date

Justin W Moffitt
Printed Name

**JA-133**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANP.HOLICK,JR.,  STEVENMOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

**CONSENT TO JOIN
OVERTIME/MINIMUM
WAGE LAWSUIT**

Plaintiffs, on behalf of
themselves and all others
similarly situated

-against-                                          Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack(the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-134**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

Signature

6/19/13

Date

Timothy M. Pratt

Printed Name

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANP.HOLICK,JR., STEVENMOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

**CONSENT TO JOIN**
**OVERTIME/MINIMUM**
**WAGE LAWSUIT**

Plaintiffs, on behalf of
themselves and all others
similarly situated

-against-                                    Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack(the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-136**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_Steven W. Moffitt_
Signature

_June 18, 2012_
Date

_Steven W. Moffitt_
Printed Name

**JA-137**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANP.HOLICK,JR.,  STEVENMOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

**CONSENT TO JOIN
OVERTIME/MINIMUM
WAGE LAWSUIT**

Plaintiffs, on behalf of
themselves and all others
similarly situated

-against-

Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P.
Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason
Mack(the "Representative Plaintiffs") as well as Timothy M. Pratt and
William Burrell to recover alleged unpaid overtime and minimum wages,
liquidated damages, prejudgment interest, attorneys' fees, and costs from
Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the
"Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs
as my agents to make decisions on my behalf concerning this FLSA
litigation against Defendants, including, but not limited to, the method and
manner of conducting this litigation, whether to enter into settlement
agreements, whether to enter into agreements with Representative Plaintiffs'
counsel concerning attorneys' fees and costs, and with respect to all other
matters pertaining to this FLSA litigation against the Defendants. I
understand that if I file this consent, I will be bound by the decisions made
and agreements entered into by the Representative Plaintiffs.

**JA-138**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____                    JuNE 18th, 2013
Signature                                          Date

JAN P. HOLICK, JR.
Printed Name

JA-139

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL, and
TIMOTHY M. PRATT

|  |  |
|---|---|
| Plaintiffs, on behalf of themselves and all others similarly situated, | Case No. 1:13-CV-738 [FJS/RFT] |

     -against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

           Defendants.

---

## NOTICE OF MOTION TO COMPEL INDIVIDUAL ARBITRATIONS OF AND TO DISMISS OR STAY PLAINTIFF PRATT'S AND PLAINTIFF BURRELL'S CLAIMS

**PLEASE TAKE NOTICE** that, upon the annexed affidavit of Luke Fletcher, Regional

Director of Cellular Sales of New York, LLC, and the accompanying memorandum of law,

Defendants[1] will move this Court before the Honorable Frederick J. Scullin, Jr., at the United

States District Court for the Northern District of New York, Alexander Pirnie Federal Building,

10 Broad Street, Utica, New York 13501, on the 11th day of October 2013, at 11:00 a.m. or as

soon thereafter as counsel may be heard, for an Order, pursuant to Federal Rules of Civil

---

[1] Plaintiffs' lawsuit names Cellular Sales of Knoxville, Inc. as a defendant despite the fact that Plaintiffs never worked for Cellular Sales of Knoxville, Inc. Notwithstanding this fact, and without waiving any argument that it never had any type of relationship with Plaintiffs, Cellular Sales of Knoxville, Inc. joins in Defendants' Motion to Compel Individual Arbitrations and to Dismiss or Stay. Furthermore, Cellular Sales of Knoxville, Inc. has filed a Motion to Dismiss under 12(b)(2) for lack of personal jurisdiction. Thus, Cellular Sales of Knoxville, Inc. joins in this Motion subject to, and without waiving, its independent jurisdictional challenge.

Procedure 12(b)(1) and/or 12(b)(6) and the Federal Arbitration Act, 9 U.S.C. §§ 1-6, granting

Defendants' motion to compel individual arbitrations of and dismissing Plaintiff Timothy Pratt's

and Plaintiff William Burrell's claims or, in the alternative, compelling individual arbitrations of

and staying proceedings on Plaintiff Timothy Pratt's and Plaintiff William Burrell's claims, and

granting such other relief as this Court may deem just and proper.

Dated: August 27, 2013

Respectfully submitted,

_/s/ C. Larry Carbo, III_____
C. Larry Carbo, III.
SBOT #24031916
larry.carbo@chamberlainlaw.com
Ryan Cantrell
SBOT #24055259
ryan.cantrell@chamberlainlaw.com
Julie R. Offerman
SBOT #24070360
julie.offerman@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS
& AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 [fax]
*(Pro Hac Vice)*

Joseph M. Dougherty
Bar Roll No. 515968
HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Phone: (518) 436-0751
Fax: (518) 436-4751
E-mail: jdougherty@hinmanstraub.com

ATTORNEYS FOR DEFENDANTS

2

**JA-141**

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2013, I electronically filed the foregoing with the Clerk of the District using the CM/ECF system, which sent notification of such filing to the following:

1.    Ronald G. Dunn
Daniel A. Jacobs
Gleason, Dunn Law Firm
40 Beaver Street
Albany, NY 12207

_/s/ C. Larry Carbo, III_____

1344961_1

3

**JA-142**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN P. HOLICK, JR., STEVEN MOFFITT JUSTIN MOFFITT, GURWINDER SINGH , JASON MACK, WILLIAM BURRELL, and TIMOTHY M. PRATT | **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

<blockquote>Plaintiffs, on behalf of themselves and all others similarly situated,</blockquote>

Case No. 1:13-CV-738 (NAM/RFT)

-against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

<div align="center">Defendants.</div>

Plaintiffs, JAN P. HOLICK, JR., STEVEN MOFFITT, JUSTIN MOFFITT, GURWINDER SINGH, JASON MACK, WILLIAM BURRELL, and TIMOTHY M. PRATT, by and through their attorneys, Gleason, Dunn, Walsh & O'Shea, complaining of Defendants as follows:

<div align="center">

**INTRODUCTION**

</div>

1. This case arises out of the Defendants' systemic, New York-wide misclassification of the named Plaintiffs and hundreds of similarly situated individuals as independent contractors. Defendants employed the named Plaintiffs and other similarly situated individuals as Sales Representatives in the retail sale of Verizon Wireless products and services to customers in Defendants' retail stores in New York State. Defendants exerted significant and substantial control over the performance of the Sales Representatives' duties and the "economic reality" is that Sales Representatives were and are an integral component

<div align="center">1</div>

**JA-143**

of Defendants' business and economically dependent on their earned wages as Sales Representatives. Indeed, Defendants reclassified Sales Representatives as employees beginning January 1, 2012 even though Sales Representatives have thereafter performed the same basic duties they performed as "independent contractors." The named Plaintiffs and other similarly situated individuals were therefore "employees" of the Defendants under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law (the "Labor Law"), Article 6, § 190 *et seq.*, and Article 19, § 650 *et seq.*

2. Due to their misclassification as independent contractors, in certain workweeks the named Plaintiffs and other similarly situated individuals were denied their compensation for all compensable work they performed, overtime compensation, and in some workweeks their minimum wage, guaranteed under the FLSA and the Labor Law. Additionally, Defendants made wage deductions from the pay of named Plaintiffs' and other similarly situated individuals' pay in violation of the Labor Law.

3. Due to the misclassification as independent contractors of the named Plaintiffs and other similarly situated individuals, Defendants shifted their Federal payroll tax burden for Sales Representatives' earnings onto each Sales Representative, requiring Sales Representatives to pay payroll taxes as though they were self-employed. As such, Defendants were unjustly enriched in violation of the New York State common law

4. Plaintiffs bring this action for the violation of the FLSA as a collective action, pursuant to 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All Sales Representatives who were or, are employed by Defendants within the State of New York during the period of three years prior to the date of commencement of this action through the date of judgment in this action, were misclassified as independent contractors by Defendants prior to January 1, 2012, and were deprived of their minimum wages and/or were

2

not paid time and one-half for hours worked in excess of forty (40) in any workweek prior to January 1, 2012.

(the "FLSA Class")

5. Accordingly, Defendants are liable under the FLSA for their failure to pay the named Plaintiffs and members of the FLSA: (a) the minimum wage for all hours worked prior to January 1, 2012; and (b) time and one half of their regular wage for hours worked in excess of forty (40) in any workweek prior to January 1, 2012. The named Plaintiffs and all other similarly situated employees who elect to participate in the FLSA Class seek their unpaid compensation, an equal amount of liquidated damages, and/or prejudgment interest, punitive damages, and costs, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

6. The named Plaintiffs also bring this action on their own behalf and as representatives of similarly situated current or former Sales Representatives employed by Defendants in New York State for violations of the Labor Law. Under the Labor Law §§ 198-a and 663, Plaintiffs are entitled to: (a) all unpaid minimum wage, overtime compensation, and compensation for compensable work performed prior to January 1, 2012; (b) the amount of the unauthorized deductions from their wages performed prior to January 1, 2012; (c) liquidated damages equal to the unpaid compensation and unauthorized deductions; (d) the amount of Defendants' Federal payroll taxes that Defendants unjustly retained by misclassifying Sales Representatives as independent contractors performed prior to January 1, 2012; and (e) punitive damages for Defendants' failure to pay its New York employees for all hours worked as required by law.

7. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendants' employees for overtime and minimum wage

3

**JA-145**

violations, failure to pay for all time spent performing compensable work, and unlawful

shouldering of Defendants' payroll tax burden under New York State law:

> All Sales Representatives who were or are employed by Defendants in the State of New York from six years prior to the date of commencement of this action through the date of judgment in this action; were improperly misclassified as independent contractors prior to January 1, 2012; and deprived of their minimum wage, were not paid time and one-half for hours worked in excess of forty (40) hours in any workweek, not paid for all time spent performing compensable work, and/or were improperly required to pay Defendants' payroll tax burden on their wages for work performed prior to January 1, 2012.

(the "Rule 23 Misclassification Class").

8.     Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil

Procedure for the following class of Defendants' employees for violations of New York State

law:

> All Sales Representatives who were or are employed by Defendants in the State of New York from six years prior to the date of commencement of this action through the date of judgment in this action and who had unauthorized deductions withheld from their wages for work performed prior to January 1, 2012. ·

(the "Rule 23 Wage Deductions Class").

## JURISDICTION AND VENUE

9.     The jurisdiction of this court over the FLSA claims asserted in this Complaint

by Plaintiffs and the prospective FLSA Class is invoked pursuant to 28 USC § 1331 and 29

U.S.C. § 216(b).

10.     The jurisdiction of this court over the state law claims asserted by Plaintiffs,

the prospective Rule 23 Misclassification Class and the prospective Rule 23 Wage Deductions

Class is invoked pursuant to the doctrine of supplemental jurisdiction, as provided by 28 U.S.C. § 1367.

11.     Plaintiffs assert that the Court has personal jurisdiction over Defendants under Sections 301 and/or 302(a)(1) of the N.Y. Civil Practice Law and Rules (the "CPLR") because Defendants are "doing business" within New York State and/or Plaintiffs' causes of action arise from Defendants' transaction of business or contracts for services in New York. Plaintiffs further assert that the Court has personal jurisdiction over each Defendant who is a domestic limited liability company pursuant to N.Y. Limited Liability Company Law § 301.

12.     Plaintiff sets venue in this case within the Northern District of New York pursuant to 28 U.S.C. § 1391 based on: (a) the Plaintiffs' residence within New York; (b) the location of Defendants' offices within the Northern District of New York; (c) Defendants regularly conduct business within this judicial district and thus is subject to personal jurisdiction within this judicial district; and/or (d) a substantial part of the events or omissions giving rise to the claims asserted occurred within the Northern District of New York.

13.     A jury trial is demanded by the named Plaintiffs in this action.

## PARTIES

### A. Plaintiffs and Defendants

14.     Plaintiffs are former employees of Defendants who performed as Sales Representatives primarily at Defendants' retail store locations throughout New York, including Malta, Queensbury, Rochester, Poughkeepsie, Kingston, Middletown, Buffalo, Newburgh, Huntington, Commack, Brockport, Malone, Johnstown, and Syracuse. Plaintiffs bring this action on their own behalf, and pursuant to 29 U.S.C. § 216(b) and F.R.C.P Rule 23(b)(3), as representatives of a proposed class collective/class action of similarly situated

5

**JA-147**

employees within New York State. Plaintiffs' written consents to join this action are attached as **Exhibit A.**

15.     At all relevant times, Plaintiffs were residents and citizens of the State of New York.

16.     At all relevant times Defendant Cellular Sales of New York, LLC ("Cellular Sales of New York") has been a New York limited liability corporation with offices in New York, conducting substantial business in the New York on behalf of, or in conjunction with, Defendant Cellular Sales of Knoxville, Inc., and having its principal executive offices in Fayetteville, New York and a business address in Knoxville, Tennessee.

17.     At all relevant times, Defendant Cellular Sales of Knoxville, Inc. ("CSOKI") has been a Tennessee business corporation with offices in Tennessee and/or New York and conducting substantial business in the State of New York through or in conjunction with Cellular Sales of New York.

18.     Defendants share a business address at 6513 Kingston Pike, Knoxville, Tennessee, 37919-4849.

19.     Defendants are in the business of operating retail store located in New York and other states in which Sales Representatives working on behalf of Defendants market and sell Verizon Wireless products and services—such as smartphones, service plans, and accessories—out of retail stores at fixed locations owned or leased by the Defendants.

20.     On information and belief, Defendants have operated retail stores within New York State since 2009.

6

**JA-148**

21. At all relevant times, Plaintiffs were employed by Defendants as Sales Representatives, and were employees within the meaning of 29 U.S.C. § 203(e)(1) and Labor Law §§ 190(2) and 651(5).

22. At all relevant times, Cellular Sales of New York was an employer within the meaning of 29 U.S.C. § 203(d) and within the meaning of Labor Law §§ 190(3) and 651(6).

23. At all relevant times, CSOKI was an employer within the meaning of 29 U.S.C. § 203(d) and within the meaning of Labor Law §§ 190(3) and 651(6).

24. At all relevant times, Defendants were joint employers within the meaning of 29 C.F.R. § 791.2(a).

25. At all relevant times, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

26. At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were employees engaged in commerce or in the production of goods in commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. CSOKI's Pervasive Control over Cellular Sales of New York and Sales Representatives in New York for the Purposes of Personal Jurisdiction and Joint Employer Status**

27. At all relevant times, CSOKI exercised extensive control over Cellular Sales of New York's internal operations and Cellular Sales of New York's operation of retail stores within New York as part of a nationwide integrated retail sales operation.

28. Indicia of CSOKI's extensive control over Cellular Sales of New York's internal operations and Cellular Sales of New York's operation of retail stores within New York as part of a nationwide integrated retail sales operation include but are not limited to:

7

JA-149

a. At all relevant times, CSOKI has been the parent company of Cellular Sales of New York;

b. At all relevant times, Defendants publicly held themselves out as one integrated business;

c. At all relevant times, CSOKI chose Cellular Sales of New York's executive personnel, controlled the assignment of Sales Representatives at retail store locations operated by Cellular Sales of New York, and provided a "@cellularsales.com" e-mail address to everyone who performed work on behalf of Cellular Sales of New York;

d. At all relevant times, CSOKI paid the salaries and reimbursed the business expenses of Cellular Sales of New York's executive personnel;

e. At all relevant times, CSOKI required advanced approval from CSOKI for Cellular Sales of New York to open a retail store location within New York;

f. At all relevant times, CSOKI representatives have inspected each retail store operated by Cellular Sales of New York to ensure compliance with CSOKI's policies;

g. At all relevant times, CSOKI has recruited potential Sales Representatives to work at retail store locations operated by Cellular Sales of New York;

h. At all relevant times, CSOKI has controlled Cellular Sales of New York's designation and treatment of Sales Representatives as independent contractors or employees of Cellular Sales of New York, including a requirement that Cellular Sales of New York reclassify and treat Sales Representatives working in New York as employees as of January 1, 2012;

8

**JA-150**

    i.   At all relevant times, CSOKI provided and managed the product inventory sold at retail store locations operated by Cellular Sales of New York;

    j.   At all relevant times, CSOKI administered and controlled Cellular Sales of New York's marketing, accounting, and sales system for the sale of Verizon Wireless products; and

    k.  At all relevant times, the profits from sales and other payments at retail store locations operated by Cellular Sales of New York gone directly to benefit CSOKI.

29.    At all relevant times, CSOKI exercised extensive control over how Sales Representatives employed at retail store locations operated by Cellular Sales of New York performed their duties.

30.    Indicia of CSOKI's extensive control over how Sales Representatives employed at retail store locations operated by Cellular Sales of New York performed their duties include but are not limited to:

    a.  Prior to January 1, 2012, CSOKI required Sales Representatives employed at retail store locations operated by Cellular Sales of New York to incorporate as limited liability companies and sign Independent Sales Agreements with Cellular Sales of New York as a condition of performing as Sales Representatives;

    b.  CSOKI was the principal drafter of the Independent Sales Agreements between Sales Representatives and Cellular Sales of New York;

JA-151

c. At all relevant times, CSOKI prohibited Sales Representatives from selling any product competing with Verizon Wireless products or working for any competitor of Defendants while on-duty or off-duty as a Sales Representative;

d. At all relevant times, CSOKI provided standardized paid training to Sales Representatives employed in retail store locations operated by Cellular Sales of New York that covered product information, sales techniques, sales presentation and Defendants' policies and procedures;

e. At all relevant times, CSOKI directed Sales Representatives employed in retail store locations operated by Cellular Sales of New York on appropriate dress, recordkeeping obligations, the manner by which sales to customers are made, and other performance standards;

f. At all relevant times, CSOKI controlled Cellular Sales of New York's designation and treatment of Sales Representatives as independent contractors or employees of Cellular Sales of New York, including a requirement that Cellular Sales of New York reclassify and treat Sales Representative working in New York as employees as of January 1, 2012;

g. At all relevant times, Sales Representatives employed in retail store locations operated by Cellular Sales of New York have been denominated as CSOKI's agents in executed customer agreements;

h. At all relevant times, Sales Representatives employed in retail store locations operated by Cellular Sales of New York transmitted funds to CSOKI collected from customers for the purchase of Verizon products and bill payments on Verizon Wireless service plans; and

10

**JA-152**

    i.   The Chief Executive Officer of CSOKI has had consistent repeated direct contact with Sales Representatives employed at retail store locations operated by Cellular Sales of New York regarding the concerns of Sales Representatives with working conditions and CSOKI's plans to resolve them.

31.    This Court has personal jurisdiction over CSOKI under CPLR § 301 because Cellular Sales of New York is a "mere department" and/or agent of CSOKI and therefore CSOKI is "doing business" within New York through Cellular Sales of New York.

32.    This Court has personal jurisdiction over CSOKI under CPLR § 302(a)(1) because Plaintiff's claim arises from CSOKI's transaction of business and/or entering of contracts for goods and services in New York directly or through its agent Cellular Sales of New York.

33.    CSOKI's and Cellular Sales of New York's extensive control over how Sales Representatives employed at retail store locations operated by Cellular Sales of New York performed their duties bring them within the meaning of "joint employer" pursuant to 29 C.F.R. § 791.2(a).

**C. Plaintiffs' Prior Litigation and Mediation of their Claims**

34.    On April 4, 2012, Plaintiff Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack commenced a hybrid/collective action complaint in the Northern District of New York under Case No. 1:12-CV-584 (NAM/DRH) (the "NDNY I Action").

35.    The NDNY I Action asserted that Defendants misclassified all Sales Representatives in New York as independent contractors and asserted class/collective-wide allegations for violations of the FLSA, Labor Law, and New York common law.

11

**JA-153**

36.     Subsequent to the commencement of the NDNY I Action, Plaintiffs Timothy M. Pratt and William Burrell filed consents to join the FLSA Class in the NDNY I Action and became plaintiffs in the NDNY I Action.

37.     Instead of answering the complaint in the NDNY I Action, Defendants, *inter alia*, moved to dismiss the action and compel arbitration of the claims asserted under the Federal Arbitration Act based sales agreements Plaintiffs signed as a condition of their performance as Sales Representatives for Cellular Sales of New York, which require all claims or controversies that arise from the sales agreements go to non-binding mediation prior to being asserted in court.

38.     By Decision and Order dated March 28, 2013 (the "March 28, 2013 Decision"), Judge Mordue granted Defendants' motion to dismiss and compelled "arbitration," i.e. compelled non-binding mediation, under the Federal Arbitration Act.

39.     On April 8, 2013, Plaintiffs' appealed the March 28, 2013 Decision to the U.S. Court of Appeals for the Second Circuit.

40.     The appeal of the March 28, 2013 Decision to the U.S. Court of Appeals for the Second Circuit is pending as of the commencement of this action.

41.     By letter dated April 8, 2013, Plaintiff notified Defendants of their appeal of the March 28, 2013 Decision, but nevertheless demanded to mediate Plaintiffs' individual and representative claims asserted in the NDNY I Action.

42.     By letter dated April 19, 2013, Defendants informed Plaintiffs they would not go forward and engage in any mediation in which Plaintiffs sought to mediate on behalf of all similarly situated Sales Representatives in New York, i.e. their representative claims against Defendants.

43.   By letter dated April 22, 2013, Plaintiffs informed Defendants that while they disagreed with Defendants' position that Plaintiffs were unable to mediate their representative claims against Defendants, they were willing to go forward with mediation solely on their individual claims against Defendants.

44.   On June 17, 2013, Plaintiffs and Defendants engaged in good-faith mediation over Plaintiffs' individual claims asserted in this action against Defendants before an experienced labor and employment mediator in Albany, New York. Mediation did not result in the settlement of Plaintiffs' claims asserted in this action.

45.   By engaging in mediation with Defendants on June 17, 2013, Plaintiffs satisfied any purported condition precedent within any contractual agreements with Defendants to assert the claims brought by this action.

46.   By Defendants refusing to mediate with Plaintiffs over Plaintiffs' representative claims against Defendants, Plaintiffs has satisfied, or Defendants have waived, any clause within any contractual agreement a member of the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deduction Classes entered into with Defendants as a condition of employment requiring all disputes arising from the agreement go to non-binding mediation prior to being asserted in court.

## FACTUAL ALLEGATIONS

### A. Terms and Conditions of Worked Performed by Sales Representatives

*i.    Sales Representatives' Duties*

47.   At all relevant times, Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' primary duties as Sales Representatives for Defendants encompassed the marketing and selling of Verizon Wireless

13

**JA-155**

products and services to customers of the Defendants at Defendants' retail store locations in New York.

48.   At all relevant times, the position of Sales Representative has been known and referred to by Defendants as the position of Sales Professional, Account Manager, Wireless Expert, Wireless Consultant, and/or B2B Consultant.

49.   At all relevant times, Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' duties as Sales Representatives for Defendants included maintaining the cleanliness and tidiness of the retail store locations in a pristine condition. This included cleaning bathrooms, mopping floors, dusting displays of Verizon Wireless products, ordering all necessary supplies (like toilet papers), and other tasks to maintain a clean and orderly retail environment for the Defendants' customers.

50.   At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed their primary sales duties as Sales Representatives within the Defendants' fixed retail store locations within New York.

*ii.   Defendants' Control over Sales Representatives' Performance and the "Economic Reality" of the Business Relationship between Sales Representatives and Defendants*

51.   As a condition of working as a Sales Representatives prior to January 1, 2012, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were required to incorporate as limited liability companies and enter into contracts called "Non-Exclusive Independent Sales Agreements" and "Member Indemnification Agreements" (the "Sales Agreements").

14

**JA-156**

52.   Defendants purport that Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed as independent contractors of the Defendants in their work as Sales Representatives prior to January 1, 2012.

53.   Defendants purport that Plaintiff and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed as independent contractors of the Defendants in their work as Sales Representatives prior to January 1, 2012 even though the Defendants exerted significant and substantial control over Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' performance as Sales Representatives

54.   Defendants purport that Plaintiff and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed as independent contractors of the Defendants in their work as Sales Representatives prior to January 1, 2012 even though the "economic reality" is that Sales Representatives engaged by Defendants were an essential part of the Defendants' business and Sales Representatives economically depended on their wages paid by Defendants

55.   At all relevant times, Defendants established Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' commission rates for products and services sold as Sales Representatives.

56.   At all relevant times, when Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members worked a work shift as a Sales Representative, they were required to pool and share in the commissions from every sale made by each Sales Representative on that shift.

57.    At all relevant times, Defendants established and provided work shift schedules to Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members.

58.    At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to devote a minimum number of hours per day and/or week to perform their duties as Sales Representatives.

59.    At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to primarily work from Defendants' fixed retail store locations in New York.

60.    At all relevant times, Defendants did not require Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to pay for the use of the Defendants' fixed retail store locations in New York or the equipment, staff or supplies provided by Defendants at the fixed retail store locations to enable Sales Representatives to perform their duties.

61.    At all relevant times, Defendants provided Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members sales forms and promotional materials to enable them to perform as Sales Representatives at no charge to them.

62.    At all relevant times, Defendants mandated that Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members attend standardized, classroom type training at Defendants' facilities that covered product

16

information, sales techniques, sales presentation, sales goals, and Defendants' policies and procedures, including changes to the commission structure for Sales Representatives.

63.     At all relevant times, Defendants established product and service pricing guidelines for the Verizon Wireless products and services Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members sold as Sales Representatives, which included minimum pricing that Defendants instructed Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to not go below in any sale.

64.     At all relevant times, sales made by Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members as Sales Representatives for Defendants were subject to Defendants' approval.

65.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members as Sales Representatives to submit daily written sales reports to Defendants that contained customer contacts, description of results and the number and types of products and services sold that day by Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members. These reports were used by Defendants to evaluate the performance and productivity of Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members and also for administrative purposes such as billing and determining commission payments to Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members.

66.     At all relevant times, if Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members failed to submit required written

17

reports or perform other directives by the Defendants regarding recordkeeping and/or other tasks, they could be locked out from the Defendant's computer system and unable to earn commissions during times they were scheduled to perform as Sale Representatives.

67.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to report to one or more supervisors employed by Defendants.

68.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to attend monthly meetings with their supervisor(s) that covered new product information, product prices, and productivity, including changes to the commission structure and sales goals for Sales Representatives.

69.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to adhere to various sales scripts and instructions on how to market and sell Verizon Wireless products and services, and on attaining minimum sales figures, as Sales Representatives.

70.     At all relevant time, Defendants encouraged Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to work as Sales Representatives more than 40 hours in a workweek so they could achieve minimum sales quotas imposed by Defendants.

71.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to purchase and wear premium clothes as part of the required uniform Defendants pursuant to the Defendants'

**JA-160**

policy regarding the appropriate attire for the performance of the duties of Sales Representatives (the "Dress Code Policy").

72.   At all relevant times, if Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members did not comply with the Dress Code Policy, they could be barred from the retail store location where they were scheduled to work.

73.   At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members did not have any responsibility to take steps to collect from customers late payments on the Verizon wireless products they sold to customers.

74.   At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members did not have a substantial investment in the fixed retail store locations used in connection with their performance as Sales Representatives.

75.   At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to provide business cards to customers at Defendants' retail store locations in New York business cards. The business cards represented to the customers that the Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed their duties as Sales Representatives on behalf of Defendants.

76.   At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members to provide "Thank You" cards to Defendants' customers during and/or following the Holiday sales season. . The

19

**JA-161**

"Thank You" cards represented to the customers that Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members performed their duties as Sales Representatives on behalf of the Defendants.

77.   Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members have had continuing, non-sporadic working relationships with Defendants in their performances as Sales Representatives.

78.   At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were required to personally perform sales functions on behalf of Defendants

79.   At all relevant times, as Sales Representatives, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were an essential part of the Defendants' business of selling Verizon Wireless products and services within New York State.

80.   Beginning on January 1, 2012, Defendants classified Plaintiff Timothy M. Pratt, Plaintiff William Burrell, and other prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deduction Class members as employees for their work as Sales Representatives.

81.   At all relevant times on and after January 1, 2012, Plaintiff Timothy M. Pratt and Plaintiff William Burrell and other prospective FLSA/Rule 23 Misclassification/Rule 23 performed as Sales Representatives in substantially the same way and performing the same duties that they performed prior to January 1, 2012.

82.   At all relevant times, while working as Sales Representatives for Defendants, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were economically dependent on their earnings as Sales Representatives.

83.     At all relevant times, both before and after January 1, 2012, Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members were "employees" of Defendants within the meaning of the FLSA and/or the Labor Law.

84.     At all relevant times prior to January 1, 2012, Defendants misclassified Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members as independent contractors of Cellular Sales of New York contrary to the requirements of the FLSA and/or the Labor Law.

*iii.     Unpaid Compensation to Sales Representatives*

85.     To perform the duties of a Sales Representative, Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class members were routinely required by Defendants to perform work for the benefit of Defendants for which the Defendants provided no compensation. This included time spent opening or closing a retail store location prior to or after the end of a scheduled work shift, mandatory training sessions, mandatory team meetings, and travel time to perform tasks required by Defendants.

86.     Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class were not fully compensated for all compensable work performed prior to January 1, 2012.

87.     To perform the duties of a Sales Representative, Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class members were routinely required to work more than eight (8) hours a day and forty (40) hours per week prior to January 1, 2012.

88.     At all relevant times, Defendants paid Plaintiffs and the prospective FLSA/Rule 23 Misclassification Class members for their services as Sales Representatives pursuant to an unlawful commission-based compensation plan (the "Commission Compensation Plan").

21

**JA-163**

89.    Plaintiffs' and the prospective FLSA/Rule 23 Misclassification Class members' regular rate of compensation in a workweek pursuant to the Commission Compensation Plain includes all time spent performing compensable work.

90.    Plaintiffs' regular rate of compensation under the Commission Compensation Plan for their performance of duties as a Sales Representative was in certain workweeks prior to January 1, 2012 below the applicable minimum wage and/or one and one-half times the applicable minimum wage under the FLSA and the Labor Law.

91.    On information and belief, the prospective FLSA/Rule 23 Misclassification Class members' regular rate of compensation under the Commission Compensation Plan for their performance of duties as a Sales Representative was in certain workweeks prior to January 1, 2012 below the applicable minimum wage and/or one and one-half times the applicable minimum wage under the FLSA and the Labor Law.

*iv.    Defendants' Unjust Enrichment by Shifting Defendants' Federal Payroll Tax Burden to Sales Representatives*

92.    Defendants' pre-January 1, 2012 policy that misclassified Sales Representatives as independent contractors resulted in Plaintiffs and the prospective Rule 23 Misclassification Class members paying the Defendants' share of Federal payroll taxes for Social Security and Medicare on Plaintiffs' and the prospective Rule 23 Misclassification Class members wages for work performed prior to January 1, 2012, 6.2% and 1.45% respectively.

*v.    Defendants' Wage Deductions from Sales Representatives' Pay*

93.    Pursuant to an established policy, Defendants made deductions from Sales Representatives' earned wages and compensation for work performed prior to January 1, 2012, for, amongst other things: (1) the use of Verizon Wireless cellular devices known as

"demonstration lines" that familiarized Sales Representatives with the devices they were selling on behalf of the Defendants; (2) the cost of cellular devices, accessories, and equipment that was deemed missing, stolen, or broken during a shift when Plaintiffs and the prospective Rule 23 Wage Deductions Class members were on duty as Sales Representatives; and (3) the cost of producing business cards in the name of Plaintiffs and the prospective Rule 23 Wage Deductions Class members (the "Wage Deduction Policy").

94.    The Wage Deduction Policy resulted in unauthorized deductions from the named Plaintiffs' and the prospective Rule 23 Wage Deductions Class members' earned wages for work performed prior to January 1, 2012 in violation of the Labor Law.

95.    The operation of the Wage Deduction Policy in conjunction with the operation of the Commission Compensation Plan resulted in Plaintiffs and the prospective Rule 23 Wage Deductions Class members who are also members of the prospective FLSA/Rule 23 Misclassification Classes receiving less than the guaranteed minimum wage and/or overtime compensation for hours worked for work performed prior to January 1, 2012 in violation of the FLSA and/or the Labor Law.

*vi.    Defendants' Knowledge of Misclassification and Unpaid Compensation*

96.    At all relevant times, Defendants knew or should have known that they had misclassified Plaintiffs' and the prospective FLSA/Rule 23 Misclassification/Rule 23 Wage Deductions Class members' work as Sales Representatives based upon: (1) Defendant's pervasive control over the working conditions of Sales Representatives; and (2) the complaints by Sales Representatives to Defendants regarding their classification as independent contractors.

23

**JA-165**

97.    At all relevant times, Defendants knew or should have known that they failed to compensate Plaintiffs and the prospective FLSA/Rule 23 Misclassification/Class members' at the appropriate rate for hours worked over forty (40) hours in any workweek, failed to pay for hours worked at a rate at least equal to the minimum wage, and unauthorized deductions from earned wages.

**B.    Plaintiff Jan P. Holick, Jr.**

98.    Plaintiff Jan P. Holick, Jr. ("Plaintiff Holick") worked for Defendants as a Sales Representative from June 29, 2010 until he was terminated on or about March 28, 2011.

99.    On information and belief, Plaintiff Holick was terminated as a Sales Representative of the Defendants because he had purportedly arrived late multiple times to his scheduled shifts as a Sales Representative.

100.   At all relevant times, Plaintiff Holick exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta and Queensbury.

101.   Defendants mandated that Plaintiff Holick attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

102.   To perform the duties of a Sales Representative, Plaintiff Holick worked on the average approximately 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

103.   On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Holick's wages in excess of $22,180.00.

24

**JA-166**

### C.   Plaintiff Steven Moffitt

104.   Plaintiff Steven Moffitt ("Plaintiff S. Moffitt") worked for Defendants as a Sales Representative from on or about October 11, 2010 until he was terminated on or about March 28, 2011.

105.   On information and belief, Plaintiff S. Moffitt was terminated as a Sales Representative of the Defendants because his supervisor(s) had been notified that his son, Plaintiff Justin Moffitt, had researched the filing of an SS-8 form with the Internal Revenue Service to determine whether Defendants had misclassified his and his father's work as Sales Representatives as the work of independent contractors.

106.   At all relevant times, Plaintiff S. Moffitt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Rochester, and Queensbury.

107.   Defendants mandated that Plaintiff S. Moffitt attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

108.   On information and belief, to perform the duties of a Sales Representative, Plaintiff S. Moffitt worked on the average approximately between 40 and 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

109.   On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff S. Moffitt's wages in excess of $12,590.00.

**D.      Plaintiff Justin Moffitt**

110.     Plaintiff Justin Moffitt ("Plaintiff J. Moffitt") worked for Defendants as a Sales Representative from on or about October 11, 2010 until he was terminated on or about March 28, 2011.

111.     On information and belief, Plaintiff J. Moffitt was terminated as a Sales Representative of the Defendants because his supervisors had been notified that he had researched the filing of an SS-8 form with the Internal Revenue Service to determine whether Defendants had misclassified him and his father Plaintiff Steven Moffitt as independent contractors rather than employees.

112.     At all relevant times, Plaintiff J. Moffitt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Queensbury, Rochester, Poughkeepsie, Kingston, Middletown, and Syracuse.

113.     Defendants mandated that Plaintiff J. Moffitt attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

114.     On information and belief, to perform the duties of a Sales Representative, Plaintiff J. Moffitt worked on the average approximately between 40 and 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

115.     On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff J. Moffitt's wages in excess of $15,720.00.

26

### E.   Plaintiff Gurwinder Singh

116.   Plaintiff Gurwinder Singh ("Plaintiff Singh") worked for Defendants as a Sales Representative from on or about April 1, 2010 until he was terminated on or about June 30, 2011.

117.   On information and belief, Plaintiff Singh was terminated as a Sales Representative of the Defendants because he was not a "good fit" for the position of a Sales Representative.

118.   At all relevant times, Plaintiff Singh exclusively performed his duties as a Sales Representative for Defendants at Defendants' retail store locations in Malta, Rochester, Newburgh, Poughkeepsie, Middletown, Kingston, and Glens Falls, New York.

119.   Defendants mandated that Plaintiff Singh attend formal, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York, and Orlando, Florida that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

120.   On information and belief, to perform the duties of a Sales Representative, Plaintiff Singh worked on the average approximately between 40 and 50 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

121.   On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Singh's wages in excess of $46,540.00.

27

### F.   Plaintiff Jason Mack

122.   Plaintiff Jason Mack ("Plaintiff Mack") worked for Defendants as a Sales Representative from on or about August 31, 2010 until his was terminated on or about March 29, 2011.

123.   Plaintiff Mack was terminated as a Sales Representative of the Defendants because he purportedly was unable to be flexible enough to change work store locations on short notice.

124.   At all relevant times, Plaintiff Mack exclusively performed his duties as a Sales Representative for Defendants at Defendants' retail store locations in Malta and Queensbury, New York.

125.   Defendants mandated that Plaintiff Mack attend standardized, classroom type training at Defendants' facilities in Albany and Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

126.   On at least one occasion, Plaintiff Mack was sent away from the retail store location he was scheduled to work as a Sales Representative by the Defendants because he did not show up for his scheduled shift wearing premium cloths in compliance with the Dress Code Policy.

127.   On information and belief, Plaintiff Mack worked on the average approximately between 40 and 45 hours per week, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

128.   On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Mack's wages in excess of $17,490.00.

28

**JA-170**

### G.   Plaintiff Timothy M. Pratt

129.   Plaintiff Timothy M. Pratt ("Plaintiff Pratt") worked for Defendants as a Sales Representative from June 29, 2010 until he was terminated on or about June 21, 2012.

130.   Plaintiff Pratt's work as a Sales Representative was classified and treated as the work of an employee on and after January 1, 2012.

131.   Plaintiff Pratt's work as a Sales Representative was classified and treated as the work of an independent contractor prior to January 1, 2012.

132.   Plaintiff Pratt performed the exact or substantially similar duties as a Sales Representative both before and after January 1, 2012.

133.   Defendants purport that Plaintiff Pratt was terminated as a Sales Representative of the Defendants because he had failed to show up for two consecutive scheduled work shifts without purportedly putting Defendants on prior notice of the reason for his failures to show. Plaintiff Pratt asserts that he was terminated in retaliation for his participation in the NDNY I Action. Plaintiff Pratt has asserted his retaliatory termination claims under the FLSA and Labor Law against Defendants in the action currently pending in the Northern District of New York captioned *Pratt v. Cellular Sales of New York, LLC et al.*, Case No. 1:12-CV-1754 (NAM/RFT).

134.   At all relevant times, Plaintiff Pratt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Queensbury, Poughkeepsie, Middletown, Kingston, Syracuse, Rochester, Brockport, Malone, and Johnstown..

135.   Defendants mandated that Plaintiff Pratt attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York, Rochester, New

York, and Malone, New York that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

136.    To perform the duties of a Sales Representative, Plaintiff Pratt worked on the average approximately between 40 and 50 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

137.    On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Pratt's wages in excess of $87,600.00.

**H.    Plaintiff William Burrell**

138.    Plaintiff William Burrell ("Plaintiff Burrell") worked for Defendants as a Sales Representative from October, 2010 until he was terminated May or June of 2012.

139.    Plaintiff Burrell's work as a Sales Representative was classified and treated as the work of an employee on and after January 1, 2012.

140.    Plaintiff Burrell's work as a Sales Representative was classified and treated as the work of an independent contractor prior to January 1, 2012.

141.    Plaintiff Burrell performed the exact or substantially similar duties as a Sales Representative both before and after January 1, 2012.

142.    At all relevant times, Plaintiff Burrell exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Queensbury, Poughkeepsie, Newburgh, Middletown, Kingston, Buffalo, Huntington, Commack, and Rochester.

143.    Defendants mandated that Plaintiff Burrell attend standardized, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York, and Knoxville,

30

**JA-172**

Tennessee Malone, New York that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

144.   To perform the duties of a Sales Representative, Plaintiff Burrell worked on the average approximately between 40 and 50 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

145.   On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Burrell's wages in excess of $57,400.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

146.   Defendants intentionally misclassified Sales Representatives as independent contractors prior to January 1, 2012.

147.   Members of the prospective FLSA Class are similarly situated.

148.   Members of the prospective FLSA Class have substantially similar job requirements and pay provisions and are subject to common practice, policy or plan that requires or permits them to perform work for the benefit of the Defendants uncompensated at minimum wage and/or in excess of forty (40) hours per workweek without being compensated at one and one-half times their regular rate of pay.

149.   There are numerous similarly situated current and former Sales Representatives who Defendants prior to January 1, 2012 misclassified as independent contractors, denied their guaranteed compensation in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit.

150.   These similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

31

**JA-173**

151.    Members of the prospective FLSA Class, and Plaintiffs, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

152.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the prospective FLSA Class.

153.    Plaintiffs Jan P. Holick Jr., Steven Moffitt, Jason Moffitt, Gurwinder Singh Jason Mack, Timothy M. Pratt, and William Burrell request that they be permitted to serve as representatives of those who have consented to participate in this action as part of the FLSA Class and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

### RULE 23(b)(3) NEW YORK CLASS ACTION

154.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiffs Jan P. Holick, Jr., Steven Moffitt, Jason Moffitt, Gurwinder Singh, Jason Mack, Timothy M. Pratt, and William Burrell bring their claim for relief to redress and remedy Defendants' violations of the Labor Law and the New York State common law.

155.    The members of the prospective Rule 23 Misclassification Class and the prospective Rule 23 Wage Deduction Class are each easily ascertainable. The number and identity of the members of both proposed Classes are determinable from Defendants' payroll records. On information and belief the hours assigned and worked, the commissions earned, and wage deductions from the proposed Classes are determinable from reviewing the records maintained by Defendants compared with records maintained by Plaintiffs.

156.    Numerosity: The prospective Rule 23 Misclassification Class and the prospective Rule 23 Wage Deduction Class are so numerous that joinder is impracticable, and that the disposition of their claims as a class will benefit the parties and the Court. While the exact number of the members of in each prospective Class is unknown to Plaintiffs at this

**JA-174**

time, on information and belief, the prospective Classes each comprise of at least several hundred persons.

157.   Commonality: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the Plaintiffs and all members of the prospective Rule 23 Misclassification Class and the Rule 23 Wage Deduction Class. Plaintiffs and all members of the prospective Rule 23 Misclassification Class have been harmed by their misclassification by Defendants as independent contractors and Defendants' subsequent failure appropriately compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all compensable work performed prior to January 1, 2012, all hours worked prior to January 1, 2012 at minimum wage, and at time and a half for hours worked prior to January 1, 2012 in excess of forty (40) hours per workweek. Additionally, Plaintiffs and all members of the prospective Rule 23 Misclassification Class have been harmed due to Defendants' unjust enrichment through their shifting of their burden to pay Federal payroll taxes on their employees' wages for work performed prior to January 1, 2012 onto Plaintiffs and the prospective Class members. Plaintiffs and all members of the prospective Rule 23 Wage Deductions Class have been harmed by Defendants' improper pay deductions from Plaintiffs' and the members' wages. In the Rule 23 Misclassification Action, the common questions of law and fact include, but are not limited to, the following:

(a)   Whether Defendants prior to January 1, 2012 misclassified Plaintiffs and members of the prospective Rule 23 Misclassification Class as independent contractors exempt from the protection of the Labor Law;

33

**JA-175**

(b)     Whether Defendants refused to pay Plaintiffs and members of the prospective Rule 23 Misclassification Class their minimum wage for all hours worked prior to January 1, 2012 in violation of the Labor Law;

(c)     Whether Defendants refused to pay Plaintiffs and the members of the prospective Rule Misclassification 23 Class overtime wages for hours worked prior to January 1, 2012 in excess of forty (40) hours per week in violation of the Labor Law;

(d)     Whether Defendants refused to pay Plaintiffs and the members of the prospective Rule 23 Misclassification Class compensation for all time spent performing compensable work prior to January 1, 2012;

(e)     Whether Defendants in violation of the New York State common law shifted their burden under the federal tax laws to shoulder a portion of the payroll taxes on Plaintiffs' and the prospective Rule 23 Misclassification Class members' wages for work performed prior to January 1, 2012 by misclassifying them as independent contractors; and

(f)     Whether Defendants' refusal to pay such compensation and unjust enrichment violates the Labor Law and/or New York State common law.

In the Rule 23 Wage Deductions Action, the common questions of law and fact include, but are not limited to, the following:

(a) Whether Defendants misclassified Plaintiffs and members of the prospective Rule 23 Wage Deductions Class who worked as a Sales

34

**JA-176**

Representative prior to January 1, 2012 as independent contractors exempt

from the protection of the Labor Law;

(b) Whether Defendants made unauthorized deductions from the wages of the

Plaintiffs and the members of the prospective Rule 23 Wage Deductions

class for work performed prior to January 1, 2012 in violation of the Labor

Law; and

(c) Whether Defendants' deductions from the earned wages of the Plaintiffs

and the members of the prospective Rule 23 Wage Deductions Class

violates the Labor Law.

158.   Typicality: The claims of the Plaintiffs herein are typical of those claims which

could be alleged by any member of the prospective Rule 23 Misclassification Class or Rule 23

Wage Deductions Class, and the relief sought is typical of the relief which would be sought

by each member of each prospective Rule 23 Class in separate actions. All the prospective

Rule 23 Misclassification Class members were misclassified prior to January 1, 2012 as

independent contractors by the Defendants and were subject to the same compensation

practices of Defendants, as alleged herein, of: (1) refusing to pay minimum wage, overtime

wages, and/or all time spent performing compensable work prior to January 1, 2012; and (2)

impermissibly shifting their federal tax burden on their employees' wages for work performed

prior to January 1, 2012 onto Sales Representatives. All the prospective Rule 23 Wage

Deductions Class members were subjected to unauthorized deductions from their earned

wages, and all prospective Rule 23 Wage Deduction Class members who worked as Sales

Representatives prior to January 1, 2012 were misclassified as independent contractors by

Defendants. Defendants' compensation policies and practices affected all the prospective Rule

35

**JA-177**

23 Misclassification Class and Rule 23 Wage Deductions Class members similarly, and

Defendants benefited from the same type of unfair and/or wrongful acts as to each proposed

Class member. Plaintiffs, the proposed Rule 23 Misclassification Class, and the proposed

Rule 23 Wage Deductions Class sustained similar losses, injuries and damages arising from

the same unlawful policies, practices and procedures.

159.    Adequacy of Representation: Plaintiffs are able to fairly and adequately

protect the interests of all members of the prospective Rule 23 Misclassification Class and

prospective Rule 23 Wage Deductions Class, and there are no known conflicts of interest

between Plaintiffs and the members of the proposed Classes. Plaintiffs have retained counsel

who is experienced and competent in both wage and hour law and complex class action

litigation.

160.    Predominance and Superiority: The common questions identified above

predominate over any individual issues, which will relate solely to the quantum of relief due

to individual prospective Rule 23 Class members. A class action is superior to other available

means for the fair and efficient adjudication of the controversy. Individual joinder of all class

members is impracticable. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the unnecessary duplication of effort and expense that numerous

individual actions engender. Because the losses, injuries, and damages suffered by each of the

individual class members are small in the sense pertinent to class action analysis, the expense

and burden of individual litigation would make it extremely difficult or impossible for

individual class members to redress the wrongs done to them.

36

**JA-178**

161.    On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members rights' and the disposition of their interests through actions to which they are not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

162.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs, the members of the prospective Rule 23 Misclassification Class, and the members of the prospective Rule 23 Wage Deductions Class.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act – Overtime Compensation)

163.    Defendants willfully violated FLSA by misclassifying Plaintiffs and all other similarly situated as independent contractors and failing to appropriately pay them minimum wage and overtime wages for work performed prior to January 1, 2012. A 3-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

164.    At all relevant times, each Defendant has been, and continues to be, an employer engaged in interstate "commerce" within the meaning of FLSA, 29 U.S.C. § 203.

165.    At all relevant times, each Defendant has employed, and continues to employ, "employee[s]," including the Plaintiffs and all others similarly situated, who have been engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

37

**JA-179**

166.    At all relevant times, each Defendant individually and/or collectively have had gross operative revenue in excess of $500,000 dollars.

167.    Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and other similarly situated employees as independent contractors and thereby failing and refusing to pay them overtime wage compensation for work performed prior to January 1, 2012 as required by law and in accordance with the FLSA, 29 U.S.C. § 207.

168.    As a result of Defendants violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied overtime wages in accordance with the FLSA, 29 U.S.C. § 207.

169.    Defendants have not made a good faith effort to comply with the FLSA with respect to its classification and overtime compensation of Plaintiffs and other similarly situated present and former Sales Representatives.

170.    As a result of Defendants unlawful acts, Plaintiffs and all similarly situated current and former Sales Representatives have been deprived of overtime compensation for work performed prior to January 1, 2012 in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, punitive damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the FLSA, 29 U.S.C. § 216(b).

JA-180

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of Article 19 of the New York State Labor Law – Overtime Compensation)
### (Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification Class Members)

171.   At times relevant to this action, Plaintiffs and other similarly situated were employees and Defendants were each an employer within the meaning of Article 19 of the Labor Law.

172.   The overtime wage provisions of Article 19 of the Labor Law and its supporting regulations apply to Defendants.

173.   Defendants have failed to pay Plaintiff and the prospective Rule 23 Misclassification Class the overtime wages for work performed prior to January 1, 2012 to which they are entitled under the Labor Law.

174.   By Defendants failure to pay Plaintiffs and the prospective Rule 23 Misclassification Class overtime wages for hours worked in excess of 40 hours per week prior to January 1, 2012, they have willfully violated the Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to regulations in 12 N.Y.C.R.R. Part 142.

175.   Due to Defendants' violation of Article 19 of the Labor Law and corresponding regulations, Plaintiffs and the prospective Rule 23 Misclassification Class members are entitled to recover from Defendants their unpaid overtime wages for work performed prior to January 1, 2012, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

**JA-181**

### AS AND FOR A THIRD CAUSE OF ACTION
#### (Violation of the Fair Labor Standards Act – Minimum Wage)

176.   Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and other similarly situated employees as independent contractors and thereby failing and refusing to pay them minimum wage compensation for work performed prior to January 1, 2012 as required by law and in accordance with § 206 of the FLSA.

177.   As a result of Defendants violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied their minimum wage in accordance with § 206 of the FLSA.

178.   Defendants have not made a good faith effort to comply with the FLSA with respect to its classification of payment of minimum wage to Plaintiffs and other similarly situated present and former Sales Representatives.

179.   As a result of Defendants unlawful acts, Plaintiffs and all similarly situated current and former Sales Representatives have been deprived their minimum wage for work performed prior to January 1, 2012 in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, punitive damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to § 216(b) of the FLSA.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### (Violation of Article 19 of the New York State Labor Law – Minimum Wage)
#### (Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification Class Members)

180.   The minimum wage provisions of Article 19 of the Labor Law and its supporting regulations apply to Defendants.

**JA-182**

181.    Defendants have failed to pay Plaintiff and the prospective Rule 23 Misclassification Class their minimum wage for work performed prior to January 1, 2012 to which they are entitled under the Labor Law.

182.    By Defendants failure to pay Plaintiffs and the prospective Rule 23 Misclassification Class their minimum wage for work performed prior to January 1, 2012, they have willfully violated the Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to regulations in 12 N.Y.C.R.R. Part 142.

183.    Due to Defendants' violation of Article 19 of the Labor Law and corresponding regulations, Plaintiffs and the prospective Rule 23 Misclassification Class members are entitled to recover from Defendants their unpaid overtime wages for work performed prior to January 1, 2012, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Violation of Article 6 of the New York State Labor Law –Failure to Pay for Compensable Work)**
**(Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification Class Members)**

184.    At times relevant to this action, Plaintiffs and the prospective Rule 23 Misclassification Class members were employees and Defendants were each an employer within the meaning of Article 6 of the Labor Law.

185.    Defendants have failed to compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all time spent performing compensable work prior to January 1, 2012 as a Sales Representative.

186. Section 191 of the Labor Law requires Defendants to pay Sales Representatives for all time spent performing compensable work as a Sales Representative prior to January 1, 2012.

187. Defendants have violated Section 191 of the Labor Law by failing to compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all time spent performing compensable work as Sales Representatives prior to January 1, 2012.

188. By Defendants having failed to compensate Plaintiffs and the prospective Rule 23 Misclassification Class for all time spent performing compensable work as Sales Representatives prior to January 1, 2012, they have willfully violated the Labor Law Article 6, §§ 190 *et seq*.

189. Due to Defendants' violation of Article 6 of the Labor Law, Plaintiffs and the prospective Rule 23 Misclassification Class members are entitled to recover from Defendants for the time spent in performing compensable work prior to January 1, 2012 for which they were not paid, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

<div align="center">

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Violation of the New York State Common Law)**
**(Brought on Behalf of Plaintiffs and all Prospective Rule 23 Misclassification**
**Class Members)**

</div>

190. By Defendants misclassifying Plaintiffs and the prospective Rule 23 Misclassification Class members as independent contractors prior to January 1, 2012, Defendants relieved themselves of their obligation under Federal tax law to pay payroll taxes on wages earned by Plaintiffs and the prospective Rule 23 Misclassification Class members for work performed prior to January 1, 2012 for Social Security and Medicare.

<div align="right">

**JA-184**

</div>

191.   By Defendants misclassifying Plaintiffs and the prospective Rule 23 Misclassification Class members as independent contractors, Defendants required Plaintiffs and the prospective Rule 23 Misclassification Class members to assume Defendants' obligation to pay Federal payroll taxes on wages earned by Plaintiffs and the Rule 23 Misclassification Class members for work prior to January 1, 2012.

192.   Defendants benefited from misclassifying Plaintiffs and the prospective Rule 23 Misclassification Class members as independent contractors.

193.   As a result, Defendants have been unjustly enriched.

194.   Plaintiff and the prospective Rule 23 Misclassification Class members have been damaged as a result of Defendants' conduct.

<div align="center">

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Violation of Article 6 of the New York State Labor Law – Wage Deductions)**
**(Brought on Behalf of Plaintiffs and all Prospective Rule 23 Class Members)**

</div>

195.   At times relevant to this action, Plaintiffs and the prospective Rule 23 Wage Deductions Class members were employees and Defendants were each an employer within the meaning of Article 6 of the Labor Law.

196.   The provisions prohibiting unauthorized wage deductions from employees under Article 6 of the Labor Law applied to Defendants prior to January 1, 2012.

197.   Prior to January 1, 2012, Defendants made deductions from the Plaintiffs' and prospective Rule 23 Wage Deductions Class members' compensation and earned wages not in accordance with the provisions of any law or any rule or regulation issued by any governmental agency or expressly authorized in writing as required by Labor Law § 193(1).

198.   The acts of Defendants in making prohibited having made deductions from the Plaintiffs' and prospective Rule 23 Wage Deductions Class members' compensation and

<div align="center">

43

</div>

<div align="right">

**JA-185**

</div>

wages for work performed prior to January 1, 2012 constitutes a willful violation of the Labor Law, Article 6, §§ 190 *et seq.*

199.    Due to Defendants' violation of Article 6 of the Labor Law, Plaintiffs and the prospective Rule 23 Wage Deductions Class members are entitled to recover from Defendants the deductions impermissibly made from the Plaintiffs' and Rule 23 Wage Deductions Class members' wages for work performed prior to January 1, 2012, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively seek that this Court:

1.    Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiffs as representatives of all those similarly situated under the FLSA collective action.

2.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons residing in New York State who are presently, or have at any time during the three years preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked as Sales Representatives on behalf of Defendant. Such notice will inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

**JA-186**

3.   Issue an Order certifying a class of Sales Representatives employed by Defendants in New York State, pursuant to Rule 23, and designate Plaintiffs Jan P. Holick, Jr. Steven Moffitt, Jason Moffitt, Gurwinder Singh and Jason Mack as representatives on behalf of the class.

4.   Issue an Order appointing the undersigned counsel as Class Counsel pursuant to Rule 23(g).

5.   Award Plaintiffs and all those similarly situated actual damages for the amount of their unpaid wages for work performed prior to January 1, 2012 and all unauthorized deductions from their wages for work performed prior to January 1, 2012, liquidated damages equal in amount to the their unpaid earned wages and all unauthorized deductions from their wages for work performed prior to January 1, 2012, and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulation;

6.   Award Plaintiffs and all those similarly situated their actual damages prior to January 1, 2012 for Defendants' unjust enrichment because of Defendants' misclassification of Plaintiffs and all those similarly situated as independent contractors pursuant to the New York State common law;

7.   Award Plaintiffs and all those similarly situated pre- and post-judgment interest as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, and Labor Law, Article 19, § 650 *et seq.*

**JA-187**

8.  Award Plaintiffs and all those similarly situated attorneys' fees, costs and disbursements as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, and Labor Law, Article 19, § 650 *et seq.*

9.  Award Plaintiffs and all those similarly situated further legal and equitable relief as this Court deems necessary, just, and proper.

DATED: Albany, New York        **GLEASON, DUNN, WALSH & O'SHEA**
September 9, 2013

By
RONALD G. DUNN, ESQ.
(Bar Roll No. 101553)
DANIEL A. JACOBS, ESQ.
(Bar Roll No. 515241)
Attorneys for Plaintiff
Office and P.O. Address
40 Beaver Street
Albany, New York 12207
(518) 432-7511

46

**JA-188**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

**CONSENT TO JOIN
OVERTIME/MINIMUM
WAGE LAWSUIT**

Plaintiffs, on behalf of
themselves and all others
similarly situated

-against-                                        Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-189**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____     _06/21/13_____
Signature                                                Date

_Gvrwjwrf Sinott_____
Printed Name

**JA-190**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

**CONSENT TO JOIN
OVERTIME/MINIMUM
WAGE LAWSUIT**

Plaintiffs, on behalf of
themselves and all others
similarly situated

-against-                                   Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____          6|23|13
Signature                                 Date

Jason L. Mack
Printed Name

**JA-192**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

                                        **CONSENT TO JOIN
                                        OVERTIME/MINIMUM
                                        WAGE LAWSUIT**

                Plaintiffs, on behalf of
                themselves and all others
                similarly situated

        -against-                        Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                Defendants.

        I understand that I may be eligible to join this lawsuit filed by Jan P.
Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason
Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and
William Burrell to recover alleged unpaid overtime and minimum wages,
liquidated damages, prejudgment interest, attorneys' fees, and costs from
Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the
"Defendants") under the Fair Labor Standards Act ("FLSA").

        By filing this consent, I hereby designate the Representative Plaintiffs
as my agents to make decisions on my behalf concerning this FLSA
litigation against Defendants, including but not limited to, the method and
manner of conducting this litigation, whether to enter into settlement
agreements, whether to enter into agreements with Representative Plaintiffs'
counsel concerning attorneys' fees and costs, and with respect to all other
matters pertaining to this FLSA litigation against the Defendants. I
understand that if I file this consent, I will be bound by the decisions made
and agreements entered into by the Representative Plaintiffs.

JA 193



I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____          6/20/13
Signature                          Date

William Burrell
Printed Name

JA-194

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR.,   STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

                                    **CONSENT TO JOIN
                                    OVERTIME/MINIMUM
                                    WAGE LAWSUIT**

                Plaintiffs, on behalf of
                themselves and all others
                similarly situated

        -against-                              Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                        Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-195**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.


_Justin W. Moffitt_ (signature)
Signature

6-19-2013
Date

_Justin W. Moffitt_
Printed Name

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR.,   STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

|  | **CONSENT TO JOIN OVERTIME/MINIMUM WAGE LAWSUIT** |
|---|---|
| Plaintiffs, on behalf of themselves and all others similarly situated | |
| -against- | Case No. |
| CELLULAR SALES OF NEW YORK, LLC, and CELLULAR SALES OF KNOXVILLE, INC., | |
| Defendants. | |

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-197**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_____        _6/19/13_____
Signature                         Date

_Timothy M. Pratt_
Printed Name

JA-198

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN P. HOLICK, JR.,   STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

**CONSENT TO JOIN
OVERTIME/MINIMUM
WAGE LAWSUIT**

Plaintiffs, on behalf of
themselves and all others
similarly situated

-against-                                    Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack (the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-199**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.

_Steven W. Moffitt_
Signature

_June 18, 2013_
Date

_Steven W. Moffitt_
Printed Name

**JA-200**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANP.HOLICK,JR.,  STEVENMOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, TIMOTHY M. PRATT, and
WILLIAM BURRELL

                                        **CONSENT TO JOIN
OVERTIME/MINIMUM
WAGE LAWSUIT**

                  Plaintiffs, on behalf of
                  themselves and all others
                  similarly situated

-against-                             Case No.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                      Defendants.

I understand that I may be eligible to join this lawsuit filed by Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, and Jason Mack(the "Representative Plaintiffs") as well as Timothy M. Pratt and William Burrell to recover alleged unpaid overtime and minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (the "Defendants") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendants, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against the Defendants. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

**JA-201**

I understand that the Representative Plaintiffs have entered into a contingency fee agreements with the law firm of Gleason, Dunn, Walsh & O'Shea ("Representative Plaintiffs' counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreements outside of the sharing incurred costs and expenses pursuant to these contingency fee agreements, which shall be borne equally by the Representative Plaintiffs alone. I understand that I may obtain a copy of the contingency fee agreements by requesting them from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendants, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime and minimum wages alleged to be owed to me by Defendants, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join this lawsuit.


_____          _JuNE 18th /2013_____
Signature                                 Date

_JAN P. HOLICK, JR._____
Printed Name

**JA-202**

# GLEASON, DUNN, WALSH & O'SHEA
### ATTORNEYS

FRANK C. O'CONNOR III
BRENDAN C. O'SHEA
MARK T. WALSH
RONALD G. DUNN
THOMAS F. GLEASON
MICHAEL P. RAVALLI*
LISA F. JOSLIN
RICHARD C. REILLY

**40 BEAVER STREET**
**ALBANY, NEW YORK 12207**
**(518) 432-7511**
**FAX (518) 432-5221**
**www.gdwo.com**

DANIEL A. JACOBS
PETER N. SINCLAIR
BRYAN J. HUEBNER
SARAH J. BURGER

———

HAROLD E. KOREMAN
(1916 – 2001).

———

*ALSO ADMITTED IN CONNECTICUT

September 10, 2013

***VIA ECF***

Hon. Randolph F. Treece, U.S. Magistrate Judge
U.S. District Court, Northern District of New York
James Hanley Federal Building
P.O. Box 7336
Syracuse, NY 13261-7336

Re:   **Jan P. Holick, Jr. et al. v. Cellular Sales of New York, LLC et al.**
      **1:13-CV-00738 (NAM/RFT)**
      **Our File No. 11-240**

Dear Judge Treece:

My firm represents the plaintiffs in the above referenced matter. Defendants' letter motion seeks an indefinite adjournment of the Rule 26 conference deadline (9/12/13), the deadline to submit a case management plan (9/19/13), and the Rule 16 conference date (10/3/13) (*see* Dkt. No. 21).

Plaintiffs oppose defendants' letter motion as undue delay in the issuance of a scheduling order in this action and the prosecution of their claims.

Defendants previously requested that plaintiffs agree to an indefinite adjournment of these dates during the pendency of defendants' Rule 12(b)(2) motion to dismiss defendant Cellular Sales of Knoxville, Inc. ("CSOKI") for lack of personal jurisdiction (*see* Dkt. No. 11) and motion under the Federal Arbitration Act to compel arbitration of the claims asserted by plaintiff Timothy M. Pratt and plaintiff William Burrell (*see* Dkt. No. 13).

Plaintiffs refused defendants' initial request because defendant Cellular Sales of New York, LLC ("CSNY") had filed an answer joining issue on the claims asserted by the other five plaintiffs (Jan. P. Holick, Jr., Steven Moffit, Justin Moffit, Gurwinder Singh, and Jason Mack) for unpaid wages and other damages arising from their alleged misclassification by defendants as independent contractors under the Fair Labor Standards Act, the New York Labor Law, and New York common law. Upon CSNY filing their answer, these plaintiffs became entitled to: (1) seek a scheduling order pertaining to the litigation of their claims against CSNY; (2) receive Rule 26 mandatory disclosure from CSNY; and (3) make discovery demands on CSNY seeking information on their individual and representative claims against CSNY alongside information pertaining to certification of their representative claims.[1] Plaintiffs' counsel communicated this

---

[1] Plaintiffs also believe in light of CSNY's filed Answer that it would be in the interest of judicial economy to defer defendants' motion to dismiss CSOKI from the action pending jurisdictional discovery into CSOKI's admitted parent-subsidiary relationship with CSNY, a New York LLC that defendants do not dispute this Court has personal

Hon. Randolph F. Treece, U.S. Magistrate Judge
September 10, 2013
Page 2

in sum and substance to defendants' counsel. At that point, defendants agreed to hold the Rule 26 conference during the afternoon of September 12, 2013.

Plaintiffs independently decided that an amended complaint needed to be filed pursuant to Rule 15(a)(1)(B) to clarify plaintiffs' claims in light of defendants' motion to compel arbitration. Yet nothing about the newly filed amended complaint can and should prevent the parties from conferring as scheduled and submitting a timely case management plan by September 19, 2013. A red-lined copy of the amended complaint is attached as **Exhibit A**. It was provided to defendants' counsel yesterday.

The amended complaint merely clarifies that plaintiffs' individual and representative claims pertain to work they performed as Sales Representatives on defendants' behalf while they were misclassified as independent contractors, i.e. prior to January 1, 2012. Beginning January 1, 2012, plaintiffs allege that defendants reclassified Sales Representatives working in New York as employees. It was through the reclassification process that plaintiffs claim defendants required Sales Representatives to sign compensation agreements with arbitration provisions if they wished to continue working as Sales Representatives. These agreements are the basis for defendants' motion to compel arbitration of the claims asserted by Mr. Pratt and Mr. Burrell, who are the only two named plaintiffs who went through the reclassification process and worked for defendants as Sales Representatives on and after January 1, 2012.

The only impact the amended complaint on the action at the present time is impact the viability of defendants' motion to compel arbitration of Mr. Pratt's and Mr. Burrell's claims when their claims pre-date the arbitration agreements at issue. It brings into stark relief the question of whether defendants can on one hand claim that Sales Representatives were properly classified as independent contractors prior to January 1, 2012, but then on the other hand assert that Sales Representatives' claims for unpaid wages and other damages arising during that very period fall within the scope of an arbitration provision encompassing claims "arising out of, or in relation to this document or Employee's employment with company." This is a pure question of law.

Nothing about the amended complaint impacts the parties' ability as scheduled to confer over a case management plan, submit a plan, and then have this Court issue a scheduling order on the claims against CSNY. Fundamentally, nothing about the amended complaint can and should be used by defendants as yet another roadblock delaying plaintiffs from prosecuting their action.

While defendants indicate they need to file new Rule 12 motions to dismiss because of the amended complaint, there is no need for them to do so. Those motions have been made. If they wish to withdraw them, that is defendants' prerogative. However, plaintiffs' amended complaint did not supersede those motions and render them null and void. There is no legal basis under Rule 12 or 15 to permit defendants to file new Rule 12 motions upon the filing of an amended complaint under Rule 15(a)(1)(B) when no new matter has been raised in the amended complaint that raises a Rule 12 defense not previously available to defendants. Defendants will have the opportunity in reply to plaintiffs' opposition to the motions to address the legal impact, if any, of the amended complaint on their requested relief.

---

jurisdiction over. While Plaintiffs doubt defendants will consent to deferment pending jurisdictional discovery at the Rule 26 conference, this is an issue that plaintiffs nevertheless intend to raise at the Rule 16 conference.

Hon. Randolph F. Treece, U.S. Magistrate Judge
September 10, 2013
Page 3

Moreover, to the extent that the amended answer CSNY files by September 23, 2013 leads to defendants seeking to modify the case management plan filed by September 19, 2013, their proposals can always be addressed at the Rule 16 conference.

Respectfully submitted,

**GLEASON, DUNN, WALSH & O'SHEA**

By:

Daniel A. Jacobs

DAJ/lag

Enclosure

cc:     *VIA ECF*

Joseph M. Dougherty, Esq.
Hinman Straub
Attorneys At Law
121 State Street
Albany, NY 1693

*VIA ECF*

C. Larry Carbo III, Esq.
Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith Street, Suite 1400
Houston, Texas 77002

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL, and
TIMOTHY M. PRATT

                              Plaintiffs, on behalf
                              of themselves and all        Case No. 1:13-CV-738 [NAM/RFT]
                              others similarly
                              situated,

      -against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                            Defendants.

---

### DEFENDANTS' AMENDED MOTION TO COMPEL INDIVIDUAL ARBITRATIONS OF AND TO DISMISS OR STAY PLAINTIFF PRATT'S AND PLAINTIFF BURRELL'S CLAIMS

**PLEASE TAKE NOTICE** that, upon the annexed affidavit of Luke Fletcher, Regional

Director of Cellular Sales of New York, LLC, and the accompanying memorandum of law,

Defendants[1] will move this Court before the Honorable Norman A. Mordue, at the United States

District Court for the Northern District of New York, at the James Hanley Federal Building, P.O.

Box 7336, Syracuse, NY 13261-7336, on the 6th day of November 2013, at 10:00 a.m. or as

---

[1] Plaintiffs' Amended Complaint names Cellular Sales of Knoxville, Inc. as a defendant despite the fact that Plaintiffs never worked for Cellular Sales of Knoxville, Inc. Notwithstanding this fact, and without waiving any argument that it never had any type of relationship with Plaintiffs, Cellular Sales of Knoxville, Inc. joins in Defendants' Amended Motion to Compel Individual Arbitrations and to Dismiss or Stay. Furthermore, Cellular Sales of Knoxville, Inc. has filed a Motion to Dismiss Plaintiffs' Amended Complaint under 12(b)(2) for lack of personal jurisdiction. Thus, Cellular Sales of Knoxville, Inc. joins in this Motion subject to, and without waiving, its independent jurisdictional challenge.

soon thereafter as counsel may be heard, for an Order, pursuant to Federal Rules of Civil

Procedure 12(b)(1) and/or 12(b)(6) and the Federal Arbitration Act, 9 U.S.C. §§ 1-6, granting

Defendants' amended motion to compel individual arbitrations of and dismissing Plaintiff

Timothy Pratt's and Plaintiff William Burrell's claims or, in the alternative, compelling

individual arbitrations of and staying proceedings on Plaintiff Timothy Pratt's and Plaintiff

William Burrell's claims, and granting such other relief as this Court may deem just and proper.

Dated: September 23, 2013

<div style="margin-left: 3em;">

Respectfully submitted,


_/s/ C. Larry Carbo, III_____
C. Larry Carbo, III.
SBOT #24031916
larry.carbo@chamberlainlaw.com
Ryan Cantrell
SBOT #24055259
ryan.cantrell@chamberlainlaw.com
Julie R. Offerman
SBOT #24070360
julie.offerman@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS
   & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 [fax]
*(Pro Hac Vice)*

Joseph M. Dougherty
Bar Roll No. 515968
HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Phone: (518) 436-0751
Fax: (518) 436-4751
E-mail: jdougherty@hinmanstraub.com

ATTORNEYS FOR DEFENDANTS

</div>

2

**JA-207**

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, I electronically filed the foregoing with the Clerk of the District using the CM/ECF system, which sent notification of such filing to the following:

1.    Ronald G. Dunn
       Daniel A. Jacobs
       Gleason, Dunn Law Firm
       40 Beaver Street
       Albany, NY 12207


                                                   /s/ C. Larry Carbo, III

1344961_1

**JA-208**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL, and
TIMOTHY M. PRATT

                      Plaintiffs, on behalf
                      of themselves and all       Case No. 1:13-CV-738 [FJS/RFT]
                      others similarly
                      situated,

    -against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                  Defendants.

## DECLARATION OF LUKE FLETCHER

1.    My name is Luke Fletcher. I declare under penalty of perjury that the following is true and correct. I am over the age of 21 years, I have never been convicted of a felony involving moral turpitude, and I am authorized, qualified, and competent to make the statements contained within this Declaration because I personally observed or participated in the events described herein.

2.    I am currently the Regional Director of Cellular Sales of New York, LLC ("CSNY-LLC"). At all times relevant to the claims in Plaintiffs' lawsuit, I was acting as Regional Director of CSNY-LLC.

3.    CSNY-LLC is an authorized dealer for Verizon Wireless products and, as such, markets and sells Verizon Wireless services and products to consumers. CSNY-LLC operates in New York, where it is incorporated and maintains its offices. In connection with these services, CSNY-LLC employs sales representatives to sell the services and products.

4.    In 2010, CSNY-LLC and Plaintiffs' limited liability companies ("Sales Companies") entered into a Non-Exclusive Independent Sales Agreement. Through the Independent Sales Agreement, Plaintiffs' Sales Companies and Plaintiffs, as employees of their Sales Companies, marketed and sold Verizon Wireless products and services in the New York market.



EXHIBIT
**A**

5.   CSNY-LLC subsequently offered Plaintiffs Timothy Pratt and William Burrell full-time employment with CSNY-LLC. In connection with this offer of full-time employment, CSNY-LLC provided Plaintiffs Pratt and Burrell a Compensation Schedule and Agreement. Plaintiffs Burrell and Pratt executed this agreement on or about January 1, 2012, at which time they became full-time employees of CSNY-LLC. Pratt and Burrell never worked or performed services for Cellular Sales of Knoxville, Inc. All employment decisions at issue were made by CSNY-LLC.

6.   Burrell's employment was terminated on July 30, 2012, for failure and refusal to perform work as required. Pratt's employment was ultimately terminated on August 21, 2012, due to excessive absenteeism and his failure to appear for scheduled shifts in accordance with company policy as set forth in CSNY-LLC's employee handbook. Under CSNY-LLC's company policy, Pratt's consecutive absences and failure to advise Cellular Sales of his status constituted his voluntary resignation. When Pratt was terminated, CSNY-LLC had not been informed and was not aware that Pratt was participating in a lawsuit brought against CSNY-LLC.

7.   Exhibit 1 to this Declaration is a true and correct copy of the Compensation Schedule between CSNY-LLC and Plaintiff Timothy Pratt.

8.   Exhibit 2 to this Declaration is a true and correct copy of the Compensation Schedule between CSNY-LLC and Plaintiff William Burrell.

9.   Exhibit 3 to this Declaration is a true and correct copy of the May 14, 2010 Non-Exclusive Independent Sales Agreement between CSNY-LLC and Aptuda, LLC, signed by its President, Plaintiff Timothy Pratt.

10.   Exhibit 4 to this Declaration is a true and correct copy of the November 13, 2010 Non-Exclusive Independent Sales Agreement between CSNY-LLC and Apollonrop, LLC, signed by its President, Plaintiff William Burrell.

11.   I declare under penalty of perjury that all of the foregoing is within my own personal knowledge and is true and correct.

Executed on August 26th, 2013

_Luke Fletcher_

**LUKE FLETCHER**

Case 14-4323, Document 49, 01/27/2015, 1423974, Page214 of 272

## COMPENSATION SCHEDULE

Cellular Sales ("Company") is in the business of retail sales of Verizon Wireless services and related equipment and accessories ("Products"). Company has employed you ("Employee") to sell the Products. Employee's employment with Company is; and shall remain at all times, "at-will," and Company may terminate Employee's employment at any time for any reason or for no reason, and Employee may terminate employment at any time for any reason or for no reason.

Company shall compensate Employee by paying commissions to Employee ("Sales Commissions") for sales of the Products made by Employee according to the sales commissions schedule ("Sales Commissions Schedule") attached hereto as Exhibit A. Company may unilaterally and at any time amend any portion of this document and any schedules or exhibits attached hereto, including but not limited to, the Sales Commissions Schedule by giving notice to Employee as set forth below.

Company shall pay Sales Commissions in advance with the Employee's agreement and understanding that the wireless lines of services for any wireless service account that was activated or upgraded must remain active for the first 181 days. In the event that any wireless lines of service for a wireless service account are cancelled or deactivated prior to 181 days, for any reason, the Sales Commission attributed to such wireless lines of service will be charged back to Employee. Employee's Sales Commission on any particular wireless lines of service or wireless service account will be determined by the Products sold and listed on the Verizon Wireless Customer Service Agreement ("Service Agreement") at the point of activation.

If Employee fails to generate Sales Commissions which exceed the total of his or her prior 6 months chargebacks, Company may withhold any and all Sales Commissions due to Employee. Any remaining Sales Commissions, less the Sales Commissions charged back, will be paid at the time Employee is no longer subject to Sales Commission chargebacks. In the event Employee is employed by Company for less than 6 months, Company will withhold 10% of Employee's net Sales Commissions earned over the total time that Employee was employed. Company shall pay the balance of the Sales Commissions within 45 days after Company has fully accounted for all Sales Commission chargebacks.

Employee's Sales Commissions are dependent on Verizon Wireless actually paying Company for the sale of Products. Accordingly, Company is obligated to pay Sales Commissions only after Employee submits a valid Service Agreement and any money due to Company for the sale of Products under such Service Agreement. Should Employee fail to submit the required Service Agreement and payment on the sale of any Products, Company shall not pay Employee the Sales Commissions associated with such sale and any loss on Products sold shall be deducted from Employee's Sales Commissions. Further, Employee also acknowledges and understands that, depending on the discount Employee gives a customer on the sale of any Products, the amount charged back may exceed the net Sales Commissions earned by the Employee on such sales.

Should a customer return any purchased Products, Employee is responsible for charging the customer the associated restocking fee ("Restocking Fee") according to the schedule ("Restocking Fee Schedule") attached hereto as Exhibit A. Should Employee fail to charge customer the full Restocking Fee, Employee may (i) accept responsibility for selling the Product at the current Company cost within 30 days from the date the Products are returned, or (ii) pay the Restocking Fee to Company and allow Company to sell the Products as open box items after the Restocking Fee has been applied. Employee acknowledges, understands and agrees that Company may deduct any and all Restocking Fees from Sales Commissions if Employee fails to collect such Restocking Fees. Company may unilaterally and at any time amend the Restocking Fee Schedule by giving notice to Employee as set forth below.

Employee is responsible for all Products checked out to and/or in an Employee's name. Should Employee fail to return any such Products in a timely manner and/or fail to sell such Products, Employee is responsible for the full cost of the Products and shall pay such cost to Company, or Company at its sole discretion may deduct such cost from Sales Commissions earned by Employee.

Employee is responsible for any and all inventory of Products in Company's retail location during Employee's shift in such retail location. Company shall charge all Employees on working such retail location on the day of theft, on a



**EXHIBIT**

**A-1**

**JA-211**

pro rata basis, the retail price of any and all missing accessory Products and the full cost of any and all missing wireless device or computer/tablet Products.

Sales Commissions shall be paid on a monthly basis beginning on the third month after commencement of employment. For example, January Sales Commissions shall be paid in March.

Sales Commissions paid to Employee according to the Sales Commissions Schedule are the exclusive form of compensation to Employee during his or her employment by Company. As previously noted, from time to time, Employee's Sales Commissions may be offset by Company's financial losses related to Employee's failure to follow Company policies, charge backs, Restocking Fees, customer returns, missing or stolen Products, and/or checked-out Products. Company will apply these offsets to Sales Commissions. From time to time, Company may also authorize Employee to incur personal expenses for personal use of Products and other items (i.e., postage, copying, etc.). Should Company authorize these personal expenses, such expenses will be deducted from Employee's next scheduled Sales Commissions payment.

All claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company shall be decided by arbitration utilizing a single arbitrator in accordance with the Expedited Labor Arbitration Procedures of the American Arbitration Association ("AAA"). If the parties mutually agree that the claims, disputes, or controversies are not properly subject to the Expedited Labor Arbitration Procedures of the AAA, the parties may agree to apply different Rules of Arbitration, including the Commercial Arbitration Rules of the AAA. Employee hereby agrees to arbitrate any such claims, disputes, or controversies only in an individual capacity and not as a plaintiff or class member in any purported class, collective action, or representative proceeding. The arbitration shall be held in a county of the state in which Company has employed Employee. The parties agree that no arbitrator has the authority to (i) award punitive damages or any other damages not measured by the prevailing party's actual damages, or (ii) order consolidation, class arbitration, or collective action arbitration. The decision of the arbitrator shall be final, binding, and enforceable in any court of competent jurisdiction and the parties agree that there shall be no appeal from the arbitrator's decision. All statutes of limitation that would otherwise be applicable shall apply to any arbitration proceeding. The right to arbitrate shall survive termination of Employee's employment with Company. Except for the exchange of documents that the parties intend to use to support their claims and defend against the other parties' claims, there shall be no interrogatories, depositions or other discovery in any arbitration hereunder. The parties acknowledge and agree that Employee's employment with Company includes activities in interstate commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. shall control and apply to all arbitrations conducted hereunder, notwithstanding any state law provisions to the contrary. Each party shall bear its own legal expenses, including but not limited to, court costs, discretionary costs, if any, and any other costs of protecting said party's interests.

Notices to Employee shall be made in writing and shall be deemed given (i) during Employee's employment, when delivered via interoffice mail, or to Employee's Company issued email address or to Employee via Company's internal Electronic Cellular Sales Message System, or the internal Cellular Sales Message Board Discussion Forum, or the internal Cellular Sales Point of Sale System, and (ii) following termination of employment, when posted by certified mail, return receipt requested, with proper postage prepaid and properly addressed, to Employee's last known residence on file with Company.

ACKNOWLEDGED AND AGREED:

Employee Signature

Timothy M. Pratt

Employee Printed Name

- 2 -

Case 14-4323, Document 49, 01/27/2015, 1423974, Page216 of 272
Case 1:13-cv-00738-NAM-RFT   Document 27-2   Filed 09/23/13   Page 5 of 30
Case 1:12-cv-01754-NAM-RFT   Document 6-3   Filed 02/01/13   Page 5 of 9

EXHIBIT A

[Attached]

Exhibit A

EXHIBIT A

SALES COMMISSIONS SCHEDULE

*Subject to below provisions of this schedule.

### One Year Activations LLP:  (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $9.99-$20.98 price plan access | $80.00 | $70.00 | $90.00 | $100.00 | $110.00 |
| Level 2 | $20.99-$49.99 price plan access | $85.00 | $75.00 | $95.00 | $105.00 | $115.00 |
| Level 3 | $50.00-$69.98 price plan access | $82.50 | $92.50 | $112.50 | $122.50 | $132.50 |
| Level 4 | $69.99-$89.98 price plan access | $87.50 | $97.50 | $117.50 | $127.50 | $137.50 |
| Level 5 | $89.99-$99.98 price plan access | $97.50 | $107.50 | $127.50 | $137.50 | $147.50 |
| Level 0 | $99.99+ | $112.50 | $122.50 | $142.50 | $152.50 | $162.50 |

### Two Year Activations LLP:  (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $9.99-$20.98 price plan access | $75.00 | $85.00 | $105.00 | $115.00 | $125.00 |
| Level 2 | $20.99-$49.99 price plan access | $95.00 | $105.00 | $125.00 | $135.00 | $145.00 |
| Level 3 | $50.00-$69.98 price plan access | $112.50 | $122.50 | $142.50 | $152.50 | $162.50 |
| Level 4 | $69.99-$89.98 price plan access | $117.50 | $127.50 | $147.50 | $157.50 | $167.50 |
| Level 5 | $89.99-$99.98 price plan access | $127.50 | $137.50 | $157.50 | $167.50 | $177.50 |
| Level 6 | $99.99+ price plan access | $142.50 | $152.50 | $172.50 | $182.50 | $192.50 |

### One Year Upgrades LLP:  (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | One year equipment upgrade (ALL) | $40.00 | $40.00 | $50.00 | $55.00 | $60.00 |

### Two Year Upgrades LLP:  (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $9.99-$20.98 price plan access | $70.00 | $75.00 | $80.00 | $85.00 | $90.00 |
| Level 2 | $20.99-$50.98 price plan access | $80.00 | $85.00 | $90.00 | $95.00 | $100.00 |
| Level 3 | $50.99-$69.98 price plan access | $90.00 | $95.00 | $100.00 | $105.00 | $110.00 |
| Level 4 | $69.99-$89.98 price plan access | $100.00 | $105.00 | $110.00 | $115.00 | $120.00 |
| Level 5 | $89.99-$99.98 price plan access | $110.00 | $115.00 | $120.00 | $125.00 | $130.00 |
| Level 6 | $99.99+ price plan access | $117.50 | $122.50 | $127.50 | $132.50 | $137.50 |

JA-214

**One Year Activations ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $37.50 | $47.50 | $67.50 | $77.50 | $87.50 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $47.50 | $57.50 | $77.50 | $87.50 | $97.50 |
| Level 3 | $90.01 + Limited Voice Plan | $55.00 | $65.00 | $85.00 | $95.00 | $105.00 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $57.50 | $67.50 | $87.50 | $97.50 | $107.50 |
| Level 5 | $40.01 + Unlimited Voice Plan | $65.00 | $75.00 | $95.00 | $105.00 | $115.00 |

**Two Year Activations ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $77.50 | $87.50 | $107.50 | $117.50 | $127.50 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $87.50 | $97.50 | $117.50 | $127.50 | $137.50 |
| Level 3 | $90.01 + Limited Voice Plan | $95.00 | $105.00 | $125.00 | $135.00 | $145.00 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $97.50 | $107.50 | $127.50 | $137.50 | $147.50 |
| Level 5 | $40.01 + Unlimited Voice Plan | $105.00 | $115.00 | $135.00 | $145.00 | $155.00 |

**One Year Upgrades ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $25.00 | $30.00 | $35.00 | $40.00 | $45.00 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $35.00 | $40.00 | $45.00 | $50.00 | $55.00 |
| Level 3 | $90.01 + Limited Voice Plan | $42.50 | $47.50 | $52.50 | $57.50 | $62.50 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $45.00 | $50.00 | $55.00 | $60.00 | $65.00 |
| Level 5 | $40.01 + Unlimited Voice Plan | $52.50 | $57.50 | $62.50 | $67.50 | $72.50 |

**Two Year Upgrades ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $75.00 | $80.00 | $85.00 | $90.00 | $95.00 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $85.00 | $90.00 | $95.00 | $100.00 | $105.00 |
| Level 3 | $90.01 + Limited Voice Plan | $92.50 | $97.50 | $102.50 | $107.50 | $112.50 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $95.00 | $100.00 | $105.00 | $110.00 | $115.00 |
| Level 5 | $40.01 + Unlimited Voice Plan | $102.50 | $107.50 | $112.50 | $117.50 | $122.50 |

**Data Services**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $0.99 - $4.98 (excludes Data Packages and Insurance) | $2.50 | $2.50 | $2.50 | $2.50 | $2.50 |
| Level 2 | $4.99 - $9.98 (excludes Data Packages and Insurance) | $5.00 | $5.00 | $5.00 | $5.00 | $5.00 |
| Level 3 | $9.99 - $19.98 (excludes Data Packages and Insurance) | $7.50 | $7.50 | $7.50 | $7.50 | $7.50 |
| Level 4 | $19.99 + (excludes Data Packages and Insurance) | $10.00 | $10.00 | $10.00 | $10.00 | $10.00 |
| Level 5 | Multimedia Data Pak | $12.50 | $12.50 | $12.50 | $12.50 | $12.50 |
| Level 6 | Smartphone Data Pak $29.99 + | $15.00 | $15.00 | $15.00 | $15.00 | $15.00 |

Employee's Sales Commissions on Products sold, subject to certain exceptions or conditions discussed herein, shall be determined by certain tiers.  Subject to certain increased bonus levels discussed below, Employee's Sales Commissions shall be according to the BASE tier. Employee will earn increased Sales Commission levels according to the BONUS A, BONUS B, BONUS C, and BONUS D tiers if certain

Case 14-4323, Document 49, 01/27/2015, 1423974, Page219 of 272

Case 1:13-cv-00738-NAM-RFT   Document 27-2   Filed 09/23/13   Page 8 of 30
Case 1:12-cv-01754-NAM-RFT   Document 6-3   Filed 02/01/13   Page 8 of 9

thresholds on Product sales are met in any particular month ("Commission Month"). The Sales Commissions earned under the BASE and BONUS tiers are not cumulative in nature. The applicable Sales Commission tier will determine the entire Sales Commissions earned by Employee in the Commission Month. Product sales eligibility requirements for the BONUS tiers are as follows:

- BONUS A: 0 to 16 activations in the Commission Month as the primary seller on the sale of Products.
- BONUS B: Minimum of 17 new activations and 3 air card activations and $3500 in net commissions, as the primary seller on the sale of Products.
- BONUS C: Minimum of 25 new activations and 5 air card activations and $5000 in net commissions, as the primary seller on the sale of Products.
- BONUS D: Minimum of 40 new activations and 10 air card activations and $6500 in net commissions, as the primary seller on the sale of Products.

Sales Commissions are based on device and wireless service Product sales by Employee alone, and shall be split evenly among multiple Employees if more than one Employee is involved with any particular Product sales.

Sales Commissions on Certain Products:

The above Sales Commission tiers do not apply to the sale of the following Products, and the Sales Commission on such Products are as follows:

Smartphones (excluding Apple iPhone): If a smartphone Product is sold and listed on the Service Agreement at the point of activation or upgrade, Sales Commissions and equipment loss splits are as follows:
- Tier 1 Devices - $130.00 in additional Sales Commission and up to an additional $260 in equipment loss.
- Tier 2 Devices - $85.00 in additional Sales Commission and up to an additional $170 in equipment loss.
- Tier 3 Devices - $62.50 in additional Sales Commission and up to an additional $125 in equipment loss.
- Tier 4 Devices - $55.00 in additional Sales Commission and up to an additional $110 in equipment loss.

Apple iPhone: The Apple iPhone has a separate Sales Commission structure. If the iPhone is activated on a primary wireless line of service on a wireless service account (not a secondary wireless line of service) or on an ALP account, the Sales Commission will be $300 with an allowed equipment loss of $459. If the iPhone is activated as a secondary wireless line of services on a wireless service account, the Sales Commission will be $250 with an allowed equipment loss of $459.

Home Phone Connect: Sales Commissions on the sale of the Home Phone Connect Products are as follows:
- One year postpaid activation: Sales Commission shall be $50 with a $35 maximum equipment loss split.
- Two year postpaid activation: Sales Commission shall be $75 with a $85 maximum equipment loss split.

Month-to-Month and Prepaid Products: The sale of month-to-month or prepaid Products shall have an equipment loss split of $0.

No Contract Product Sales: Sales Commissions on the sale of Products without a Service Agreement shall be based on the net profit of the Product sold, and Employee's Sales Commission shall be 50% of such net profit (which shall be split evenly on shared sales by more than one Employee). The equipment loss split is $0. In the event that a Product is sold without a Service Agreement at a loss, the loss will be charged to Employee.

Post-paid Product Sales: Any Product sold on a one year or two year postpaid Service Agreement qualifies as either an activation or upgrade with the exception of the Apple iPhone, which is considered an upgrade if sold, but is not considered a new activation.

Accessories: The Sales Commission on the sale of an accessory shall be based on Company's net profit on the specific accessory sold, and Employee's Sales Commission shall be 50% of such net profit (which shall be split evenly on shared sales by more than one Employee).

Phone Trade-in Program: Sales Commission on a trade-in of a Product is 15% of the gross amount paid to Company.

TechProtect Insurance: Sales Commission on the sale of TechProtect Insurance on an eligible Product shall be $10, subject to a chargeback period 91 days.

Additions/Amendments to above Sales Commissions Schedule:

Cellular Sales will split the equipment loss incurred on the sale of a Product up to $70 on a one year activation or upgrade, or $120 on a 2 year activation or upgrade. Any equipment loss incurred which exceeds these amounts will be deducted from Employee's Sales Commissions.

All Service Agreements, related paperwork, and money due to Company for the sale of Products shall be remitted to Company at the location specified by Employee's supervisor within one week after the completion of the activation or upgrade.

The signature of a customer on a Service Agreement is to be obtained electronically. In the event that the customer's signature is not obtained electronically, Employee is responsible for obtaining the customer's signature manually on a hard copy of the Service Agreement and mailing a signed copy of the Service Agreement to the location designated by Verizon Wireless (GRM or otherwise). In the event that Employee fails to perform these duties, $50 for each upgrade and $100 for each new postpaid activation shall be deducted from Employee's Sales Commissions.

Upgrades on equipment or device Products are subject to a 45 day chargeback period and must remain active on the same wireless service account for 45 days to avoid a chargeback. An upgraded Product can not be switched or transferred to a different wireless service account.

## RESTOCKING FEE SCHEDULE

| Condition | Cellular Device | Smartphones/Tablets |
|---|---|---|
| Excellent/Like New | $35.00 | $70.00 |
| Fair Condition (minor scratches/cosmetic blemishes) | $50.00 | $90.00 |
| Poor Condition (major scratches/gouges) | $100.00 | $250.00 |
| Damaged/Broken/Liquid Damage | Replacement Cost | Replacement Cost |

| Missing Items | Amount |
|---|---|
| Interior packaging | $10.00 |
| Missing home charger | $40.00 |
| Missing battery | $40.00 |
| Missing UPC | Rebate Amount |
| Missing box (if no rebate) | $20.00 |

## COMPENSATION SCHEDULE

Cellular Sales ("Company") is in the business of retail sales of Verizon Wireless services and related equipment and accessories ("Products"). Company has employed you ("Employee") to sell the Products. Employee's employment with Company is, and shall remain at all times, "at-will," and Company may terminate Employee's employment at any time for any reason or for no reason, and Employee may terminate employment at any time for any reason or for no reason.

Company shall compensate Employee by paying commissions to Employee ("Sales Commissions") for sales of the Products made by Employee according to the sales commissions schedule ("Sales Commissions Schedule") attached hereto as Exhibit A. Company may unilaterally and at any time amend any portion of this document and any schedules or exhibits attached hereto, including but not limited to, the Sales Commissions Schedule by giving notice to Employee as set forth below.

Company shall pay Sales Commissions in advance with the Employee's agreement and understanding that the wireless lines of services for any wireless service account that was activated or upgraded must remain active for the first 181 days. In the event that any wireless lines of service for a wireless service account are cancelled or deactivated prior to 181 days, for any reason, the Sales Commission attributed to such wireless lines of service will be charged back to Employee. Employee's Sales Commission on any particular wireless lines of service or wireless service account will be determined by the Products sold and listed on the Verizon Wireless Customer Service Agreement ("Service Agreement") at the point of activation.

If Employee fails to generate Sales Commissions which exceed the total of his or her prior 6 months chargebacks, Company may withhold any and all Sales Commissions due to Employee. Any remaining Sales Commissions, less the Sales Commissions charged back, will be paid at the time Employee is no longer subject to Sales Commission chargebacks. In the event Employee is employed by Company for less than 6 months, Company will withhold 10% of Employee's net Sales Commissions earned over the total time that Employee was employed. Company shall pay the balance of the Sales Commissions within 45 days after Company has fully accounted for all Sales Commission chargebacks.

Employee's Sales Commissions are dependent on Verizon Wireless actually paying Company for the sale of Products. Accordingly, Company is obligated to pay Sales Commissions only after Employee submits a valid Service Agreement and any money due to Company for the sale of Products under such Service Agreement. Should Employee fail to submit the required Service Agreement and payment on the sale of any Products, Company shall not pay Employee the Sales Commissions associated with such sale and any loss on Products sold shall be deducted from Employee's Sales Commissions. Further, Employee also acknowledges and understands that, depending on the discount Employee gives a customer on the sale of any Products, the amount charged back may exceed the net Sales Commissions earned by the Employee on such sales.

Should a customer return any purchased Products, Employee is responsible for charging the customer the associated restocking fee ("Restocking Fee") according to the schedule ("Restocking Fee Schedule") attached hereto as Exhibit A. Should Employee fail to charge customer the full Restocking Fee, Employee may (i) accept responsibility for selling the Product at the current Company cost within 30 days from the date the Products are returned, or (ii) pay the Restocking Fee to Company and allow Company to sell the Products as open box items after the Restocking Fee has been applied. Employee acknowledges, understands and agrees that Company may deduct any and all Restocking Fees from Sales Commissions if Employee fails to collect such Restocking Fees. Company may unilaterally and at any time amend the Restocking Fee Schedule by giving notice to Employee as set forth below.

Employee is responsible for all Products checked out to and/or in an Employee's name. Should Employee fail to return any such Products in a timely manner and/or fail to sell such Products, Employee is responsible for the full cost of the Products and shall pay such cost to Company, or Company at its sole discretion may deduct such cost from Sales Commissions earned by Employee.

Employee won't be responsible for any and all inventory of Products in Company's retail location during Employee's shift in such retail location. Company shall not charge all Employees on working such retail location on the day of theft, on a



EXHIBIT
A-2

pro rata basis, the retail price of any and all missing accessory Products and the full cost of any and all missing wireless device or computer/tablet Products.

Sales Commissions shall be paid on a monthly basis beginning on the third month after commencement of employment. For example, January Sales Commissions shall be paid in March.

Sales Commissions paid to Employee according to the Sales Commissions Schedule are the exclusive form of compensation to Employee during his or her employment by Company. As previously noted, from time to time, Employee's Sales Commissions may be offset by Company's financial losses related to Employee's failure to follow Company policies, charge backs, Restocking Fees, customer returns, missing or stolen Products, and/or checked-out Products. Company will apply these offsets to Sales Commissions. From time to time, Company may also authorize Employee to incur personal expenses for personal use of Products and other items (i.e., postage, copying, etc.). Should Company authorize these personal expenses, such expenses will be deducted from Employee's next scheduled Sales Commissions payment.

All claims, disputes, or controversies arising out of, or in relation to this document or Employee's employment with Company shall be decided by arbitration utilizing a single arbitrator in accordance with the Expedited Labor Arbitration Procedures of the American Arbitration Association ("AAA"). If the parties mutually agree that the claims, disputes, or controversies are not properly subject to the Expedited Labor Arbitration Procedures of the AAA, the parties may agree to apply different Rules of Arbitration, including the Commercial Arbitration Rules of the AAA. Employee hereby agrees to arbitrate any such claims, disputes, or controversies only in an individual capacity and not as a plaintiff or class member in any purported class, collective action, or representative proceeding. The arbitration shall be held in a county of the state in which Company has employed Employee. The parties agree that no arbitrator has the authority to (i) award punitive damages or any other damages not measured by the prevailing party's actual damages, or (ii) order consolidation, class arbitration, or collective action arbitration. The decision of the arbitrator shall be final, binding, and enforceable in any court of competent jurisdiction and the parties agree that there shall be no appeal from the arbitrator's decision. All statutes of limitation that would otherwise be applicable shall apply to any arbitration proceeding. The right to arbitrate shall survive termination of Employee's employment with Company. Except for the exchange of documents that the parties intend to use to support their claims and defend against the other parties' claims, there shall be no interrogatories, depositions or other discovery in any arbitration hereunder. The parties acknowledge and agree that Employee's employment with Company includes activities in interstate commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. shall control and apply to all arbitrations conducted hereunder, notwithstanding any state law provisions to the contrary. Each party shall bear its own legal expenses, including but not limited to, court costs, discretionary costs, if any, and any other costs of protecting said party's interests.

Notices to Employee shall be made in writing and shall be deemed given (i) during Employee's employment, when delivered via interoffice mail, or to Employee's Company issued email address or to Employee via Company's internal Electronic Cellular Sales Message System, or the internal Cellular Sales Message Board Discussion Forum, or the internal Cellular Sales Point of Sale System, and (ii) following termination of employment, when posted by certified mail, return receipt requested, with proper postage prepaid and properly addressed, to Employee's last business address or their last known residence on file with Company.

ACKNOWLEDGED AND AGREED:

_Employee Signature_

William Burrell

Employee Printed Name

12 - 30 - 2011

- 2 -

EXHIBIT A

[Attached]

Exhibit A

EXHIBIT A

SALES COMMISSIONS SCHEDULE

*Subject to below provisions of this schedule.

### One Year Activations LLP: (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $9.99-$20.98 price plan access | $60.00 | $70.00 | $90.00 | $100.00 | $110.00 |
| Level 2 | $20.99-$49.99 price plan access | $65.00 | $75.00 | $95.00 | $105.00 | $115.00 |
| Level 3 | $50.00-$69.98 price plan access | $82.50 | $92.50 | $112.50 | $122.50 | $132.50 |
| Level 4 | $69.99-$89.98 price plan access | $87.50 | $97.50 | $117.50 | $127.50 | $137.50 |
| Level 5 | $89.99-$99.98 price plan access | $97.50 | $107.50 | $127.50 | $137.50 | $147.50 |
| Level 6 | $99.99+ | $112.50 | $122.50 | $142.50 | $152.50 | $162.50 |

### Two Year Activations LLP: (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $9.99-$20.98 price plan access | $75.00 | $85.00 | $105.00 | $115.00 | $125.00 |
| Level 2 | $20.99-$49.99 price plan access | $95.00 | $105.00 | $125.00 | $135.00 | $145.00 |
| Level 3 | $50.00-$69.98 price plan access | $112.50 | $122.50 | $142.50 | $152.50 | $162.50 |
| Level 4 | $69.99-$89.98 price plan access | $117.50 | $127.50 | $147.50 | $157.50 | $167.50 |
| Level 5 | $89.99-$99.98 price plan access | $127.50 | $137.50 | $157.50 | $167.50 | $177.50 |
| Level 6 | $99.99+ price plan access | $142.50 | $152.50 | $172.50 | $182.50 | $192.50 |

### One Year Upgrades LLP: (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | One year equipment upgrade (ALL) | $40.00 | $40.00 | $50.00 | $55.00 | $60.00 |

### Two Year Upgrades LLP: (subject to 181 day chargeback)

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $9.99-$20.98 price plan access | $70.00 | $75.00 | $80.00 | $85.00 | $90.00 |
| Level 2 | $20.99-$50.98 price plan access | $80.00 | $85.00 | $90.00 | $95.00 | $100.00 |
| Level 3 | $50.99-$69.98 price plan access | $90.00 | $95.00 | $100.00 | $105.00 | $110.00 |
| Level 4 | $69.99-$89.98 price plan access | $100.00 | $105.00 | $110.00 | $115.00 | $120.00 |
| Level 5 | $89.99-$99.98 price plan access | $110.00 | $115.00 | $120.00 | $125.00 | $130.00 |
| Level 6 | $99.99+ price plan access | $117.50 | $122.50 | $127.50 | $132.50 | $137.50 |

**One Year Activations ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $37.50 | $47.50 | $67.50 | $77.50 | $87.50 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $47.50 | $57.50 | $77.50 | $87.50 | $97.50 |
| Level 3 | $90.01 + Limited Voice Plan | $55.00 | $65.00 | $85.00 | $95.00 | $105.00 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $57.50 | $67.50 | $87.50 | $97.50 | $107.50 |
| Level 5 | $40.01 + Unlimited Voice Plan | $65.00 | $75.00 | $95.00 | $105.00 | $115.00 |

**Two Year Activations ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $77.50 | $87.50 | $107.50 | $117.50 | $127.50 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $87.50 | $97.50 | $117.50 | $127.50 | $137.50 |
| Level 3 | $90.01 + Limited Voice Plan | $95.00 | $105.00 | $125.00 | $135.00 | $145.00 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $97.50 | $107.50 | $127.50 | $137.50 | $147.50 |
| Level 5 | $40.01 + Unlimited Voice Plan | $105.00 | $115.00 | $135.00 | $145.00 | $155.00 |

**One Year Upgrades ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $25.00 | $30.00 | $35.00 | $40.00 | $45.00 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $35.00 | $40.00 | $45.00 | $50.00 | $55.00 |
| Level 3 | $90.01 + Limited Voice Plan | $42.50 | $47.50 | $52.50 | $57.50 | $62.50 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $45.00 | $50.00 | $55.00 | $60.00 | $65.00 |
| Level 5 | $40.01 + Unlimited Voice Plan | $52.50 | $57.50 | $62.50 | $67.50 | $72.50 |

**Two Year Upgrades ALP:  (subject to 181 day chargeback)**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $00.01-$60.00 Limited Voice Plan | $75.00 | $80.00 | $85.00 | $90.00 | $95.00 |
| Level 2 | $60.01-$90.00 Limited Voice Plan | $85.00 | $90.00 | $95.00 | $100.00 | $105.00 |
| Level 3 | $90.01 + Limited Voice Plan | $92.50 | $97.50 | $102.50 | $107.50 | $112.50 |
| Level 4 | $00.01-$40.00 Unlimited Voice Plan | $95.00 | $100.00 | $105.00 | $110.00 | $115.00 |
| Level 5 | $40.01 + Unlimited Voice Plan | $102.50 | $107.50 | $112.50 | $117.50 | $122.50 |

**Data Services**

| | | BASE | BONUS A | BONUS B | BONUS C | BONUS D |
|---|---|---|---|---|---|---|
| Level 1 | $0.99 - $4.98 (excludes Data Packages and Insurance) | $2.50 | $2.50 | $2.50 | $2.50 | $2.50 |
| Level 2 | $4.99 - $9.98 (excludes Data Packages and Insurance) | $5.00 | $5.00 | $5.00 | $5.00 | $5.00 |
| Level 3 | $9.99 - $19.98 (excludes Data Packages and Insurance) | $7.50 | $7.50 | $7.50 | $7.50 | $7.50 |
| Level 4 | $19.99 + (excludes Data Packages and Insurance) | $10.00 | $10.00 | $10.00 | $10.00 | $10.00 |
| Level 5 | Multimedia Data Pak | $12.50 | $12.50 | $12.50 | $12.50 | $12.50 |
| Level 6 | Smartphone Data Pak $29.99 + | $15.00 | $15.00 | $15.00 | $15.00 | $15.00 |

Employee's Sales Commissions on Products sold, subject to certain exceptions or conditions discussed herein, shall be determined by certain tiers.  Subject to certain increased bonus levels discussed below, Employee's Sales Commissions shall be according to the BASE tier. Employee will earn increased Sales Commission levels according to the BONUS A, BONUS B, BONUS C, and BONUS D tiers if certain

**JA-222**

thresholds on Product sales are met in any particular month ("Commission Month"). The Sales Commissions earned under the BASE and BONUS tiers are not cumulative in nature. The applicable Sales Commission tier will determine the entire Sales Commissions earned by Employee in the Commission Month. Product sales eligibility requirements for the BONUS tiers are as follows:

- BONUS A: 0 to 16 activations in the Commission Month as the primary seller on the sale of Products.
- BONUS B: Minimum of 17 new activations and 3 air card activations and $3500 in net commissions, as the primary seller on the sale of Products.
- BONUS C: Minimum of 25 new activations and 5 air card activations and $5000 in net commissions, as the primary seller on the sale of Products.
- BONUS D: Minimum of 40 new activations and 10 air card activations and $6500 in net commissions, as the primary seller on the sale of Products.

Sales Commissions are based on device and wireless service Product sales by Employee alone, and shall be split evenly among multiple Employees if more than one Employee is involved with any particular Product sales.

Sales Commissions on Certain Products:

The above Sales Commission tiers do not apply to the sale of the following Products, and the Sales Commission on such Products are as follows:

Smartphones (excluding Apple iPhone): If a smartphone Product is sold and listed on the Service Agreement at the point of activation or upgrade, Sales Commissions and equipment loss splits are as follows:
- Tier 1 Devices - $130.00 in additional Sales Commission and up to an additional $260 in equipment loss.
- Tier 2 Devices - $85.00 in additional Sales Commission and up to an additional $170 in equipment loss.
- Tier 3 Devices - $62.50 in additional Sales Commission and up to an additional $125 in equipment loss.
- Tier 4 Devices - $55.00 in additional Sales Commission and up to an additional $110 in equipment loss.

Apple iPhone: The Apple iPhone has a separate Sales Commission structure. If the iPhone is activated on a primary wireless line of service on a wireless service account (not a secondary wireless line of service), or on an ALP account, the Sales Commission will be $300 with an allowed equipment loss of $459. If the iPhone is activated as a secondary wireless line of services on a wireless service account, the Sales Commission will be $250 with an allowed equipment loss of $459.

Home Phone Connect: Sales Commissions on the sale of the Home Phone Connect Products are as follows:
- One year postpaid activation: Sales Commission shall be $50 with a $35 maximum equipment loss split.
- Two year postpaid activation: Sales Commission shall be $75 with a $85 maximum equipment loss split.

Month-to-Month and Prepaid Products: The sale of month-to-month or prepaid Products shall have an equipment loss split of $0.

No Contract Product Sales: Sales Commissions on the sale of Products without a Service Agreement shall be based on the net profit of the Product sold, and Employee's Sales Commission shall be 50% of such net profit (which shall be split evenly on shared sales by more than one Employee). The equipment loss split is $0. In the event that a Product is sold without a Service Agreement at a loss, the loss will be charged to Employee.

Post-paid Product Sales: Any Product sold on a one year or two year postpaid Service Agreement qualifies as either an activation or upgrade with the exception of the Apple iPhone, which is considered an upgrade if sold, but is not considered a new activation.

Accessories: The Sales Commission on the sale of an accessory shall be based on Company's net profit on the specific accessory sold, and Employee's Sales Commission shall be 50% of such net profit (which shall be split evenly on shared sales by more than one Employee).

Phobio Trade-in Program: Sales Commission on a trade-in of a Product is 15% of the gross amount paid to Company.

TechProtect Insurance: Sales Commission on the sale of TechProtect Insurance on an eligible Product shall be $10, subject to a chargeback period 91 days.

Additions/Amendments to above Sales Commissions Schedule:

Cellular Sales will split the equipment loss incurred on the sale of a Product up to $70 on a one year activation or upgrade, or $120 on a 2 year activation or upgrade. Any equipment loss incurred which exceeds these amounts will be deducted from Employee's Sales Commissions.

All Service Agreements, related paperwork, and money due to Company for the sale of Products shall be remitted to Company at the location specified by Employee's supervisor within one week after the completion of the activation or upgrade.

The signature of a customer on a Service Agreement is to be obtained electronically.  In the event that the customer's signature is not obtained electronically, Employee is responsible for obtaining the customer's signature manually on a hard copy of the Service Agreement and mailing a signed copy of the Service Agreement to the location designated by Verizon Wireless (GRM or otherwise).  In the event that Employee fails to perform these duties, $50 for each upgrade and $100 for each new postpaid activation shall be deducted from Employee's Sales Commissions.

Upgrades on equipment or device Products are subject to a 45 day chargeback period and must remain active on the same wireless service account for 45 days to avoid a chargeback.  An upgraded Product can not be switched or transferred to a different wireless service account.

### RESTOCKING FEE SCHEDULE

| Condition | Cellular Device | Smartphones/Tablets |
|---|---|---|
| Excellent/Like New | $35.00 | $70.00 |
| Fair Condition (minor scratches/cosmetic blemishes) | $50.00 | $90.00 |
| Poor Condition (major scratches/gouges) | $100.00 | $250.00 |
| Damaged/Broken/Liquid Damage | Replacement Cost | Replacement Cost |

| Missing Items | Amount |
|---|---|
| Interior packaging | $10.00 |
| Missing home charger | $40.00 |
| Missing battery | $40.00 |
| Missing UPC | Rebate Amount |
| Missing box (if no rebate) | $20.00 |

*I DO NOT AGREE! WB 12/30/11*

JA-224

NON-EXCLUSIVE INDEPENDENT SALES AGREEMENT FORM

## LIMITED LIABILITY COMPANY/FORM

THIS FORM IS TO BE USED BETWEEN
CELLULAR SALES OF NEW YORK, LLC
AND
A LIMITED LIABILITY COMPANY/SALES REPRESENTATIVE

---

## NON-EXCLUSIVE INDEPENDENT SALES AGREEMENT

This NON-EXCLUSIVE INDEPENDENT SALES AGREEMENT ("Agreement") is made and entered into effective as of the 14TH day of _MAY_, 20 10 (the "Effective Date"), by and between CELLULAR SALES OF NEW YORK, LLC, a New York limited liability company ("Distributor"), and _Actuated LLC_, a New York limited liability company ("Sales Company"; Sales Company and Distributor are sometimes collectively referred to herein as the "Parties" and separately as a "Party".

### WITNESSETH:

WHEREAS, Distributor is engaged in the retail business of marketing service contracts ("Contracts") for the provision of wireless telephone services and marketing cellular phone equipment ("Goods") (the Contracts and Goods are collectively referred to herein as "Products");

WHEREAS, all of the issued and outstanding membership interests of the Sales Company is owned of record by an individual (the "Member") who entered into a Member Indemnification Agreement ("Indemnification Agreement") with the Distributor as of the Effective Date;

WHEREAS, the Member has signed pursuant to the provisions of the Indemnification Agreement to be the Sales Company's sole member of record, chief executive officer and key employee throughout the Term (as hereinafter defined) of this Agreement;

WHEREAS, Distributor wishes to authorize Sales Company to market the Products to end users pursuant to the provisions of this Agreement; and

WHEREAS, Sales Company wishes to market the Products in the Territory (as hereinafter defined) pursuant to the provisions of this Agreement.

### AGREEMENTS:

NOW, THEREFORE, for and in consideration of the sum of Ten and No/00ths Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1.  Representations and Warranties of the Parties to each other:

A.  Distributor represents to Sales Company that Distributor is a limited liability company in good standing under the laws of the State of New York and that it is authorized to enter into and carry out the provisions of this Agreement.

B.  Sales Company represents and warrants to Distributor that it is a limited liability company in good standing under the laws of the State of New York, but it is authorized to enter into and carry out the provisions of this Agreement, and that

2

EXHIBIT

A-3

Annex A, attached to and is made part of this Agreement, correctly sets forth Sales Company's USA Employer Identification Number.

Term of this Agreement. The term ("Term") of this Agreement commenced on the Effective Date and shall continue until terminated in accordance with the terms and conditions of this Section 2. Each Party shall have the right to terminate this Agreement at will at any time, with or without cause and for no cause upon written notice to the other which notice shall be given in the manner specified in Section 10 hereof and the Term shall end upon the giving of such written notice. In addition, in the event that the Member ceases at any time to be either the Sales Company's sole member of record or chief executive officer or key employee, the Term shall thereupon be automatically terminated.

The Territory. Sales Company will market the Products in the geographic area identified as the "Territory" on Annex A throughout the Term. Distributor reserves the right to enter into similar Non-Exclusive Sales Agreements with other entities within the Territory and expects to do so.

Sales Commissions. Distributor will pay commission to Sales Company (referred to herein as "Sales Commissions") for sales of the Products made by Sales Company within the Territory according to the schedule ("Sales Commission Schedule") that is attached to and made a part of Annex A of this Agreement.

Sales Support. The Distributor shall without charge to Sales Company make available to Sales Company such marketing and technical information and support services (collectively the "Marketing Information") with respect to the Products as Distributor shall from time to time deem appropriate. Sales Company shall cause Member and its other employees, if any, to strictly comply with all written and oral directives from Distributor with respect to the use, application and disclosure of the Marketing Information. Neither Sales Company nor Member nor any of its other employees shall have any proprietary or other interest in any Marketing Information. Sales Company will upon Distributor's notice at any time return and cause its employees to return to Distributor any written Marketing Information. Distributor makes no representations or warranties whatsoever with respect to whether Sales Company will be successful in marketing the Products irrespective of whether or how Sales Company utilizes the Marketing Information.

Sales Company's Covenants. Sales Company covenants with the Distributor as follows:

C  At all times throughout the Term, Sales Company shall be and remain a limited liability company in good standing with the State of New York and shall be duly qualified to do business in that jurisdiction and in any other jurisdictions where such qualification is required. Sales Company shall give Distributor immediate notice in the event that the Member ceases at any time to be its sole member of record or its chief executive officer or its key employee.

D  Sales Company shall at all times throughout the Term comply with all laws, and requirements of all local, state and/or federal governments and/or agencies thereof to which it shall be subject and shall file all tax returns that are required by

federal, state and local governments and subdivisions thereof on a timely basis and shall pay to the appropriate taxing authorities all federal, state and local taxes and other charges of every nature as the same shall become due including without limitation, all income taxes, employment taxes, unemployment taxes, sales and use taxes. Without limitation of the generality of the foregoing, Sales Company covenants that Sales Company will, with respect to each person who acts or otherwise deals with the Products for which Sales Company is paid Sales Commissions by Distributor pursuant to this Agreement, report and pay as the employer of such person in the applicable taxing authorities, all employment, unemployment, disability, income and withholding taxes that shall be applicable with respect to all such payments that are made by Sales Company to such person.

E  Sales Company shall throughout the Term maintain a bank account and shall cause all Sales Commissions payments received from Distributor to be deposited in such bank account. In addition, Sales Company shall at Distributor's request provide Distributor with writing instructions that the Distributor shall be authorized to utilize in paying Sales Commissions to Sales Company.

F  Throughout the Term, Sales Company will maintain workmen's compensation insurance coverage at levels of not less than coverage required by the laws of the State of New York. Sales Company assumes full responsibility for all acts and omissions of its employees and agents and shall have sole responsibility for their supervision and control.

G  Sales Company shall on or before March 15 of each year throughout the Term provide Distributor with a Certificate of Good Standing and/or Certificate of Company Existence (or similar official document or statement with respect to its company status) that shall be issued by the Secretary of State's Office of the State of New York, or similar governmental office in New York, who has the authority to issue such certificates, documents or statements and, at Distributor's request, shall also provide Distributor with evidence that it has complied with all applicable tax return, filing and payment requirements.

H  Sales Company covenants that it will not market the Products outside of the Territory without the Distributor's prior written consent.

Relationship Between Distributor and Sales Company. The Parties covenant and agree with respect to their legal relationship as follows:

1  The relationship of the Sales Company to the Distributor is that of an independent contractor. Each person who is engaged by the Sales Company to render services with respect to whose activities for which Sales Company receives Sales Commissions shall be an employee of the Sales Company and not of the Distributor. Sales Company understands and expressly agrees that nothing contained in this Agreement or arising out of or relating to the relationship between it and Distributor is intended or should be construed to create any

relationship of franchise and franchisor between the Parties or create any partnership, joint venture or agency relationship between the Parties. Neither Sales Company nor Distributor shall make any express or implied agreements, guarantees or representations or incur any indebtedness or obligations, in the name of or on behalf of the other.

J.    Distributor and Sales Company acknowledge and agree that Distributor is authorizing Sales Company, not Member, to market its Products to end users and that this Agreement does not require or contemplate that substantially all of such marketing services are to be performed personally by Member or any other particular individual.

K.    Distributor shall not withhold any taxes with respect to the Sales Commissions it pays to Sales Company pursuant to this Agreement. At the conclusion of each year, the Distributor shall issue to Sales Company a Form 1099 stating the gross Sales Commissions paid to it by Distributor during such year.

L.    No person engaged by Sales Company (including, without limitation, any person who is involved in marketing the Products) shall be entitled to receive any compensation, benefits, vacation or vacation pay, sick leave, participation in a retirement program, health insurance, disability insurance, unemployment benefits or other benefits from Distributor.

M.    Sales Company covenants that each person it engages to render sales and services with respect to the Products will be required by Sales Company as an express condition of such engagement to agree and acknowledge that such person is not an employee of the Distributor and shall be required to covenant in writing that such person will not file claims for unemployment compensation or other benefits based upon any assertion to the effect that such person is or was an employee of Distributor at any time.

N.    Sales Company shall have the exclusive right to make all decisions with respect to hiring, employing and/or terminating persons who market and service the Products on behalf of the Sales Company and Sales Company shall not be required to obtain the Distributor's approval or consent with respect to any such decisions. Without limitation of the generality of the foregoing, Distributor shall not have any right to supervise or review any employees of Sales Company.

O.    Sales Company shall use reasonable commercial efforts to conduct its business in a sound and efficient means, to supervise its employees effectively and to effectively market the Products.

P.    Sales Company understands, acknowledges and expressly agrees that nothing contained in this Agreement or arising out of or relating to the relationship between it and Distributor is intended or should be construed to create fiduciary duties on the part of Distributor to the Sales Company.

5

**Indemnification.** The Sales Company covenants that it will indemnify and hold Distributor harmless from and against any losses that Distributor incurs or suffers as a result of any breach by Sales Company of any covenant, representation or warranty contained in this Agreement and from any determination made by any federal, state or local court or administrative tribunal, agency or board to the effect that any person who is engaged by the Sales Company to render any services for which Sales Commissions are paid by the Distributor to the Sales Company pursuant to this Agreement is an employee of the Distributor. Sales Company shall also indemnify and hold Distributor harmless from and shall reimburse Distributor for any and all expenses that Distributor incurs in defending any claim or assertion to the effect that any person who is engaged by the Sales Company to render any services for which Sales Commissions are paid by the Distributor to the Sales Company pursuant to this Agreement is an employee of the Distributor.

**Sales Company's Right to Provide Services for Others.** Sales Company retains the right to engage in such activities as it deems appropriate for its own account and for entities other than Distributor; provided, however, that Sales Company covenants that neither it nor any of its members or employees will market goods or services that are competitive with the Products as defined above.

**Notices.** All notices and other communications hereunder shall be in writing and shall be deemed given if delivered personally, mailed by registered or certified mail (return receipt requested) or sent via facsimile or email at the following addresses (or at such other address for a Party as shall be specified by like notice):

If to Distributor, to:    Cellular Sales of New York, LLC
    6513 Kingston Pike, Suite 106
    Knoxville, Tennessee 37919
    Attention: Julie Dean
    Facsimile No.: 865.584.6355
    Email: julie.dean@cellularsales.com

If to Sales Company, to:    _Aptivity LLC_
    _PO Box 3225_
    _Saratoga Springs NY 12866_
    Attention: _Tim Pratt_
    Facsimile No.:
    Email: _timothypratt@cellularsi_ .com

All notices and communications pursuant to this Section 10 may also be given by the Distributor to the Sales Company via the Distributor's electronic CS Message system.

**Governing Law.** The Parties acknowledge that the laws of the State of New York shall apply to this Agreement. If a dispute arises under this Agreement, then the Parties agree that they shall submit any dispute or seemingly unresolvable issue to mediation. If the mediation process is unsuccessful in resolving the matters in controversy, then in such event, the Parties shall then have the right to pursue any appropriate legal actions against the other Party in a court

6

of competent jurisdiction. Each Party shall bear its own legal expenses, including but not limited to, court costs, discretionary costs, if any, and any other costs of protecting said Party's interests, provided, however, that costs and expenses incurred pursuant to Section 8 of this Agreement shall not apply.

**Entire Agreement.** This is the entire agreement of the Parties and supersedes any and all other understandings and/or agreements between the Parties, whether written or oral.

**Interpretation.** The headings contained in this Agreement are for reference purposes only and shall not affect in any way the interpretation of this Agreement. In this Agreement, unless a contrary intention is specifically set forth, (i) the words "hereby", "hereof" and "hereunder" and other words of similar import refer to this Agreement as a whole and not to any particular Article, Section or other subdivision and (ii) reference to any Article or Section means such Article or Section hereof. No provision of this Agreement shall be interpreted or construed against any Party solely because such Party or its legal representative drafted such provision.

**Amendment and Assignment.** Except as provided in the next sentence of this Section 14, this Agreement may not be amended except by an instrument in writing signed on behalf of all of the Parties. The Distributor may however unilaterally and at anytime by giving notice (in a manner specified in Section 10 herein) to the Sales Company amend the Sales Commissions Schedule that is attached to and made a part of Annex A to this Agreement. The amendment with respect to the Sales Commissions Schedule shall not affect Sales Commissions that shall be due with respect to Products that are sold prior to the date of such amendment but shall be prospectively effective with respect to all sales of Products that occur after the date of such amendment. Neither Party may voluntarily or involuntarily, or directly or indirectly, assign or otherwise transfer this Agreement without the prior written approval of the other Party. Subject to the foregoing sentence, this Agreement is binding upon the Parties hereto and their respective executors, administrators, heirs, assigns and successors in interest.

**Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all of which shall constitute the same agreement. The signature of any of the Parties may be delivered and made by original, facsimile, portable document format (.pdf) or other electronic means capable of creating a printable copy, and each such signature shall be treated as an original signature for all purposes.

**Parties in Interest.** This Agreement shall be binding upon and inure solely to the benefit of each Party herein, and nothing in this Agreement, express or implied, is intended to confer upon any other person any rights or remedies of any nature whatsoever under or by reason of this Agreement.

**Validity.** The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the other provisions of this Agreement, which shall remain in full force and effect. If any provision in this Agreement shall be determined invalid, such invalid provision shall be severed from the Agreement but the remainder of the Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the Effective Date.

DISTRIBUTOR:

CELLULAR SALES OF NEW YORK, LLC

By: _____

Name: _Tim Blackburn_

Title: _President_

SALES COMPANY:

_Activada LLC_

By: _____

Name: _Tim Fraiz_

Title: _President_

73314482

7

8

ANNEX A

INDEPENDENT SALES REPRESENTATIVE AGREEMENT

I.   The TERRITORY consists of the following counties in the State of New York:

all NY counties

II.  The Sales Company's USA Employer Identification Number is 45- 2099155

III. The Sales Company shall be paid Sales Commissions with respect to its sales of Products in accordance with the attached Sales Commissions Schedule.

A-1

# NON-EXCLUSIVE INDEPENDENT SALES AGREEMENT

# LIMITED LIABILITY COMPANY FORM

**THIS FORM IS TO BE USED BETWEEN**
**CELLULAR SALES OF NEW YORK, LLC**
**AND**
**A LIMITED LIABILITY COMPANY SALES REPRESENTATIVE**



**EXHIBIT**
**A-4**

JA-230

## NON-EXCLUSIVE INDEPENDENT SALES AGREEMENT

This NON-EXCLUSIVE INDEPENDENT SALES AGREEMENT ("Agreement") is made and entered into effective as of the ___13___ day of ___November___, 20_10_ (the "Effective Date"), by and between CELLULAR SALES OF NEW YORK, LLC, a New York limited liability company ("Distributor"), and ___Apollonrop, ___ ___ LLC___, a New York limited liability company ("Sales Company"); Sales Company and Distributor are sometimes collectively referred to herein as the "Parties" and separately as a "Party".

### WITNESSETH:

WHEREAS, Distributor is engaged in the retail business of marketing service contracts ("Contracts") for the provision of wireless telephone services and marketing cellular phone equipment ("Goods") (the Contracts and Goods are collectively referred to herein as "Products");

WHEREAS, all of the issued and outstanding membership interests of the Sales Company is owned of record by an individual (the "Member") who entered into a Member Indemnification Agreement ("Indemnification Agreement") with the Distributor as of the Effective Date;

WHEREAS, the Member has agreed pursuant to the provisions of the Indemnification Agreement to be the Sales Company's sole member of record, chief executive officer and key employee throughout the Term (as hereinafter defined) of this Agreement;

WHEREAS, Distributor wishes to authorize Sales Company to market the Products to end users pursuant to the provisions of this Agreement; and

WHEREAS, Sales Company wishes to market the Products in the Territory (as hereinafter defined) pursuant to the provisions of this Agreement.

### AGREEMENTS:

NOW, THEREFORE, for and in consideration of the sum of Ten and No/100ths Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1.   **Representations and Warranties of the Parties to each other:**

A.   Distributor represents to Sales Company that Distributor is a limited liability company in good standing under the laws of the State of New York and that it is authorized to enter into and carry out the provisions of this Agreement.

B.   Sales Company represents and warrants to Distributor that it is a limited liability company in good standing under the laws of the State of New York, that it is authorized to enter into and carry out the provisions of this Agreement, and that

2

**JA-231**

Annex A, attached to and is made part of this Agreement, correctly sets forth Sales Company's USA Employer Identification Number.

Term of this Agreement.   The term ("Term") of this Agreement commenced on the Effective Date and shall continue until terminated in accordance with the next sentence of this Section 2. Each Party shall have the right to terminate this Agreement at will at any time, with or without cause and for no cause upon written notice to the other which notice shall be given in the manner specified in Section 10 hereof and the Term shall end upon the giving of such written notice.   In addition, in the event that the Member ceases at any time to be either the Sales Company's sole member of record or chief executive officer or key employee, the Term shall thereupon be automatically terminated.

The Territory.  Sales Company will market the Products in the geographic area identified as the "Territory" on Annex A throughout the Term.  Distributor reserves the right to enter into similar Non-Exclusive Sales Agreements with other entities within the Territory and expects to do so.

Sales Commissions.  Distributor will pay commissions to Sales Company (referred to herein as "Sales Commissions") for sales of the Products made by Sales Company within the Territory according to the schedule ("Sales Commissions Schedule") that is attached to and made a part of Annex A of this Agreement.

Sales Support.  The Distributor shall without charge to Sales Company make available to Sales Company such marketing and technical information and support services (collectively the "Marketing Information") with respect to the Products as Distributor shall from time to time deem appropriate. Sales Company shall cause Member and its other employees, if any, to strictly comply with all written and oral directives from Distributor with respect to the use, application and disclosure of the Marketing Information. Neither Sales Company nor Member nor any of its other employees shall have any proprietary or other interest in any Marketing Information. Sales Company will upon Distributor's notice at any time return and cause its employees to return to Distributor any written Marketing Information.  **Distributor makes no representations or warranties whatsoever with respect to whether Sales Company will be successful in marketing the Products irrespective of whether or how Sales Company utilizes the Marketing Information.**

Sales Company's Covenants.  Sales Company covenants with the Distributor as follows:

C.    At all times throughout the Term, Sales Company shall be and remain a limited liability company in good standing with the State of New York and shall be duly qualified to do business in that jurisdiction and in any other jurisdictions where such qualification is required.  Sales Company shall give Distributor immediate notice in the event that the Member ceases at any time to be its sole member of record or its chief executive officer or its key employee.

D.    Sales Company shall at all times throughout the Term comply with all laws, and requirements of all local, state and/or federal governments and/or agencies thereof to which it shall be subject and shall file all tax returns that are required by

3

JA-232

federal, state and local governments and subdivisions thereof on a timely basis and shall pay to the appropriate taxing authorities all federal, state and local taxes and other charges of every nature as the same shall become due including without limitation, all income taxes, employment taxes, unemployment taxes, sales and use taxes. Without limitation of the generality of the foregoing, Sales Company covenants that Sales Company will, with respect to each person who sells or otherwise deals with the Products for which Sales Company is paid Sales Commissions by Distributor pursuant to this Agreement, report and pay as the employer of such person to the applicable taxing authorities, all employment, unemployment, disability, income and withholding taxes that shall be applicable with respect to all such payments that are made by Sales Company to such person.

E.   Sales Company shall throughout the Term maintain a bank account and shall cause all Sales Commissions payments received from Distributor to be deposited in such bank account. In addition, Sales Company shall at Distributor's request provide Distributor with wiring instructions that the Distributor shall be authorized to utilize in paying Sales Commissions to Sales Company.

F.   Throughout the Term, Sales Company will maintain workmen's compensation insurance coverage at levels of not less than the coverage required by the laws of the State of New York. Sales Company assumes full responsibility for all acts and omissions of its employees and agents and shall have sole responsibility for their supervision and control.

G.   Sales Company shall on or before March 15 of each year throughout the Term provide Distributor with a Certificate of Good Standing and/or Certificate of Company Existence (or similar official document or statement with respect to its company status) that shall be issued by the Secretary of State's Office of the State of New York, or similar governmental office in New York, who has the authority to issue such certificates, documents or statements and at Distributor's request shall also provide Distributor with evidence that it has complied with all applicable tax return filing and payment requirements.

H.   Sales Company covenants that it will not market the Products outside of the Territory without the Distributor's prior written consent.

Relationship Between Distributor and Sales Company. The Parties covenant and agree with respect to their legal relationship as follows:

I.   The relationship of the Sales Company to the Distributor is that of an independent contractor. Each person who is engaged by the Sales Company to render services with respect to those activities for which Sales Company receives Sales Commissions shall be an employee of the Sales Company and not of the Distributor. Sales Company understands and expressly agrees that nothing contained in this Agreement or arising out of or relating to the relationship between it and Distributor is intended or should be construed to create any

4

JA-233

relationship of franchisee and franchisor between the Parties or create any partnership, joint venture or agency relationship between the Parties. Neither Sales Company nor Distributor shall make any express or implied agreements, guarantees or representations or incur any indebtedness or obligations, in the name of on behalf of the other.

J. Distributor and Sales Company acknowledge and agree that Distributor is authorizing Sales Company, not Member, to market its Products to end users and that this Agreement does not require or contemplate that substantially all of such marketing services are to be performed personally by Member or any other particular individual.

K. Distributor shall not withhold any taxes with respect to the Sales Commissions it pays to Sales Company pursuant to this Agreement. At the conclusion of each year, the Distributor shall issue to Sales Company a Form 1099 stating the gross Sales Commissions paid to it by Distributor during such year.

L. No person engaged by Sales Company (including, without limitation, any person who is involved in marketing the Products) shall be entitled to receive any compensation, benefits, vacation or vacation pay, sick leave, participation in a retirement program, health insurance, disability insurance, unemployment benefits or other benefits from Distributor.

M. Sales Company covenants that each person it engages to render sales and services with respect to the Products will be required by Sales Company as an express condition of such engagement to agree and acknowledge that such person is not an employee of the Distributor and shall further be required to covenant in writing that such person will not file claims for unemployment compensation or other benefits based upon any assertion to the effect that such person is or was an employee of Distributor at any time.

N. Sales Company shall have the exclusive right to make all decisions with respect to hiring, employing and/or terminating persons who market and service the Products on behalf of the Sales Company and Sales Company shall not be required to obtain the Distributor's approval or consent with respect to any such decisions. Without limitation of the generality of the foregoing, Distributor shall not have any right to supervise or review any employees of Sales Company.

O. Sales Company shall use reasonable commercial efforts to conduct its business in a sound and efficient means, to supervise its employees effectively and to effectively market the Products.

P. Sales Company understands, acknowledges and expressly agrees that nothing contained in this Agreement or arising out of or relating to the relationship between it and Distributor is intended or should be construed to create fiduciary duties on the part of Distributor to the Sales Company.

5

**JA-234**

Indemnification.   The Sales Company covenants that it will indemnify and hold Distributor harmless from and against any losses that Distributor incurs or suffers as a result of any breach by Sales Company of any covenant, representation or warranty contained in this Agreement and from any determination made by any federal, state or local court or administrative tribunal, agency or board to the effect that any person who is engaged by the Sales Company to render any services for which Sales Commissions are paid by the Distributor to the Sales Company pursuant to this Agreement is an employee of the Distributor.  Sales Company shall also indemnify and hold Distributor harmless from and shall reimburse Distributor for any and all expenses that Distributor incurs in defending any claim or assertion to the effect that any person who is engaged by the Sales Company to render any services for which Sales Commissions are paid by the Distributor to the Sales Company pursuant to this Agreement is an employee of the Distributor.

Sales Company's Right to Provide Services for Others.  Sales Company retains the right to engage in such activities as it deems appropriate for its own account and for entities other than Distributor; provided, however, that Sales Company covenants that neither it nor any of its members or employees will market goods or services that are competitive with the Products as defined above.

Notices.  All notices and other communications hereunder shall be in writing and shall be deemed given if delivered personally, mailed by registered or certified mail (return receipt requested) or sent via facsimile or email at the following addresses (or at such other address for a Party as shall be specified by like notice):

If to Distributor, to:               Cellular Sales of New York, LLC
                                     6513 Kingston Pike, Suite 106
                                     Knoxville, Tennessee 37919
                                     Attention: Julie Dean
                                     Facsimile No.: 865.584.6355
                                     Email: julie.dean@cellularsales.com

If to Sales Company, to:             *Apellonrop, LLC*
                                     *P.O. Box 8316*
                                     *Glens Falls  NY  12801*
                                     Attention: *William Burrell*
                                     Facsimile No.: *N —*
                                     Email: *Wild. Bill. Burrell @ gmail. com*

All notices and communications pursuant to this Section 10 may also be given by the Distributor to the Sales Company via the Distributor's electronic CS Message system.

Governing Law.  The Parties acknowledge that the laws of the State of New York shall apply to this Agreement.  If a dispute arises under this Agreement, then the Parties agree that they shall submit any dispute or seemingly unresolvable issue to mediation.  If the mediation process is unsuccessful in resolving the matters in controversy, then in such event, the Parties shall then have the right to pursue any appropriate legal actions against the other Party in a court

JA-235

of competent jurisdiction. Each Party shall bear its own legal expenses, including but not limited to, court costs, discretionary costs, if any, and any other costs of protecting said Party's interests; provided, however, that costs and expenses incurred pursuant to Section 8 of this Agreement shall not apply.

Entire Agreement. This is the entire agreement of the Parties and supersedes any and all other understandings and/or agreements between the Parties, whether written or oral.

Interpretation. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the interpretation of this Agreement. In this Agreement, unless a contrary intention is specifically set forth, (i) the words "herein", "hereof" and "hereunder" and other words of similar import refer to this Agreement as a whole and not to any particular Article, Section or other subdivision and (ii) reference to any Article or Section means such Article or Section hereof. No provision of this Agreement shall be interpreted or construed against any Party solely because such Party or its legal representative drafted such provision.

Amendment and Assignment. Except as provided in the next sentence of this Section 14, this Agreement may not be amended except by an instrument in writing signed on behalf of all of the Parties. The Distributor may however unilaterally and at anytime by giving notice (in a manner specified in Section 10 herein) to the Sales Company amend the Sales Commissions Schedule that is attached to and made a part of Annex A to this Agreement. The amendment with respect to the Sales Commissions Schedule shall not affect Sales Commissions that shall be due with respect to Products that are sold prior to the date of such amendment but shall be prospectively effective with respect to all sales of Products that occur after the date of such amendment. Neither Party may voluntarily or involuntarily, or directly or indirectly, assign or otherwise transfer this Agreement without the prior written approval of the other Party. Subject to the foregoing sentence, this Agreement is binding upon the Parties hereto and their respective executors, administrators, heirs, assigns and successors in interest.

Counterparts. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all of which shall constitute the same agreement. The signature of any of the Parties may be delivered and made by original, facsimile, portable document format (pdf) or other electronic means capable or creating a printable copy, and each such signature shall be treated as an original signature for all purposes.

Parties in Interest. This Agreement shall be binding upon and inure solely to the benefit of each Party hereto, and nothing in this Agreement, express or implied, is intended to confer upon any other person any rights or remedies of any nature whatsoever under or by reason of this Agreement.

Validity. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the other provisions of this Agreement, which shall remain in full force and effect. If any provision in this Agreement shall be determined invalid, such invalid provision shall be severed from the Agreement but the remainder of the Agreement shall remain in full force and effect.

JA-236

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the Effective Date.

**DISTRIBUTOR:**

CELLULAR SALES OF NEW YORK, LLC

By: _____

Name: Tina Blackburn

Title: President

**SALES COMPANY:**

Apollotrop, LLC

By: _____

Name: William Burrell

Title: President

759384.02

8

**JA-237**

## ANNEX A

## INDEPENDENT SALES REPRESENTATIVE AGREEMENT

I.    The TERRITORY consists of the following counties in the State of New York:

_All NY Counties_

II.    The Sales Company's USA Employer Identification Number is _27-3927709_.

III.    The Sales Company shall be paid Sales Commissions with respect to its sales of Products in accordance with the attached Sales Commissions Schedule:

A-1

**JA-238**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

JAN P. HOLICK, JR., STEVEN MOFFITT,              **ECF CASE**
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL and
TIMOTHY M. PRATT,                                 Case No. 1:13-CV-738
                                                  (NAM/RFT)
                    Plaintiffs, on behalf of
                    themselves and all others    **DECLARATION OF**
                    similarly situated,          **TIMOTHY M. PRATT**

       -against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                        Defendants.
------------------------------------------------------------------

       I, **TIMOTHY M. PRATT**, declare, subject to penalty of perjury and pursuant to 29

U.S.C. § 1746, that the following is true and correct to the best of my personal knowledge,

information, and belief:

       1.      I am a plaintiff in this action. I make this affidavit in response to defendants'

motion to compel arbitration of my claims.

       2.      The complaint alleges that defendants misclassified myself and other similarly

situated individuals working on defendants' behalf as independent contractors rather than

employees prior to January 1, 2012. The complaint alleges that as a result, defendants

deprived us of our guaranteed compensation in violation of the Fair Labor Standards Act (the

"FLSA"), 29 U.S.C. § 201 *et seq.*, the New York State Labor Law (the "Labor Law"), Article

6, § 190 *et seq.*, and Article 19, § 650 *et seq.*, and the New York common law.

                                          1

**JA-239**

3.     Attached as **Exhibit A** is a copy of my current resume, which details my education and employment history. I have redacted my personal e-mail address and phone number for privacy reasons.

4.     I am not a lawyer, and I have never been trained in contract negotiations or the implications of agreeing to arbitration as part of an employment agreement.

5.     My counsel has advised me that defendants Cellular Sales of New York, LLC ("CSNY") and Cellular Sales of Knoxville, Inc. ("CSOKI") assert that my claims must be tried in arbitration rather than federal court because of a provision in a form agreement that myself and every other Sales Representative in New York signed on or about January 1, 2012. This form agreement is called the "Compensation Schedule." I was told by representatives of defendants that I needed to sign the Compensation Schedule to continue work as a Sales Representative for defendants. The Compensation Schedule I signed is attached as Exhibit A-1 to the Declaration of Luke Fletcher dated August 26, 2013 (the "Fletcher Aff.").

6.     Defendants required Sales Representatives to sign the Compensation Schedules as part of the process by which defendants reclassified Sales Representatives' work on defendants' behalf in New York as employees beginning January 1, 2012 (the "Reclassification Process"). Our completion of the Reclassification Process transformed our formal business relationship with defendants.

7.     Defendants required me and all other Sales Representatives who worked for defendants in 2011 to reapply to work as Sales Representatives if we desired to continue to work as Sales Representatives on and after January 1, 2012.

2

**JA-240**

8.     Prior to January 1, 2012, defendants treated and classified all Sales Representative within New York as independent contractors.

9.     Prior to January 1, 2012, defendants' business relationships with Sales Representatives in New York were governed by the terms of an express written contract. Sales Representatives all had to pay our own Federal payroll taxes and were considered exempt from the receiving overtime.

10.     Prior to January 1, 2012, to become a Sales Representative in New York, defendants required individuals to incorporate as limited liability companies or other types of corporate entities ("Sales Companies"). Through the Sales Companies, each Sales Representative was paid their commissions for his or her sale of Verizon Wireless cellular products, services, and accessories on defendants' behalf in New York.

11.     Prior to January 1, 2012, defendants required Sales Representatives through our respective Sales Companies to enter into a form contract with CSNY entitled "Non-Exclusive Independent Sales Agreement." The Non-Exclusive Independent Sales Agreement I signed on behalf of my Sales Company is attached as Exhibit A-3 to the Fletcher Aff.

12.     The Independent Non-Exclusive Sales Agreements signed by Sales Representatives in New York are written form contracts that we did not in any way negotiate over with any defendant. It is my understanding that defendants were the sole drafters of the Independent Non-Exclusive Sales Agreements signed by Sales Representatives throughout New York. In my instance I was provided the document and instructed I needed to sign it in order to work.

3

**JA-241**

13.     The Non-Exclusive Independent Sales Agreements formally governed Sales Representatives' business relationship with defendants prior to January 1, 2012. The Non-Exclusive Independent Sales Agreements expressly confirmed that: (a) our Sales Companies were considered to be independent contractors of CSNY; (b) CSNY would not withhold any taxes with respect to commissions we earned; and (c) CSNY would issue to our Sales Companies Form 1099s stating our gross commissions paid during the year.

14.     In particular, the Non-Exclusive Independent Sales Agreements confirmed that Sales Representatives could immediately go to court to resolve a legal dispute with defendants unless our dispute was with CSNY and the dispute arose under our Non-Exclusive Independent Sales Agreements. Even then, the Agreements said we could go to court over the dispute when it could not be resolved in mediation.

15.     Upon the completion of the Reclassification Process, the formal business relationship between defendants and Sales Representatives in New York was radically altered.

16.     On and after January 1, 2012, Sales Representatives in New York were treated and classified by defendants as their employees.

17.     On and after January 1, 2012, defendants: (a) directly paid Sales Representatives' commissions; (b) withheld Federal payroll taxes from Sales Representatives' commissions; and (c) issued Sales Representatives Form W-2s stating our gross commissions paid during the year.

18.     The Compensation Schedules Sales Representatives executed formally governed our business relationship with defendants on and after January 1, 2012. The Compensation Schedules expressly confirmed that on and after January 1, 2012, Sales

4

**JA-242**

Representatives were considered employees of "Cellular Sales" who would be paid their commissions directly by defendants instead of via their Sales Companies.

19.     The Compensation Schedules also contains the arbitration provision relied on by defendants on their motion seeking to compel my claims that arose during the period of time I worked as a Sales Representative prior to January 1, 2012.

20.     Defendants specifically required Sales Representatives in New York to sign the Compensation Schedule as part of the Reclassification Process to continue to work as a Sales Representative on and after January 1, 2012.

21.     The Compensation Schedules that myself and other Sales Representatives signed are form contracts that we did not in any way negotiate over with any defendant. It is my understanding that defendants were the sole drafters of the Compensation Schedules signed by Sales Representatives throughout New York.   In my instance, I was provided the document and instructed I needed to sign it in order to continue to work as a Sales Representative on and after January 1, 2012.

22.     At the time I signed the Compensation Schedule, I understood that the Compensation Schedule's terms, including its arbitration provision, would not apply to my work on defendants' behalf while I was formally treated by plaintiffs in a completely different manner pursuant to the express terms of a wholly separate and distinct contract, i.e. the Non-Exclusive Independent Sales Agreement.

23.     I also understood that the Compensation Schedule's arbitration provision would not affect my right to commence a lawsuit against defendants for conduct and events

**JA-243**

that occurred prior to January 1, 2012 when defendants treated me as an independent contractor.

24.     At the time I signed the Compensation Schedule, I understood that the Compensation Schedule only applied going forward while I was an employee of defendants and did not seek to govern my prior dealings with defendants when they treated me as an independent contractor.

25.     I came to these understandings based on: (a) communications from representatives of defendants throughout the Reclassification Process, who made clear to Sales Representatives that we in no way were defendants' employees prior to January 1, 2012 because of the Independent Non-Exclusive Sales Agreements; and (b) the fact that the Compensation Schedule only spoke in terms of my employment with "Cellular Sales."

26.     I was repeatedly told by representatives of defendants during the Reclassification Process that "employment" under the Compensation Schedule referred to my business relationship with defendants as a Sales Representative working on their behalf in New York on and after January 1, 2012.

27.     The Reclassification Process began on or about December 19, 2011 and lasted until on or about January 1, 2012.

28.     On December 21, 2011, I received an e-mail regarding the Reclassification Process from John Harris, an employee of defendants. Mr. Harris sent the e-mail to Sales Representatives throughout New York. Mr. Harris described the Reclassification process as the "transition to employee status at Cellular Sales." Attached as **Exhibit B** is a copy of the

6

**JA-244**

December 21, 2011 e-mail Mr. Harris sent to me and other Sales Representatives in New York.

29.     On December 21, 2011, I received an e-mail regarding the Reclassification Process from Luke Fletcher, defendants' Regional Manager for CSNY. Mr. Fletcher described the Reclassification Process as Sales Representatives "hav[ing] signed up for employment" and Sales Representatives' tax burdens on their commissions beginning on January 1, 2012. Attached as **Exhibit C** is a copy of the December 21, 2011 e-mail Mr. Fletcher sent to me and other Sales Representatives throughout New York.

30.     On December 24, 2011, I received an e-mail regarding the Reclassification Process from Todd Bailey, a Sales Representative who had been appointed by defendants as a Team Leader and a representative of Cellular Sales management in stores within the Albany and Hudson Regions of defendants' New York business. Mr. Bailey advised us that "[i]t's crucial to your employment that you fill out the online request to work here...." Attached as **Exhibit D** is a copy of the December 24, 2011 e-mail that Mr. Bailey sent to me and other Sales Representatives working at stores within defendants' Albany and Hudson Regions.

31.     On December 28, 2011, I received an e-mail regarding the Reclassification Process from Tina Musil, an administrative employee of defendants. Ms. Musil sent the e-mail to Sales Representatives throughout New York and designated the importance level of the e-mail as "High." Ms. Musil emphasized to us that Sales Representatives "are not currently an employee of Cellular Sales-- you are CONTRACTED with Cellular Sales; you are an employee of your own company (LLC or Corp.)." Ms. Musil emphasized to us that defendants did not consider Sales Representatives as employees prior to January 1, 2012 in

7

**JA-245**

the context of trying to ensure that Sales Representatives "answer[ed] questions correctly on the Employment Application" they needed to complete during the Reclassification Process to continue to work as Sales Representatives on and after January 1, 2012. Attached as **Exhibit E** is a copy of the December 28, 2011 e-mail Ms. Musil sent to me and other Sales Representatives throughout New York.

32.    On December 30, 2011, I received an e-mail regarding the Reclassification Process from Luke Fletcher, defendants' Regional Manager for CSNY. Mr. Fletcher sent the e-mail to Sale Representatives throughout New York State. Mr. Fletcher explained to us that the commissions that we earned for our work as Sales Representatives on defendants' behalf would be paid upon the completion of the Reclassification Process. Mr. Fletcher stated that our Sales Companies would be paid out to our Sales Companies in January and February of 2012 even though we would now be W-2 employees of defendants in those months. Attached as **Exhibit F** is a copy of the December 30, 2011 e-mail Mr. Fletcher sent to me and other Sales Representatives throughout New York.

33.    On December 30, 2011, I received an e-mail regarding the Reclassification Process from Nicole Torchio, an administrative employee of defendants. Ms. Torchio sent the e-mail to Sales Representatives throughout New York State. Ms. Torchio explained to us the tax implications on our commissions based on "this new transition to employee" through the Reclassification Process. Attached as **Exhibit G** is a copy of the December 30, 2011 e-mail Ms. Torchio sent to me and other Sales Representatives throughout New York.

8

**JA-246**

34.     Based on the above facts, I respectfully request that this Court deny defendants' motion to compel arbitration of my claims.

11/29/13
**DATE**

**TIMOTHY M. PRATT**

**JA-247**

# Exhibit A

# TIMOTHY M. PRATT

## EDUCATION
- State University of New York Empire State College, Saratoga Springs, NY
  (Expected Graduation: 2015) – Masters in Business Administration

- Intensa Spanish Language School, San Jose, Costa Rica
  (2005) – Spanish Language Certificate

- State University of New York at Oswego, Oswego, New York
  (1998) – Bachelor of Science: Business Administration and Economics

## PROFESSIONAL EXPERIENCE
**American Fiber Packaging**, Tucker, GA (08/13 – Present)
Marketing
- Responsible for environmental scanning, industry analysis, and executive reporting.
- Create and manage marketing plan and execution of marketing strategy and brand management.
- Develop sales processes for all sales channels, write copy for all marketing and sales material.

**Cellular Sales, Verizon Wireless Premium Authorized Retailer**, South GA (3/06 – 10/07) Upstate NY (5/10 – 8/12)
Account Executive
- Provided wireless solutions for personal and small business customers.
- Negotiated pricing and sold service contracts and equipment on a 100% commission basis.
- Exceed goals for service activations, contract upgrades, accessory sales, and data service sales each month.
- Managed customer service and provided technical support (every customer of mine has my cell phone number).
- Trained new employees on Verizon Wireless services, equipment pricing, procedures, and sales techniques.

**Cellular Center, Verizon Wireless Premium Authorized Retailer**, Austin, TX (1/08 – 11/08)
Store Manager
- Drove sales team to achieve key performance objectives through training, coaching, and side by side selling.
- Made decisions regarding hiring, promotions, and disciplinary action.
- Managed retail inventory, merchandising, local advertising, customer service, and lead generation initiatives.
- Managed store budget, employee sales reporting, prepared monthly operations slides, and presented to executives.

**Nextel, Retail Stores Division**, Reston, VA 11/02 – 5/05)
Financial Analyst
- Responsible for all financial reporting for over 750 retail stores, 70 districts, and 7 regions.
- Prepared presentations, executive reports, and performed ad hoc analysis.
- Constructed a statistical model to score weighted components for manager performance.
- Calculated ROI for media expenditures through analysis of retail sales.
- Created model for testing optimum lease agreements with graphing capability to forecast ROI.
- Built database to automate store P&L reporting.

**Worldcom, Telco Accounting Group**, Ashburn, VA (12/00 – 5/02)
Financial Analyst
- Calculated monthly accruals of $15M and monitored variances in rates and volume.
- Designed a database to alleviate redundant billing and vendor payment.
- Provided rate analysis for least cost scenarios.
- Analyzed rates and reviewed the FCC tariff library to assist the legal group with litigation.

**Net.com, Federal Sales Division**, Vienna, VA (11/99 – 12/00)
Staff Accountant
- General ledger account reconciliation and financial statement preparation.
- Accounts receivable, accounts payable, and inventory.

**Burson-Marsteller, Public Relations Accounting**, Washington, DC (10/98 – 11/99)
Financial Administrator
- Managed accounts payables and accounts receivables for a handful of Fortune 500 accounts.

**JA-249**

# Exhibit B

8/20/12                                         FAQ's For Employment Transition

## FAQ's For Employment Transition
**John Harris**
Sent:        Wednesday, December 21, 2011 6:50 PM
To:          John Harris
Importance:High


Cellular Sales Dealers,

Thank you for sending us all of your questions regarding your transition to employee status at Cellular Sales. Your questions have been submitted to Human Resources and are in the process of being answered on the Discussion Board.  Please see the thread titled "FAQ'S FOR EMPLOYMENT TRANSITION" for answers to the most commonly asked questions.

If you have further questions, please continue to submit them to hr@ cellularsales.com.  This will ensure that they are seen by the appropriate persons and prevent duplicate questions from being posted.

As always, feel free to contact me any time with questions, concerns or comments.

Have a good night,

-John

--
John Harris
Dealer Services | Cellular Sales
865-567-1881
John.Harris@cellularsales.com

www.joincellularsales.com

**JA-251**

# Exhibit C

8/20/12                      Big Email concerning Tax Question for 2012! (Please Read)

# Big Email concerning Tax Question for 2012! (Please Read)
Luke Fletcher
Sent:Wednesday, December 21, 2011 11:59 AM
To:   UN Dealers

Team,

 The feedback from UN about the changes happening January 1st has been overwhelmingly positive! Most dealers in UN have signed up for employment through the link that Tim sent out to you all yesterday.If you have not, please do so today! Many of you have had good questions and I believe we have been able to supply most of the answers to you promptly. More will be revealed in the next two weeks regarding 401k and insurance. Stay tuned.

 The biggest question and concern that has been raised to me was regarding the tax rate that will apply to each of you individually starting January 1st. Many reps were concerned that the tax rates which would be withheld would end up around 42% which is the maximum tax rate in NY by tax law. Yesterday I spoke with accountants and our CFO Julie Dean and we have the answer for you today on that large question. That answer is positive!

 I have pasted below part of the email Julie sent to me explaining this from the NY tax code itself. If a company pays an employee a base pay plus a supplemental commission or bonus the commission or bonus piece is taxed 9.77% by NY state and 25% by the federal government before anything else is withheld which averages out around 42% total. This will not be the case with employees of Cellular Sales doing inside or outside sales. Since the commissions being paid are not supplemental but the entire pay to the employee, the standard rate of taxes as determined by your W-4 will be withheld.

 The link http://www.paycheckcity.com/calculators.htm is to to a helpful website that can give you an estimation of what will be withheld from your paycheck based on the selections you make on your W-4. Please consult your accountant with any further questions and I hope this helps!
Luke


This is from your NT document:


"If you pay supplemental wages (bonuses, commissions, overtime pay, sales awards, ect.) with regular wages but do not specify the amount of each, withhold income tax as if the total were a single payment from a regular payroll period.


Meaning, the higher NY rate of 9.77% or the flat 25% for federal will not be applied.  But the regular rate as determined by your W-4.

This is from the IRS attachment.  We will not be breaking out a regular salary from commissions, so there will only be one and it will be taxed as regular pay.


Luke Fletcher

Cellular Sales of Knoxville, Inc.

https://exchange.cellularsales.com/owa/?ae=Item&t=IPM.Note&id=RgAAAACIl1%2bMU3ozQo98OtE7oK...

**JA-253**

# Exhibit D

8/20/12                                    Important***

# Important***

**Todd Bailey**
Sent:Saturday, December 24, 2011 8:17 AM
To:   UNAlbany; UNHudson

Team
It's going to be crucial to your employment that you fill out the online request to work here and at the very end you make sure you click the continue buttons properly so that it's executed.   Please work on those forms of ID for Nicholei Passport seems to be the best but birth cert, soc sec card etc all work.
Also we need to help out team Canada up in the North Country.    Anyone able to help out through January please get with Sandy and Myself.

That's all, very important that we're on it! Happy Holidays enjoy yourselves!!

Todd Bailey
Wireless Consultant
Cellular Sales-Verizon Wireless
518-605-9423
Todd.Bailey@cellularsales.com

**JA-255**

**Exhibit E**

8/20/12                                  RE: OnBoarding Employee Application Form

# RE: OnBoarding Employee Application Form
## Tina Musil
Sent:        Wednesday, December 28, 2011 6:15 AM
To:          UN Dealers
Importance:High

Everyone please make sure you answer the Y/N questions correctly on the Employment Application.

You are not currently an employee of Cellular Sales-- you are CONTRACTED with Cellular Sales; you are an employee of your own company (LLC or Corp).

Let me know if you have any questions on this.

Thanks,


Tina Musil

Office Manager

Cellular Sales NY

315-552-7043

**JA-257**

# Exhibit F

8/20/12                                    Big Answer!

# Big Answer!
Luke Fletcher
Sent:Friday, December 30, 2011 5:20 PM
To:   UN Dealers

Team,
    Many dealers have asked me about how everyones November and December commissions will be paid. Here is the
basic answer. November and December commissions that will be paid out in January and February will be paid out to
your sales companies. January commissions paid out in March will be paid out to you personally. Any draw taken from
any month in 2011 will be paid to your sales companies. Any draw paid out of 2012 commissions will be paid to you
personally. If you have questions on this please email me!
Luke


Luke Fletcher

Cellular Sales of Knoxville, Inc.

Mobile: 704-796-6939

luke.fletcher@cellularsales.com

                                                            **JA-259**

# Exhibit G

8/20/12                                    TAX QUESTION: 2012

## TAX QUESTION: 2012
### Nichole Torchio
Sent :Friday, December 30, 2011 5:28 PM
To:   UN Dealers
Cc:   Luke Fletcher; Tim Blackburn

TEAM,

LUKE SENT THIS EMAIL BEFORE...MANY PEOPLE SAID THEY NEVER GOT IT, BUT LET ME GIVE YOU THE ABRIDGED VERSION.

### THIS NEW TRANSITION TO EMPLOYEE DOES NOT MEAN A 42% TAXED CHECK [THE ONLY TIME THIS HAPPENS IS WHEN YOU ARE HOURLY PLUS COMMISSION, WHICH WE ARE NOT]

### WE WILL BE TAXED THE SAME AS HOURLY WAGES ARE TAXES AT 22% [WE ARE NOT HOURLY PLUS COMMISSION, WE ARE PAID FULL COMMISSION WHICH IS THEN CONSIDERED A WAGE, NOT A COMMISSION--THEREFORE ITS THE LOOPHOLE]

WHAT YOU FILE/CLAIM ON YOU TAXES IS UP TO YOU AND YOUR ACCOUNTANT. ASK THEM!

DID ANYONE MENTION THAT YOU ALL STILL HAVE BUSINESS TAX ID'S YOU STILL OWN AND CAN DO SOMETHING WITH FOR A TAX BREAK? AGAIN, ASK YOUR ACCOUNTANT!

IVE BEEN TALKING WITH A LOT OF PEOPLE AND THIS IS STILL VERY CONFUSING FOR THEM. PLEASE REACH OUT TO LUKE IF YOU HAVE AN QUESTIONS.

DISCLAIMER:THIS EMAIL WAS IN NO, WAY SHAPE OR FORM, LEGAL TERMS...I JUST WANTED TO DELIVER IT AS STRAIGHT FOWARD AS POSSIBLE. :)

THANKS,

NICHOLE

---

From: Luke Fletcher
Sent: Wednesday, December 21, 2011 11:59 AM
To: UN Dealers
Subject: Big Email concerning Tax Question for 2012! (Please Read)

Team,
    The feedback from UN about the changes happening January 1st has been overwhelmingly positive! Most dealers in UN have signed up for employment through the link that Tim sent out to you all yesterday.If you have not, please do so today! Many of you have had good questions and I believe we have been able to supply most of the answers to you promptly. More will be revealed in the next two weeks regarding 401k and insurance. Stay tuned.
    The biggest question and concern that has been raised to me was regarding the tax rate that will apply to each of you individually starting January 1st. Many reps were concerned that the tax rates which would be withheld would end up around 42% which is the maximum tax rate in NY by tax law. Yesterday I spoke with

·//exchange.cellularsales.com/owa/?ae=Item&t=1PM.Note&id=RgAAAACiI1%2bMU3ozQo98OtE7oK...

## JA-261

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAN P. HOLICK, JR., STEVEN MOFFITT,**
**JUSTIN MOFFITT, GURWINDER SINGH,**
**JASON MACK, WILLIAM BURRELL**
**and TIMOTHY M. PRATT,**

<p style="text-align:center">Plaintiff,</p>

v.                                        **1:12-CV-00584 (NAM/CFH)**

**CELLULAR SALES OF NEW YORK, LLC, and**
**CELLULAR SALES OF KNOXVILLE, INC.,**

<p style="text-align:center">Defendant.</p>

---

**APPEARANCES:**

Gleason, Dunn, Walsh & O'Shea
Daniel A. Jacobs, Esq.
40 Beaver Street
Albany, New York 12207
For Plaintiffs

Chamberlain, Hrdlicka, White,
Williams & Aughtry, P.C.
C. Larry Carbo, III, Esq.
Julie R. Offerman, Esq.
1200 Smith Street, Suite 1400
Houston, Texas 77002
For Defendants

Hinman Straub, P.C.
Joseph M. Dougherty, Esq.
121 State Street
Albany, New York 12207
For Defendants

**Hon. Norman A. Mordue, Senior United States District Judge:**

## ORDER

In a order entered on March 29, 2013, the Court compelled mediation and, rather than stay proceedings pending completion of mediation, dismissed without prejudice plaintiffs' claims for compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law ("NYLL") N.Y. Labor Law Art. 6, § 190 et seq., and New York Common Law. Dkt. No. 38. Plaintiffs appealed. Dkt. No. 40.

Because the parties completed mediation while the appeal was pending, the Second Circuit dismissed as moot "that part of the appeal challenging the district court's order compelling mediation." *Holick v. Cellular Sales of New York, LLC*, 559 F. App'x 40, 42 (2d Cir. 2014). The Second Circuit, however, vacated the order of dismissal and remanded the case for further proceedings because of the potential statute of limitations bar to refiling the complaint:

> While plaintiffs, in opposing 12(b)(1) dismissal, alerted the district court to possible statute of limitations concerns, we cannot confidently conclude on the record before us that plaintiff had notice and opportunity to alert the district court that these concerns also pertained to dismissal without prejudice pending mediation. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (stating that court generally "may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard"); *accord Mojias v. Johnson*, 351 F.3d 606, 610–11 (2d Cir. 2003). Nor can we conclude that the district court ever considered any limitations bar in ordering dismissal. Accordingly, we vacate the order of dismissal without prejudice and remand to the district court for further proceedings consistent with this order.

*Id.* at 43.

In a Text Order entered on April 17, 2014, the Court directed the parties to submit briefs addressing the impact of the Second Circuit's mandate. Dkt. No. 43. Defendants maintain that "the Court properly exercised its discretion in dismissing Plaintiffs' claims without prejudice" because "Plaintiffs could have avoided the alleged time-barring issues had [they] simply

-2-

**JA-263**

submitted their claims to mediation before filing this lawsuit as they agreed under their contracts with Cellular Sales." Dkt. No. 44. Plaintiffs assert that the Court should "dismiss Cellular Sales'[s] motion to compel mediation as moot" and "proceed with Plaintiffs' claims under the [FLSA]", which "should be deemed to relate-back to the date of this action's commencement on April 4, 2012." Dkt. No. 46.

As stated, the Second Circuit dismissed as moot plaintiffs' appeal of the Court's order compelling mediation. Thus, that order remains intact. The Second Circuit only vacated the judgment to the extent it dismissed the complaint. Defendants urge the Court to reconsider dismissing this action based on plaintiffs failure to submit to mediation prior to filing this lawsuit. The Court declines to do so, however, in view of the statute of limitations that may bar plaintiffs from refiling their claims even if they are dismissed without prejudice. Mediation is complete, thus there is no impediment to the progression of this case.

Because this case and *Holick v. Cellular Sales of New York, LLC*, 1:13-cv-00738, share a "common question of law or fact", the Court consolidates them pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and assigns United States Magistrate Judge Christian F. Hummel as the Magistrate Judge for both cases.

Accordingly, it is

**ORDERED** that this case be reopened in accordance with the Second Circuit's Mandate vacating the Judgment entered on March 29, 2013 (Dkt. No. 39); and it is further

**ORDERED** in the interests of economy and avoidance of unnecessary duplication of effort and litigation expense, this action 1:12-CV-00584(NAM/CFH) is hereby consolidated with 1:13-CV-00738(NAM/RFT). This action, 1:12-CV-00584(NAM/CFH), is now designated as the

-3-

**JA-264**

lead case and the action subsequently commenced by the plaintiffs, 1:13-CV-00738(NAM/RFT), is designated as the member case, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to later apply to the assigned trial judge for an order consolidating the cases for trial. **ALL FUTURE FILINGS MUST BE FILED ONLY IN THE LEAD CASE,1:12-CV-00584(NAM/CFH). NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE, 1:13-CV-00738(NAM/RFT)**, and it is further

**ORDERED** that in view of the substantial involvement of United States Magistrate Judge Randolph Treece in handling discovery matters in the member case, 1:13-CV-00738, the Clerk of the Court is directed to assign lead case, 1:12-CV-00584(NAM/CFH) to United States Magistrate Judge Treece.

**IT IS SO ORDERED.**

Date:   October 21, 2014

Norman A. Mordue
Senior U.S. District Judge

-4-

JA-265

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL
and TIMOTHY M. PRATT,

                      Plaintiff,

v.                                         1:12-CV-00584 (NAM/CFH)

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                      Defendant.

---

**APPEARANCES:**

Gleason, Dunn, Walsh & O'Shea
Daniel A. Jacobs, Esq.
40 Beaver Street
Albany, New York 12207
For Plaintiffs

Chamberlain, Hrdlicka, White,
Williams & Aughtry, P.C.
C. Larry Carbo, III, Esq.
Julie R. Offerman, Esq.
1200 Smith Street, Suite 1400
Houston, Texas 77002
For Defendants

Hinman Straub, P.C.
Joseph M. Dougherty, Esq.
121 State Street
Albany, New York 12207
For Defendants

**Hon. Norman A. Mordue, Senior United States District Judge:**

## ORDER

In a order entered on March 29, 2013, the Court compelled mediation and, rather than stay

proceedings pending completion of mediation, dismissed without prejudice plaintiffs' claims for

compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York

Labor Law ("NYLL") N.Y. Labor Law Art. 6, § 190 et seq., and New York Common Law. Dkt.

No. 38. Plaintiffs appealed. Dkt. No. 40.

Because the parties completed mediation while the appeal was pending, the Second

Circuit dismissed as moot "that part of the appeal challenging the district court's order

compelling mediation." *Holick v. Cellular Sales of New York, LLC*, 559 F. App'x 40, 42 (2d Cir.

2014). The Second Circuit, however, vacated the order of dismissal and remanded the case for

further proceedings because of the potential statute of limitations bar to refiling the complaint:

> While plaintiffs, in opposing 12(b)(1) dismissal, alerted the district court to possible
> statute of limitations concerns, we cannot confidently conclude on the record before
> us that plaintiff had notice and opportunity to alert the district court that these
> concerns also pertained to dismissal without prejudice pending mediation. *See
> Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (stating that court generally "may
> not dismiss an action without providing the adversely affected party with notice and
> an opportunity to be heard"); *accord Mojias v. Johnson*, 351 F.3d 606, 610–11 (2d
> Cir. 2003). Nor can we conclude that the district court ever considered any
> limitations bar in ordering dismissal. Accordingly, we vacate the order of dismissal
> without prejudice and remand to the district court for further proceedings consistent
> with this order.

*Id.* at 43.

In a Text Order entered on April 17, 2014, the Court directed the parties to submit briefs

addressing the impact of the Second Circuit's mandate. Dkt. No. 43. Defendants maintain that

"the Court properly exercised its discretion in dismissing Plaintiffs' claims without prejudice"

because "Plaintiffs could have avoided the alleged time-barring issues had [they] simply

-2-

**JA-267**

submitted their claims to mediation before filing this lawsuit as they agreed under their contracts with Cellular Sales." Dkt. No. 44. Plaintiffs assert that the Court should "dismiss Cellular Sales'[s] motion to compel mediation as moot" and "proceed with Plaintiffs' claims under the [FLSA]", which "should be deemed to relate-back to the date of this action's commencement on April 4, 2012." Dkt. No. 46.

As stated, the Second Circuit dismissed as moot plaintiffs' appeal of the Court's order compelling mediation. Thus, that order remains intact. The Second Circuit only vacated the judgment to the extent it dismissed the complaint. Defendants urge the Court to reconsider dismissing this action based on plaintiffs failure to submit to mediation prior to filing this lawsuit. The Court declines to do so, however, in view of the statute of limitations that may bar plaintiffs from refiling their claims even if they are dismissed without prejudice. Mediation is complete, thus there is no impediment to the progression of this case.

Because this case and *Holick v. Cellular Sales of New York, LLC*, 1:13-cv-00738, share a "common question of law or fact", the Court consolidates them pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and assigns United States Magistrate Judge Christian F. Hummel as the Magistrate Judge for both cases.

Accordingly, it is

**ORDERED** that this case be reopened in accordance with the Second Circuit's Mandate vacating the Judgment entered on March 29, 2013 (Dkt. No. 39); and it is further

**ORDERED** in the interests of economy and avoidance of unnecessary duplication of effort and litigation expense, this action 1:12-CV-00584(NAM/CFH) is hereby consolidated with 1:13-CV-00738(NAM/RFT). This action, 1:12-CV-00584(NAM/CFH), is now designated as the

-3-

lead case and the action subsequently commenced by the plaintiffs, 1:13-CV-00738(NAM/RFT),

is designated as the member case, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure,

solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to

later apply to the assigned trial judge for an order consolidating the cases for trial. **ALL**

**FUTURE FILINGS MUST BE FILED ONLY IN THE LEAD CASE,1:12-CV-**

**00584(NAM/CFH). NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER**

**CASE, 1:13-CV-00738(NAM/RFT)**, and it is further

     **ORDERED** that in view of the substantial involvement of United States Magistrate Judge

Randolph Treece in handling discovery matters in the member case, 1:13-CV-00738, the Clerk of

the Court is directed to assign lead case, 1:12-CV-00584(NAM/CFH) to United States Magistrate

Judge Treece.

     **IT IS SO ORDERED.**

     Date:   October 21, 2014

                          Norman A. Mordue
                          Senior U.S. District Judge

**JA-269**